MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(*pro hac vice forthcoming*)
brian.ercole@morganlewis.com
Matthew M. Papkin
(*pro hac vice forthcoming*)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, and DRO ESRAEILI ESTEPANIAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant | Case No. 4:23-cv-03878-YGR<br><br>**DEFENDANT TESLA, INC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge:        Hon. Yvonne Gonzalez Rogers<br><br>Compl. Filed:  August 2, 2023<br><br>[Related cases:<br><br>*Alejandro Corona and Cabanillas & Associates, P.C. v. Tesla, Inc.*, Northern District of California, Case No. 3:23-cv-03902-VKD<br><br>and<br><br>*Samuel Van Diest and Sergy Khalikululov, on behalf of themselves and all others similarly situated*, Northern District of California, Case No. 4:23-cv-04098] |

Pursuant to Northern District Civil Local Rule 3-12 and 7-11, Defendant Tesla, Inc. ("Tesla") submits this administrative motion to deem this action related to two later-filed actions captioned: (1) *Alejandro Corona and Cabanillas & Associates, P.C., on behalf of themselves and the general public v. Tesla, Inc.*, Case No. 3:23-cv-03902 (N.D. Cal.), filed August 3, 2023 ("the *Corona* Action"); and (2) *Samuel Van Diest and Sergy Khalikululov, on behalf of themselves and all others similarly situated*, Case No. 3:23-cv-04098 (N.D. Cal.), filed August 11, 2023 ("the *Van Diest* Action"). Attached as **Exhibit A** is a copy of the Complaint filed in the *Corona* Action. Attached as **Exhibit B** is a copy of the Complaint filed in the *Van Diest* Action.

Prior to the filing of this Motion, Counsel for Tesla contacted Counsel for Plaintiffs in this Action, Adam Edwards, to discuss this Motion. Mr. Edwards stated that Plaintiffs do not oppose the Motion, including that the *Corona* and *Van Diest* Actions are related to this one and should be reassigned to this Court pursuant to Local Rule 3-12.

Under Local Rule 3-12(a), an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Id.* Both requirements are met here.[1]

***First***, this Action, the *Corona* Action, and the *Van Diest* Action concern substantially similar parties, factual allegations, vehicles, and claims:

- Tesla is the sole defendant in all three cases, which are brought by owners of Tesla vehicles purportedly on behalf of themselves and others, including putative classes (this Action and the *Van Diest* Action) and the public (*Corona* Action);

- All three actions arise from the same set of alleged facts. Plaintiffs in each case allege that they purchased Tesla vehicles between 2018 and 2023. Dkt. No. 1 (Plaintiffs' Complaint), ¶¶ 12-14; Ex. A, ¶¶ 8-9; Ex. B ¶¶ 45, 54. Plaintiffs in each case assert claims based upon allegedly inaccurate representations by Tesla regarding the driving

---

[1] By filing this motion, Tesla is not waiving any defenses to these cases, including that plaintiffs have not stated a valid claim, that the claims are subject to arbitration, and that any claims cannot be brought and are not suitable for resolution on behalf of a class.

range of its vehicles. *See* Dkt. No. 1 ¶ 1 (alleging that action "arises out of Tesla's false advertising of its electric vehicle range"); Dkt. No. 1, ¶ 1 (alleging that action seeks "public injunctive relief arising from Tesla's . . . practice of misrepresenting to consumers the mileage driving range of its electric vehicles"); Ex. B, ¶ 15 (alleging that "essence" of case is that "Tesla misrepresents the battery range of its automobiles to prospective buyers");

- All three actions arise from the same newspaper article regarding Tesla vehicle ranges, which was published within a week before these cases were filed. *See* Dkt. No. 1 ¶ 59 (citing 7/27/23 Reuters article); Ex. A, ¶ 14 (citing to same article); Ex. B, ¶ 29 (citing to same article same);

- All three actions assert consumer protection claims, including a claim under California's Unfair Competition Law ("UCL"), and pursue relief under the UCL. *See* Dkt. No. 1 ¶¶ 232-241 (UCL claim); Ex. A, ¶¶ 19-31 (UCL claim); Ex. ¶¶ 79-93 (UCL claim). Moreover, nearly all claims asserted in the *Van Diest* Action have been asserted in this case. *Compare* Ex. A ¶¶ 79-141 (asserting UCL, CLRA, FAL, breach of express warranty, breach of implied warranty, and breach of contract claims) *with* Dkt. No. 1 ¶¶ 165 (asserting UCL, CLRA, FAL, breach of implied warranty, breach of express warranty, MMWA, unjust enrichment, negligent misrepresentation, and fraud claims);

- This Action and the *Van Diest* Action assert overlapping classes. Dkt. No. 1 (Plaintiffs' Complaint), ¶ 154 (class definition covers all persons in California who purchased various Tesla vehicles); Ex. B, ¶ 63 (class definition covers all persons who purchased or leased a Tesla vehicle within applicable statute of limitations and a subclass of California purchasers and lessees). In addition, one of the two *Corona* plaintiffs is a member of the putative class asserted in this Action, and both are members of the putative class asserted in the *Van Diest* Action. Ex. A, ¶¶ 8-9 (*Corona*

2
DEFENDANT TESLA, INC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12

plaintiffs are a California resident who owns a 2023 Model Y vehicle and a New York law firm that purchased a 2018 Model X vehicle);

- Two cases were filed within one day of each other—August 2, 2023 (this Action) and August 3, 2023 (*Corona* Action)—following the publication of a newspaper article about the driving range of Tesla vehicles. The third case (the *Van Diest* Action) was filed less than ten days later; and

- Plaintiffs in the *Van Diest* Action (the one most recently filed) correctly allege that case is related to this Action. Ex. B, ¶ 14.

**Second**, given the substantial overlap between the three matters, both judicial economy and party resources would be best served by assignment to a single District Judge. It would be grossly inefficient and burdensome for three judges to separately evaluate and address similar legal issues arising out of plaintiffs' similar factual allegations against the same defendant. In addition, consolidation will avoid the risk of potentially inconsistent rulings and results.

Accordingly, Tesla respectfully requests that the Court find that this Action, the *Corona* Action, and the *Van Diest* Action are related cases and direct the Clerk to reassign the *Corona* and *Van Diest* Actions to this Court. Tesla does not consent to consolidating these matters for trial.

Dated: August 22, 2023

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Brian M. Ercole
Mark A. Feller
Matthew M. Papkin

By  /s/ *David L. Schrader*
         David L. Schrader

*Attorneys for Defendant Tesla, Inc.*