| | |
|---|---|
| Adam A. Edwards*<br>aedwards@milberg.com<br>William A. Ladnier (CA Bar No. 330334)<br>wladnier@milberg.com<br>Virginia Ann Whitener*<br>gwhitener@milberg.com<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>Tel: (865) 247-0080<br>Fax: (865) 522-0049<br>Mitchell Breit*<br>mbreit@milberg.com<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>405 E. 50th Street<br>New York, NY 1002<br>Tel: (347) 668-8445<br>* *Admitted pro hac vice*<br>*Attorneys for Plaintiffs and the Proposed Classes* | **MORGAN, LEWIS & BOCKIUS, LLP**<br>David L. Schrader (SBN 149638)<br>*david.schrader@morganlewis.com*<br>300 South Grand Ave., 22nd Floor<br>Los Angeles, CA 90071<br>Phone: (213) 612-2500<br><br>Mark A. Feller (SBN 319789)<br>*mark.feller@morganlewis.com*<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Phone: (415) 442-1000<br><br>Brian M. Ercole (admitted *pro hac vice*)<br>brian.ercole@morganlewis.com<br>Matthew M. Papkin (*phv* motion forthcoming)<br>matthew.papkin@morganlewis.com<br>600 Brickell Ave., Suite 1600<br>Miami, Florida 33131<br>Phone: (305) 415-3000<br>***Attorneys for Defendant Tesla, Inc.*** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, DRO ESRAEILI ESTEPANIAN, DENNIS ROMANEZ, ARTEM KUPRIIETS, NEIL KREUZER, WAFAY NADIR, and KENNETH BROWN, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>TESLA, INC.,<br><br>  Defendant. | Case No.  4:23-cv-03878-YGR<br><br>**26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT [FED. R. CIV. P. 26(F)(2); N.D. CAL. CIV. L.R. 16-9]**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers<br>CMC:    November 6, 2023<br>Time:    9:30 a.m. |

Plaintiffs James Porter, Bryan Perez, Dro Esraeili Estepanian, Dennis Romanez, Artem Kupriiets, Neil Kreuzer, Wafay Nadir, and Kenneth Brown ("Plaintiffs") and Defendant Tesla, Inc. ("Tesla"), jointly submit this 26(f) Report and Case Management Conference Statement pursuant Fed. R. Civ. P. 26(f)(2) and the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

A.  **Jurisdiction and Service**

*Plaintiffs' Statement*

Plaintiffs filed and served their Class Action Complaint, ECF No. 1, on August 2, 2023, and filed their First Amended Class Action Complaint ("FAC"), ECF No. 35, on October 23, 2023. Plaintiffs do not believe that any outstanding issues exist regarding personal jurisdiction, service of process, and venue. And there are no unserved defendants. Plaintiffs believe that this Court has subject matter jurisdiction to adjudicate the claims raised in the FAC. Jurisdiction in this case is based on 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs; there are more than 100 putative class members; and at least one putative class member is from a state different from Tesla.

*Defendant's Statement*

Tesla contends Plaintiffs cannot meet their burden of demonstrating subject matter jurisdiction. Plaintiffs' claims, if they chose to pursue them, belong in arbitration pursuant to applicable arbitration agreements. Plaintiffs' claims are also preempted by federal law. In addition, Tesla disputes that any Plaintiff has experienced a cognizable injury or can otherwise satisfy the requirements for Article III standing.

B.  **Facts**

*Plaintiffs' Statement of Facts*

Plaintiffs, individually and on behalf of a putative nationwide class and California, Florida, Illinois, Massachusetts, New York, and Washington state classes, allege that Tesla falsely advertised the range capabilities of its electric vehicles. Plaintiffs allege that the advertised range of Tesla model vehicles are exaggerated and not based on normal driving conditions, and that Tesla's advertising of the range capabilities of its vehicles fail to warn consumers of these facts.

(Am. Compl. ¶¶ 67, 72, 112-14). These facts, as alleged, track information reported in a July 27, 2023 *Reuters* article. (*Id.* ¶ 68). Plaintiffs also allege that Tesla, in fact, uses algorithms in its vehicles' software to present "rosy" and exaggerated range projections to the driver. (*Id.* ¶¶ 69-71, 116). As Plaintiffs allege, Tesla was aware that its vehicles' range capabilities fell below the range capabilities advertised to consumers. (*Id.* ¶¶ 112-13, 117-18). Had Tesla truthfully revealed that the advertise range capabilities of its vehicles were exaggerated and/or not based on normal, real-world driving conditions, consumers—including each of the named Plaintiffs—would not have purchased their Tesla vehicles, or else would have paid substantially less for them. (*Id.* ¶¶ 125, 137, 149, 160, 172, 184, 197, 211, 221).

Additionally, as Plaintiffs allege, Tesla took steps to summarily dispose of customer complaints expressing concern or dissatisfaction with the range experienced in their vehicles, as compared to the exaggerated range capabilities Tesla advertised. (*Id.* ¶¶ 90-101). When driving under normal conditions, Tesla vehicle owners regularly received ranges below the advertised range capabilities. As customers grew concerned that their vehicle may be defective or be in need of repair, customers used Tesla's app to voice complaints and to schedule service appointments. (*Id.* ¶¶ 6, 88). However, as Plaintiffs allege, Tesla faced so many such complaints and service requests that it created a "Diversion Team," whose sole purpose was to "divert" customers away from service appointments and summarily dispose of range-related complaints. (*Id.* ¶¶ 91-92). The "Diversion Team" ran remote diagnostics, explained to customers that their complaints were not valid, and refused and canceled customers' requested service appointments. (*Id.* ¶¶ 93-95). Plaintiffs allege that, through this practice, Tesla refused to confirm whether a complaining customer's vehicle was defective when they voiced concern about the range they experienced. (*Id.* ¶¶ 100-01). Plaintiffs allege that this behavior violated Tesla's various warranties. (*Id.* ¶¶ 102-11).

Plaintiffs disagree that this forum is inappropriate for adjudicating their claims. The determination whether to arbitrate Plaintiffs' claims outside this forum is a fact-specific inquiry, and Plaintiffs contend that arbitration may be inappropriate. Plaintiffs disagree with Tesla's contention that their claims "lack merit" or that any of their claims are preempted by applicable federal law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Defendant's Statement of Facts*

Plaintiffs' lawsuit challenges Tesla's EPA-approved estimates regarding the driving range of its electric vehicles. The testing and disclosure of estimated fuel economy and vehicle ranges for new vehicles sold in the United States are governed by a comprehensive federal regulatory scheme that Congress developed through the Energy Policy and Conservation Act of 1975. The EPA and FTC enforce this regulatory scheme. The EPA sets forth an approved process for calculating these fuel economy and EV range estimates. Once a manufacturer submits data for review, the EPA must determine whether the data is "reasonable and representative," and may accept it, require additional manufacturer testing, or perform its own confirmatory testing. The EPA makes clear that such estimates may not predict the actual range of a vehicle. The FTC requires manufacturers to use the EPA-approved range estimates for electric vehicles.

Tesla complies with the EPA and FTC's regulatory scheme in the sale of its vehicles and informs vehicle purchasers of the FDA-approved estimated driving range. Tesla's website, for example, displays certain features for a given model Tesla vehicle **including** the EV "range," which is explicitly identified as the "EPA est." (Am. Compl. ¶¶ 36–37.) Tesla also discloses that "the vehicle's range estimates are an imperfect measure of Battery capacity because they are affected by additional factors separate from Battery capacity." (*Id.* ¶ 106.) Various factors can impact a vehicle's actual range, including "high driving speeds, cold temperatures, 'stop-and-go' traffic, driving uphill, and inclement weather." (*Id.* ¶ 75.)

Within five days after the publication of a *Reuters* article regarding alleged issues with Tesla vehicles' driving range, Plaintiffs filed this putative class action.[1] This lawsuit should never have been brought here. Each Plaintiff agreed to arbitrate his or her claims with Tesla on an individual basis when he or she ordered the vehicle from Tesla. Tesla intends to move to compel arbitration as to each Plaintiff.

Plaintiffs' claims also lack merit. They bring an array of fraud-based and breach of warranty claims. Each claim, however, is preempted. In addition, Plaintiffs fail to plead any false

---

[1] Plaintiffs filed an Amended Complaint on October 23, 2023. (ECF. No. 35.) The parties have stipulated that Tesla shall have until November 22 to respond to Plaintiffs' Amended Complaint. (ECF No. 31.)

statements or omissions made by Tesla to them, much less that they relied upon in making their purchases. Nor does any Plaintiff allege that his or her car is inoperable, has a defect, or presents a safety issue. As a result, Tesla intends to file an alternative motion to dismiss Plaintiffs' claims.

**C.   Legal Issues**

The principal legal issues in dispute include:

a.   Whether Plaintiffs' claims must be submitted to arbitration.

b.   Whether Plaintiffs' claims are preempted by federal law.

c.   Whether Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1), Rule 12(b)(6), and/or Rule 9(b).

d.   Whether Plaintiffs' class allegations should be stricken, given the arbitration agreements applicable to all named plaintiffs and other class members who did not opt-out and disparities between the experiences alleged by named plaintiffs that appear on the face of the complaint.

e.   If Plaintiffs' claims survive Tesla's anticipated motion to compel arbitration and motion to dismiss, whether a class may be certified.

f.   Whether Plaintiffs are entitled to any damages, restitution, equitable relief, and/or injunctive relief as alleged in Plaintiffs' FAC.

**D.   Motions**

*Current Motions*. None pending.

*Anticipated Motions.*

*Plaintiffs' Statement*

Due to the fact-based inquiry required for a motion to compel arbitration, Plaintiffs believe that some discrete discovery should be undertaken specific to the arbitration issue. Plaintiffs disagree that their claims are preempted by federal law and will oppose a motion to dismiss. Plaintiffs believe that because arbitration is a threshold issue, any merits-based motion to dismiss should be stayed pending a determination of the motion to compel arbitration. Plaintiffs also anticipate filing a motion for class certification.

*Defendant's Statement*

Plaintiffs have agreed to arbitrate their disputes with Tesla on an individual basis, and, therefore, Tesla anticipates filing a motion to compel arbitration. No discovery is warranted, appropriate, or necessary to resolve that motion. Tesla also anticipates filing a motion to dismiss; Plaintiffs' allegations fail for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because, among other issues, Plaintiffs' claims are preempted by a comprehensive federal regulatory scheme governing fuel economy and driving range calculations, testing, and disclosures. If the case proceeds past the anticipated motions and any appeal, Tesla anticipates filing a motion for summary judgment and potentially a motion to deny certification.

**E.    Amendment of Pleadings**

*Plaintiffs' Statement*

On October 23, 2023, Plaintiffs amended their Complaint. (FAC, ECF No. 35). At this time, Plaintiffs do not intend to substantively amend the FAC to add or remove any claim or party. However, Plaintiffs do intend to amend their claim for violation of the Massachusetts Consumer Protection Act to seek damages following the expiration of the 30-day notice period pursuant to Mass. Gen. Laws ch. 93A, § 9. In an effort to give notice of this claim to the Court and Tesla, Plaintiffs included the claim in the FAC, but Plaintiffs intend to amend this claim only to seek damages following the notice period, as required by Mass. Gen. Laws ch. 93A, § 9.

*Defendant's Statement*

Plaintiffs have already amended their Complaint and there is no need or basis for additional amendments, including to try to seek relief pursuant to a flawed claim under the Massachusetts Consumer Protection Act. Plaintiffs' claims should be arbitrated on an individual basis. Moreover, Plaintiffs' claims are preempted and the other defects in Plaintiffs' claims cannot be cured.

**F.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and have met and conferred regarding reasonable and proportionate

steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**G.     Disclosures**

*Plaintiffs' Statement*

Due to the fact-based inquiry required for a motion to compel arbitration, Plaintiffs believe that some discrete discovery should be undertaken specific to the arbitration issue, to aid the Court in its determination whether to compel arbitration. Should such discovery be permitted, Plaintiffs believe that initial disclosures be exchanged in accordance with the Federal Rules of Civil Procedure.

*Defendant's Statement*

Tesla believes that any deadline for initial disclosures should be set only if this case proceeds past the anticipated motions to compel arbitration and dismiss. Requiring the exchange of initial disclosures would deprive Tesla of the benefit of its arbitration agreements with Plaintiffs, which preclude the filing of this putative class action in the first instance. Any ruling denying Tesla's anticipated motion to compel arbitration is also subject to an immediate appeal. Accordingly, any initial disclosures are premature at this time.

Lastly, no discovery pertaining to arbitration-related issues is appropriate or warranted and Plaintiffs offer no basis for it. Courts in this District repeatedly have granted motions to compel arbitration under the same agreements at issue here and did so without any discovery.[2]

**H.     Discovery**

Plaintiffs believe that discovery is appropriate in this case. Due to the fact-based inquiry required for a motion to compel arbitration, Plaintiffs believe that some discrete discovery should be undertaken specific to the arbitration issue, to aid the Court in its determination whether to compel arbitration. Plaintiffs disagree that all discovery in this matter should be coordinated with any discovery that takes place in the other related cases. For example, the *Corona* and *Zaks* cases are not pleaded as proposed class actions and instead are pleaded as public injunction actions.

---

[2]     Within the last 45 days alone, this includes orders compelling arbitration in *Yeh v. Tesla, Inc.*, No. 23-cv-1704-JCS (N.D. Cal.) (ECF No. 52; October 12, 2023), *In re Tesla Advanced Driver Assistance Systems Litig.*, No. 22-cv-5240-HSG (N.D. Cal.) (ECF No. 57; September 30, 2023), and *Lambrix v. Tesla, Inc.*, No. 23-cv-1145-TLT (ECF No. 112; September 27, 2023).

1   Accordingly, discovery may differ among the cases and should not be coordinated in their entirety.
2   Plaintiffs, however, are not opposed to coordinating discovery with any discovery in the related
3   cases where possible to preserve efficiency.

4         Tesla disputes that any discovery is appropriate in this case and maintains its position that
5   Plaintiffs' claims belong in arbitration.  Likewise, there is no basis to allow discovery "specific to
6   the arbitration issue."  To the extent any discovery does take place in this action (over Tesla's
7   objection), it should be coordinated with any discovery that takes place in the other related cases.[3]
8   The information below is subject to and without waiver of Tesla's position:

9        a.    *Discovery Taken to Date.*  No discovery has been taken to date.

10       b.    *Proposed Discovery Limitations.*  At this juncture, there is no need to depart from
11  the limitations on discovery imposed under the Federal Rules of Civil Procedure and Northern
12  District of California Local Civil Rules of Civil Procedure.

13       c.    *Stipulated E-Discovery Order.*  If this case proceeds in this forum over Tesla's
14  objection, the parties anticipate filing an ESI stipulation based, in part, on the Northern District of
15  California's model Stipulation Regarding the Electronic Storage of Information, and proposed
16  order.

17       d.  *Proposed Discovery Plan (Fed. R. Civ. P. 26(f))*.

18          i.    <u>Changes that should be made in the timing, form, or requirement for
19               disclosures under Rule 26(a), and a statement of when initial disclosures
20               were made or will be made.</u>

21                 Plaintiffs believe that initial Rule 26(a) disclosures should be
22               exchanged in accordance with the deadline contemplated by Rule 26.

23                 Tesla believes that initial Rule 26(a) disclosures should only be
24               exchanged after the resolution of its anticipated motions and the exhaustion
25               of its right to appeal the denial of a motion to compel arbitration.

---

[3] That includes:  (1) *Alejandro Corona et al v. Tesla, Inc.*, Case No. 4:23-cv-03902-YGR (N.D. Cal.) (filed August 3, 2023); (2) *Samuel Van Diest et al v. Tesla, Inc.*, Case No. 4:23-cv-04098-YGR (N.D. Cal.) (filed August 11, 2023); and (3) *Irena Zaks et al. v. Tesla, Inc.*, Case No. 4:23-cv-05556-AGT (removed on October 27, 2023).

ii. <u>Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.</u>

The parties believe that class certification and merits discovery should proceed at the same time.

Plaintiffs anticipate discovery may be needed on the following topics, without limitation to their ability to seek discovery on additional topics: Tesla's design, manufacturing, sales, representations, advertising, labeling, and distribution of its vehicles; Tesla's documents identifying purchases made by Class Members; Tesla's documents regarding the design, manufacturing, testing, and updates of its vehicles including, but not limited to Tesla's software and algorithm(s) which calculate the range of the vehicles; information regarding complaints and service appointments requested of Tesla or through Tesla's app that regard a vehicle's range or battery capacity; and information and documents regarding the creation and maintenance of Tesla's "Diversion Team."

If this case proceeds in this forum over Tesla's objection, Tesla anticipates taking discovery on the merits of Plaintiffs' claims, their inability to satisfy the Rule 23 requirements, and its anticipated affirmative defenses. This includes, for instance, discovery concerning Plaintiffs' purchases of their Tesla vehicles; Plaintiffs' operation, maintenance and use of their vehicles; Plaintiffs' various arbitration and other agreements with Tesla; Plaintiffs' previous and subsequent purchase of other Tesla vehicles; Plaintiffs' communications, if any, with Tesla both before and after the purchase of their vehicle; Plaintiffs' understanding regarding the battery range of the vehicles they purchased; the lack of any harm or damages to Plaintiffs; and why Plaintiffs are not adequate class representatives and cannot prove their claims on a class-wide basis.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

      iii.    <u>Any issues about disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced.</u>

            The parties are not currently aware of any issues concerning the retrieval, disclosure, or discovery of ESI.

      iv.    <u>Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.</u>

            The parties are not currently aware of any issues about claims of privilege or protection as trial-preparation materials. If this case proceeds in this forum over Tesla's objection, the parties anticipate filing a stipulated Protective Order, based, in part, on the Northern District's court-approved model forms. The Protective Order includes a provision governing the inadvertent production of privileged or otherwise protected material. Therefore, an order under Fed. R. Evid. 502 is not needed.

      v.    <u>Changes that should be made in the limitations on discovery imposed under the Federal or Local Rules, and other limitations that should be imposed.</u>

            At this juncture, the Parties do not believe there is a need to depart from the limitations on discovery imposed under the Federal or Local Rules.

      vi.    <u>Any other orders the Court should issue under Rule 26(c) or 16(b) and (c).</u>

            The parties are not currently aware of any other orders the Court should issue at this juncture.

## I.   <u>Class Actions</u>

*Plaintiffs' Statement*

This case is pleaded as a class action, and Plaintiffs intend to file a motion for class certification. Plaintiffs bring this action under Fed. R. Civ. P. 23(b)(2) and 23(b)(3). Plaintiffs seek to represent:

All persons in the United States who purchased from Tesla a Tesla Model 3, Model S, Model Y, or Model X.

Plaintiffs Porter, Perez, and Estpanian bring this action on behalf of themselves and the members of a California class. Plaintiff Romanez brings this action on behalf of themselves and the members of a Florida class. Plaintiff Kupriiets brings this action on behalf of themselves and the members of an Illinois class. Plaintiff Kreuzer brings this action on behalf of themselves and the members of a Massachusetts class. Plaintiff Nadir brings this action on behalf of themselves and the members of a New York class. Plaintiff Brown brings this action on behalf of themselves and the members of a Washington class.

This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and (b) because:

*Numerosity:* Members of the classes are so numerous that joinder is impracticable. While the exact number of class members is unknown to Plaintiffs, it is believed that the class comprises thousands of members geographically disbursed throughout the United States.

*Commonality:* There are questions of law and fact common to the class including, but not limited to: whether Tesla model vehicles fail to deliver the advertised vehicle range in normal driving conditions; whether Tesla exaggerated its advertised vehicle ranges; whether Tesla knew the advertised vehicle ranges were exaggerated and could not be met under normal driving conditions; when Tesla gained such knowledge; whether Tesla designed, manufactured, marketed, advertised, sold, or otherwise placed its model vehicles into the stream of commerce with such knowledge; whether Tesla intentionally concealed the fact that its advertised vehicles ranges were exaggerated or otherwise could not be met under normal driving conditions; whether Tesla's conduct to divert complaints violated the terms of Tesla's warranties; whether Plaintiffs and Class Members were harmed by the fraud and deceptive practices in which they allege Tesla engaged; whether Tesla was unjustly enriched by its deceptive practices; and whether Plaintiffs and Class Members are entitled to equitable or injunctive relief.

*Typicality:* Plaintiffs' claims are typical of the members of the proposed classes, as all members of the classes are similarly affected by Tesla's conduct. Plaintiffs and Class Members

purchased their Tesla vehicles from Tesla based on similar, if not the same, representations and advertising, such that Tesla's conduct giving rise to the claims is the same for Plaintiffs and all Class Members.

*Adequacy:* Plaintiffs will fairly and adequately protect the interests of the classes because they have no interests antagonistic to, or in conflict with, the classes that Plaintiffs seek to represent. Furthermore, Plaintiffs have retained counsel experienced and competent in the prosecution of complex class action litigation.

*Declaratory and/or injunctive relief:* Tesla has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all Class Members.

*Predominance:* The common questions outlined above predominate over any individual questions because Tesla has acted or refused to act on grounds generally applicable to the classes.

*Superiority:* It is impracticable to bring Class Members' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Additionally, Plaintiffs know of no difficulty to be encountered in this action that would preclude its maintenance as a class action.

At this time, Plaintiffs believe that both merits and class discovery can be completed in 18 months, and Plaintiffs would be prepared to bring a motion for class certification shortly after the close of discovery.

*Defendant's Statement*

This case is pleaded as a class action. However, Plaintiffs waived their right to bring or participate in a class action and agreed to arbitrate their claims on an individual basis when they

purchased their vehicles from Tesla.  The other putative class members did the same, so no class can be certified.  In addition to this threshold problem, this case is not suitable for class treatment because Plaintiffs cannot satisfy the requirements for class treatment under Rule 23.

**J.**     **Related Cases**

The parties are aware of the following related matters including:

1. *Alejandro Corona and Cabanillas & Associates, P.C. v. Tesla, Inc.*, Northern District of California, Case No. 3:23-cv-03902-YGR (filed August 3, 2023).
2. *Samuel Van Diest et al. v. Tesla, Inc.,* Northern District of California, Case No. 4:23-cv-04098-YGR (filed August 11, 2023).
3. *Irena and Gary Zaks v. Tesla, Inc.*, Northern District of California Case No. 4:23-cv-05556-AGT (removed on October 27, 2023).

**K.**     **Relief**

*Plaintiffs' Statement*

Plaintiffs seek an order certifying the proposed classes, and an order awarding actual, statutory, and punitive damages, restitution, injunctive relief, pre- and post-judgment interest, and the cost of the suit herein. Plaintiffs also seek attorneys' fees.

*Defendant's Statement*

Tesla disputes that Plaintiffs are entitled to pursue relief in this forum, or in any forum for that matter.

**L.**     **Settlement and ADR**

The parties have met and conferred in compliance with ADR Local Rule 3-5 and have not yet engaged in any settlement discussions.

**M.**     **Other References**

The parties do not believe this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**N.**     **Narrowing of Issues**

The parties are not otherwise aware of any other issues that can be narrowed by agreement. The parties currently have no suggestions to expedite presentation of evidence at trial.

**O.   Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**P.   Scheduling**

*Plaintiffs' Statement*

Given that Tesla intends to bring a motion to compel arbitration and a motion to dismiss, Plaintiffs believe that it is premature to enter a scheduling order at this juncture. Plaintiffs propose that, following the Court's determinations on Tesla's forthcoming motions, the Parties meet and confer and propose a joint scheduling order.

*Defendant's Statement*

Tesla does not believe that this case can proceed in this forum given Plaintiffs' arbitration agreements. If its motion to compel arbitration is denied, Tesla anticipates that it will appeal, which will automatically stay this litigation pursuant to the Federal Arbitration Act and *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). In addition, Tesla alternatively intends to move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim. As a result, Tesla agrees with Plaintiffs that it is premature to enter a scheduling order at this juncture.

Nonetheless, to the extent the Court is inclined to do so, Tesla believes that class and merits discovery can be completed in twelve months for this case and the other related cases. Tesla proposes the following scheduling order:

| Event | Proposed Date |
|---|---|
| Deadline to File Motion to Amend Pleadings | March 1, 2024 |
| Expert Reports Due | November 1, 2024 |
| Rebuttal Expert Reports Due | December 1, 2024 |
| Deadline for Motion for Class Certification and MSJs | December 13, 2024 |
| Deadline for Defendant to file Opposition to Class Certification Motion and for Oppositions to MSJs | January 28, 2025 |
| Deadline for Plaintiffs to file Reply in Support of Class Certification Motion and Replies in Support of MSJs | February 27, 2025 |

| Hearing on Plaintiffs' Motion for Class Certification and MSJs | March 24, 2025 |
| --- | --- |
| Pretrial Conference | July 14, 2025 |
| Jury and Court Trial[4] | August 10, 2025 |

**Q.    Trial**

*Plaintiffs' Statement*

Plaintiffs have demanded a jury trial. At this time, Plaintiffs are not in a position to estimate how many days a trial would last.

*Defendant's Statement*

If the Court denies Tesla's anticipated motions and this case proceeds in this forum over Tesla's objection, Tesla is entitled to a jury trial.  The length of any trial will hinge upon what claims remain and whether any class is certified.  At this juncture, Tesla estimates that any trial would last ten (10) court days.

**R.    Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-15, Plaintiffs state that, as of this date, other than the named parties, Plaintiffs are not aware of any entity or person with an interest to report.

Pursuant to Civil Local Rule 3-15, Defendant states that, other than the named parties, there is no conflict or interest to report.

**S.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**T.    Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter**

The parties agree to electronic service of documents not filed through the Court's CM/ECF system.

---

[4]    If one or more of the related cases remains in the Court after the initial motion phase, Tesla proposes the parties discuss potential consolidation for trial purposes.

| | | |
|---|---|---|
| 1 | Dated: October 30, 2023 | Respectfully submitted, |
| 2 | | /s/ *Adam A. Edwards* |
| | | Adam A. Edwards* |
| 3 | | William A. Ladnier (CA Bar No. 330334) |
| | | Virginia Ann Whitener* |
| 4 | | **MILBERG COLEMAN BRYSON** |
| 5 | | **  PHILLIPS GROSSMAN, PLLC** |
| | | 800 S. Gay Street, Suite 1100 |
| 6 | | Knoxville, TN 37929 |
| | | Tel: (865) 247-0080 |
| 7 | | Fax: (865) 522-0049 |
| | | aedwards@milberg.com |
| 8 | | wladnier@milberg.com |
| 9 | | gwhitener@milberg.com |
| 10 | | Alex R. Straus (CA Bar No. 321366) |
| | | **MILBERG COLEMAN BRYSON** |
| 11 | | **  PHILLIPS GROSSMAN, PLLC** |
| 12 | | 280 s. Beverly Drive, PH Suite |
| | | Beverly Hills, CA 90212 |
| 13 | | Tel: (866) 252-0878 |
| | | Fax: (310) 496-3176 |
| 14 | | astraus@milberg.com |
| 15 | | Mitchell Breit* |
| 16 | | **MILBERG COLEMAN BRYSON** |
| | | **  PHILLIPS GROSSMAN, PLLC** |
| 17 | | 405 E. 50th Street |
| | | New York, NY 1002 |
| 18 | | Tel: (347) 668-8445 |
| | | mbreit@milberg.com |
| 19 | | |
| 20 | | **Admitted pro hac vice* |
| | | **Counsel for Plaintiffs** |
| 21 | | |
| 22 | | /s/ *David L. Schrader* |
| 23 | | David L. Schrader |
| | | **Counsel for Defendant Tesla,** |
| 24 | | ***Inc.*** |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**SIGNATURE ATTESTATION**

I hereby attest that, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 30, 2023                         /s/ *David L. Schrader*
                                                David L. Schrader