MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

*Attorneys for Defendant
Tesla, Inc.*

Brian M. Ercole
(admitted *pro hac vice*)
brian.ercole@morganlewis.com
Matthew M. Papkin
(admitted *pro hac vice*)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, and DRO ESRAEILI ESTEPANIAN, DENNIS ROMANEZ, ARTEM KUPRIIETS, NEIL KREUZER, WAFAY NADIR, and KENNETH BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant.<br><br>**AND RELATED CASE**<br><br>SAMUEL VAN DIEST and SERGEY KHALIKULOV, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>TESLA, INC. dba TESLA MOTORS,<br><br>Defendant. | Case No. 4:23-cv-03878-YGR<br><br>AND<br><br>Case No. 4:23-cv-04098-YGR<br><br>**DEFENDANT TESLA INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF PLAINTIFFS' CLAIMS ON AN INDIVIDUAL BASIS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declarations of David L. Schrader, Jasjit Ahluwalia, and Minu Sinha, Appendix A and Proposed Order submitted concurrently herewith]<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br><br>Hearing Date: January 30, 2024 at 2:00 p.m.<br>Oakland Courthouse, Courtroom 1 – 4th Flr<br>1301 Clay Street, Oakland, CA 94612 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

1

## <u>NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION</u>

2     PLEASE TAKE NOTICE that on January 30, 2024, at or as soon thereafter as the matter

3 may be heard before the Honorable Yvonne Gonzalez Rogers, Oakland Courthouse, Courtroom 1

4 – 4th Floor 1301 Clay Street, Oakland, CA 94612, Tesla, Inc. ("Tesla") moves this Court to compel

5 Plaintiffs James Porter, Bryan Perez, Dro Esraeili Estepanian Dennis Romanez, Artem Kupriiets,

6 Neil Kreuzer, Wafay Nadir, Kenneth Brown, Samuel Van Diest, and Sergey Khalikulov to submit

7 their claims to individual, non-class arbitration per the terms of their agreements with Tesla and to

8 dismiss the case.  Alternatively, Tesla seeks a stay of the action pending the outcome of individual,

9 non-class arbitration.

10     Tesla makes this Motion pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, on the

11 ground that Plaintiffs entered into enforceable arbitration agreements that forego class claims and

12 require arbitration of all of their causes of action against Tesla in the Amended Complaint in the

13 *Porter* Action and the Complaint in the *Van Diest* Action on an individual, non-class basis.

14     This Motion is based on this Notice of Motion and Motion, the accompanying

15 Memorandum of Points and Authorities, the concurrently filed declarations of Minu Sinha and

16 Jasjit Ahluwalia, and all exhibits thereto, all pleadings and files in this action, and any written or

17 oral argument presented to the Court at or prior to the hearing on this Motion.

18

19

20  Dated: November 22, 2023

21          By  */s/ David L. Schrader*
                 David L. Schrader

22          MORGAN, LEWIS & BOCKIUS LLP

23          *Attorneys for Defendant Tesla, Inc.*

24

25

26

27

28

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

## TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ........................................................................................................ 1

II.  SUMMARY OF ARGUMENT ................................................................................... 1

III.  RELEVANT FACTS AND ALLEGATIONS............................................................. 4

    A.  Each Plaintiff Agreed To Arbitrate Any Disputes With Tesla When They Ordered Their Vehicles And Entered Into Order Agreements................................ 4

    B.  Most Plaintiffs Again Agreed To Arbitrate Any Disputes With Tesla When They Took Delivery Of Their Vehicles And Signed The Sale Agreements.......... 8

    C.  Plaintiffs Have Refused To File Their Claims On An Individual Basis In Arbitration, Even Though Plaintiffs' Counsel Recently Sent A Letter Threatening Mass Arbitration Against Tesla. ..................................................... 10

IV.  LEGAL ARGUMENT ............................................................................................. 11

    A.  Plaintiffs Must Arbitrate All Of Their Claims Against Tesla On An Individual Basis............................................................................................... 11

        1.  Each Plaintiff Entered Into An Agreement To Arbitrate His Dispute With Tesla. .................................................................................. 13

        2.  Most Agreements Delegate The Arbitrability Of Plaintiffs' Claims To The Arbitrator To Decide. ................................................. 19

        3.  Plaintiffs' Claims Clearly Fall Within Scope Of The Arbitration Provisions In The Agreements. ............................................... 22

        4.  Arbitration Must Be Conducted On An Individual, Non-Class Basis. ........................................................................................ 24

    B.  The Court Should Dismiss The *Porter* And *Van Diest* Claims, Or, In The Alternative, Stay These Actions Pending The Outcome Of Arbitration.............. 25

V.  CONCLUSION ........................................................................................................ 25

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Exp. Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) ................................................................................................ 3, 11, 24

*Ambrosius v. Chic. Athletic Clubs, LLC*,
203 N.E.3d 239 (Ill. App. Ct. 2021), *appeal denied*, 184 N.E.3d 989 (Ill. 2022) ................. 17

*Arab v. BMW of N. Am., LLC*,
No. SACV191303DOCJDEX, 2019 WL 8011713 (C.D. Cal. Sept. 10, 2019) ..................... 21

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ................................................................................................ 24

*Attix v. Carrington Mortg. Servs., LLC*,
35 F.4th 1284 (11th Cir. 2022) ................................................................................. 20

*Awuah v. Coverall N. Am., Inc.*,
554 F.3d 7 (1st Cir. 2009) ........................................................................................ 20

*Ball v. Tesla Motors, Inc.*,
No. 22-C-0005, 2022 WL 1433646 (E.D. Wis. Mar. 31, 2022), *appeal dismissed*, No. 22-1782, 2022 WL 16627493 (7th Cir. Oct. 17, 2022) ................................... 2

*Bell v. Royal Seas Cruises, Inc.*,
No. 19-CIV-60752-RAR, 2020 WL 5639947 (S.D. Fla. Sept. 21, 2020) ........................... 17

*Berkson v. Gogo LLC*,
97 F. Supp. 3d 359 (E.D.N.Y. 2015) .......................................................................... 15

*Berman v. Freedom Fin. Network, LLC*,
30 F.4th 849 (9th Cir. 2022) (finding New York and California law substantially similar on this issue) ...................................................................................... 14

*Bosque v. Wells Fargo Bank, N.A.*,
762 F. Supp. 2d 342 (D. Mass. 2011) ........................................................................ 14

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) ............................................................................... 2, 20

*Cap. Grp. Commc'ns Inc v. Xedar Corp.*,
No. C-13-01793 EDL, 2013 WL 4013711 (N.D. Cal. Aug. 5, 2013) ................................ 12

*In re Celsius Network LLC*,
647 B.R. 631 (Bankr. S.D.N.Y. 2023) ........................................................................ 14

*Chatman v. Jimmy Gray Chevrolet, Inc.*,
No. 3:16CV009-NBB-SAA, 2016 WL 5745697 (N.D. Miss. Sept. 30, 2016) ..................... 22

*DDK Hotels, LLC v. Williams-Sonoma, Inc.*,
6 F.4th 308 (2d Cir. 2021) ...................................................................................... 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

*Dohrmann v. Intuit, Inc.*,
    823 F. App'x 482 (9th Cir. 2020) ...................................................................... 16

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) ................................................................................... 24

*Feld v. Postmates, Inc.*,
    442 F. Supp. 3d 825 (S.D.N.Y. 2020) .......................................................... 12, 17

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995) ..................................................................................... 1, 12

*Fish v. Tesla, Inc.*,
    No. SACV21060PSGJDEX, 2022 WL 1552137 (C.D. Cal. May 12, 2022) ............. 11, 16, 23

*Forrest v. Spizzirri*,
    62 F.4th 1201 (9th Cir. 2023), *appeal filed*, *Smith v. Spizzirri*, No. 22-1218
    (U.S.) ......................................................................................................... 3, 25

*Gala v. Tesla Motors TN, Inc.*,
    No. 2:20-CV-2265-SHM_TMP, 2020 WL 7061764 (W.D. Tenn. Dec. 2, 2020) ............. 2, 16

*Gerlach v. Tickmark Inc.*,
    No. 4:21-CV-02768-YGR, 2021 WL 3191692 (N.D. Cal. July 28, 2021)
    (Gonzalez Rogers, J.) .................................................................................... 20

*Grand Wireless, Inc. v. Verizon Wireless, Inc.*,
    748 F.3d 1 (1st Cir. 2014) .............................................................................. 12

*Harris v. Pac. Gas & Elec. Co.*,
    No. 21-CV-04096-JCS, 2022 WL 16637987 (N.D. Cal. Nov. 2, 2022) ...................... 22

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019) ................................................................................. 3, 12, 19

*Hiatt v. Tesla Inc.*,
    No. CV 21-00198 ....................................................................................... 2, 16, 20

*Hubbert v. Dell Corp.*,
    835 N.E.2d 113 (Ill. App. Ct. 2005) ............................................................... 12

*I.C. v. Zynga, Inc.*,
    No. 20-CV-01539-YGR, 2021 WL 3271187 (N.D. Cal. July 30, 2021)
    (Gonzalez Rogers, J.) .................................................................................... 12

*Jackson v. Airbnb, Inc.*,
    639 F. Supp. 3d 994 (C.D. Cal. 2022) ............................................................. 19

*Johnmohammadi v. Bloomingdale's, Inc.*,
    755 F.3d 1072 (9th Cir. 2014) .................................................................... 13, 25

*Kamineni v. Tesla, Inc.*,
    No. CV1914288RBKKMW, 2020 WL 57867 (D.N.J. Jan. 6, 2020) ...................... 2, 18, 23

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Karobkoff v. Nissan Motor Acceptance Co. LLC*,
    No. 221CV09570MEMFPDX, 2022 WL 2124901 (C.D. Cal., Mar. 22, 2022) .................... 21

*Kim v. Tinder, Inc.*,
    No. CV 18-03093 JFW (AS), 2018 WL 6694923 (C.D. Cal. July 12, 2018) ......................... 11

*Lambrix v. Tesla, Inc.*,
    Case 3:23-cv-01145-TLT (N.D.Cal.), certified for appeal ...................................... 20

*Lamps Plus, Inc. v. Varela*,
    139 S. Ct. 1407 (2019) ................................................................... 3, 24

*Lee v. Tesla, Inc.*,
    No. SACV2000570JVSKESX, 2020 WL 10573281 (C.D. Cal. Oct. 1, 2020) ................. 2, 16

*Lee v. Ticketmaster L.L.C.*,
    817 F. App'x. 393 (9th Cir. 2020) ......................................................... 16

*Lira v. Nat'l Distrib. Ctrs., LLC*,
    No. EDCV21672JGBKKX, 2021 WL 6693934 (C.D. Cal. Dec. 22, 2021) ......................... 18

*Loewen v. McDonnell*,
    403 F. Supp. 3d 832 (N.D. Cal. 2019) (Gonzalez Rogers, J.) ................................. 11

*Lyman v. Ford Motor Co.*,
    No. 21-10024, 2023 WL 2667736 (E.D. Mich. Mar. 28, 2023) ............................... 22

*McKee v. Audible, Inc.*,
    No. CV 17-1941-GW(EX), 2017 WL 4685039 (C.D. Cal. July 17, 2017) .......................... 14

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ......................................................................... 11

*Muhammad v. Tree*,
    No. 18 C 04192, 2020 WL 1530750 (N.D. Ill. Mar. 31, 2020) ................................. 18

*Ngo v. PMGI Fin., LLC*,
    No. 18-CV-05401-JCS, 2018 WL 6618316 (N.D. Cal. Dec. 18, 2018) ............................ 18

*Nguyen v. Barnes & Noble Inc.*,
    763 F.3d 1171 (9th Cir. 2014) ............................................................. 12

*Nguyen v. Tesla, Inc.*,
    No. 819CV01422JLSJDE, 2020 WL 2114937 (C.D. Cal. Apr. 6, 2020), *appeal
    dismissed*, No. 20-55873, 2020 WL 6875203 (9th Cir. Nov. 20, 2020) ..................... 2, 16

*Oberstein v. Live Nation Ent., Inc.*,
    60 F.4th 505 (9th Cir. 2023) ........................................................... 14, 17

*Ortiz v. Volt Mgmt. Corp*,
    No. 16-CV-07096-YGR, 2017 WL 1957072 (N.D. Cal. May 11, 2017)
    (Gonzalez Rogers, J.) .................................................................... 20

*Park v. Kim*,
    No. 2:23-CV-387, 2023 WL 5054566 (W.D. Wash. July 17, 2023) ............................. 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

TESLA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 2:23-CV-7057

*Perei v. Arrigo DCJ Sawgrass, Inc.,*
   No. 18-CV-60091, 2018 WL 1182570 (S.D. Fla. Mar. 7, 2018) ........................................... 22

*Phila. Ins. Indemn. Co. v. Kendall,*
   151 N.Y.S.3d 392 (1st Dep't 2021) ................................................................................. 18

*Pierre v. IEC Corp.,*
   No. 822CV01280FWSJDE, 2023 WL 3551962 (C.D. Cal. Mar. 14, 2023) ........................ 14

*Poublon v. C.H. Robinson Co.,*
   846 F.3d 1251 (9th Cir. 2017) ........................................................................................ 13

*Raebel v. Tesla, Inc.,*
   451 F. Supp. 3d 1183 (D. Nev. 2020) ...................................................................... 2, 16, 23

*Rent-A-Ctr., W., Inc. v. Jackson,*
   561 U.S. 63 (2010) .......................................................................................................... 19

*Rey v. Bonati,*
   No. 8:08-CV-806-T-26MAP, 2008 WL 11335106 (M.D. Fla. July 30, 2008) ..................... 12

*Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.,*
   553 F. Supp. 3d 452 (N.D. Ill. 2021) .............................................................................. 20

*Signavong v. Volt Mgmt. Corp.,*
   No. C07-515JLR, 2007 WL 1813845 (W.D. Wash. June 21, 2007) .................................. 13

*Skiles v. Tesla, Inc.,*
   No. 17-cv-05434-WHO (N.D. Cal.) ..................................................................... 2, 18, 21

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
   559 U.S. 662 (2010) ..................................................................................................... 3, 24

*Stork v. Lydian Tr. Co.,*
   No. 10-80962-CIV, 2010 WL 11558231 (S.D. Fla. Nov. 24, 2010) .................................... 14

*Surkhabi v. Tesla, Inc.,*
   No. SACV22135JVSDFMX, 2022 WL 19569540 (C.D. Cal. Oct. 27, 2022) ................... 2, 16

*In re Tesla Advanced Driver Assistance Sys. Litig.,*
   No. 22-CV-05240-HSG, 2023 WL 6391477 (N.D. Cal. Sept. 30, 2023) .......................... 2, 16

*Timmerman v. Grain Exch., LLC,*
   915 N.E.2d 113 (Ill App. Ct. 2009) ................................................................................ 12

*Tompkins v. 23andMe, Inc.,*
   840 F.3d 1016 (9th Cir. 2016) ........................................................................................ 13

*United States v. Sutcliffe,*
   505 F.3d 944 (9th Cir. 2007) ........................................................................................... 11

*Vassilkovska v. Woodfield Nissan, Inc.,*
   830 N.E.2d 619 (Ill. App. Ct. 2005) ............................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

TESLA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 2:23-CV-7057

*Velasquez-Reyes v. Samsung Elecs. Am., Inc.*,
  No. EDCV161953DMGKKX, 2020 WL 6528422 (C.D. Cal. Oct. 20, 2020) ...................... 13

*Virginia M. Lambrix et al. v. Tesla, Inc.*,
  Case No. Case No. 23-cv-01145-TLT (N.D. Cal.) ................................................. 2, 16, 18, 20

*Wiseley v. Amazon.com, Inc.*,
  709 F. App'x 862 (9th Cir. 2017) ....................................................................... 17

*Wiseman v. Tesla, Inc.*,
  No. CV1704798JFWAGR, 2017 WL 7058142 (C.D. Cal. Sept. 12, 2017) ...................... 2, 19

*Yakima Cnty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*,
  858 P.2d 245 (Wash. 1993)................................................................................ 14

*YayYo, Inc. v. Hurst Cap., LLLC*,
  No. CV 16-08653 TJH (EX), 2017 WL 10574249 (C.D. Cal. July 7, 2017)
  (Hatter, J.)................................................................................................... 13

*Yeh v. Tesla, Inc.*,
  No. 23-CV-01704-JCS, 2023 WL 6795414 (N.D. Cal. Oct. 12, 2023)............................ 2, 15

**Statutes**

2 U.S.C. § 9 ........................................................................................................ 11

9 U.S.C. § 2 ........................................................................................................ 11

9 U.S.C. § 3 ...................................................................................................... 3, 25

Cal. Civ. Code § 1550 ........................................................................................... 14

Cal. Civ. Code § 1633.9(a) ..................................................................................... 18

Ill. Comp. Stat. Ann. 333/7 .................................................................................... 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TESLA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 2:23-CV-7057

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs filed these lawsuits seeking to assert class claims against Tesla for complying with federal law.  Within a week after Reuters published an error-ridden article regarding Tesla vehicles and their battery ranges, the *Porter* Plaintiffs filed a putative class action lawsuit.  Other copy-cat lawsuits followed, including a putative class action lawsuit filed by the *Van Diest* Plaintiffs.  Plaintiffs in each action allege that the EPA-approved driving range estimates for their vehicles were exaggerated and not based on normal driving conditions.  But Plaintiffs' claims ignore the comprehensive federal statutory and regulatory scheme governing the calculation, approval, and disclosure of estimated driving ranges for vehicles.  They are preempted and otherwise legally untenable, as explained in Tesla's motion to dismiss the *Corona* and *Zaks* actions.

This motion addresses a separate problem with the *Porter* and *Van Diest* Plaintiffs: they never should have brought their claims before this Court in the first place.  If these Plaintiffs choose to pursue their unmeritorious claims, they must do so in individual arbitration proceedings pursuant to their agreements with Tesla.  Each of the ten Plaintiffs here promised to arbitrate any dispute with Tesla on an individual basis and waived the right to participate in any class action when they entered into order agreements through Tesla's website.  In fact, several Plaintiffs agreed on multiple occasions to arbitrate any disputes with Tesla— including when they ordered their vehicles and again when they signed retail sales contracts with Tesla to finance their vehicle purchases.  These arbitration agreements uniformly have been enforced, including, most recently, by Judge Gilliam, Judge Thompson, and Magistrate Judge Spero within the last two months.

The claims here, likewise, fall squarely within the scope of these agreements.  Plaintiffs cannot demonstrate any reason for the Court to deviate from the Federal Arbitration Act's ("FAA") liberal policy favoring arbitration.  Pursuant to the FAA and controlling law, the Court must compel arbitration of Plaintiffs' claims on an individual basis and dismiss this action.

## II.   SUMMARY OF ARGUMENT

Under controlling law, the Court is required to compel arbitration for the following reasons: *First*, a valid arbitration agreement exists for each Plaintiff.  All Plaintiffs willingly entered

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

into an Order Agreement with Tesla.  The majority of Plaintiffs also signed Sale Agreements. (Tesla refers these agreements collectively as the "Agreements.")  Each Agreement contains a clear, conspicuous, and broad arbitration provision requiring the arbitration of disputes between the parties on an individual basis.  As numerous courts have recognized in granting motions to compel arbitration, each Agreement is valid and enforceable.  *See In re Tesla Advanced Driver Assistance Sys. Litig.*, No. 22-CV-05240-HSG, 2023 WL 6391477, at \*4-5 (N.D. Cal. Sept. 30, 2023) (California law); Declaration of David L. Schrader ¶ 2, Ex. A (Sep. 27, 2023 Order Granting Motion to Compel Arbitration in *Virginia M. Lambrix et al. v. Tesla, Inc.*, Case No. Case No. 23-cv-01145-TLT (N.D. Cal.) ("*Lambrix*") (same); *Yeh v. Tesla, Inc.*, No. 23-CV-01704-JCS, 2023 WL 6795414 (N.D. Cal. Oct. 12, 2023) (same); *Surkhabi v. Tesla, Inc.*, No. SACV22135JVSDFMX, 2022 WL 19569540, at \*5 (C.D. Cal. Oct. 27, 2022) (same); *Nguyen v. Tesla, Inc.*, No. 819CV01422JLSJDE, 2020 WL 2114937, at \*3 (C.D. Cal. Apr. 6, 2020), *appeal dismissed*, No. 20-55873, 2020 WL 6875203 (9th Cir. Nov. 20, 2020) (same); *Lee v. Tesla, Inc.*, No. SACV2000570JVSKESX, 2020 WL 10573281, at \*6 (C.D. Cal. Oct. 1, 2020) (same); May 16, 2018 Order, *Skiles v. Tesla, Inc.*, No. 17-cv-05434-WHO (N.D. Cal.), at ECF No. 76 (same); *Wiseman v. Tesla, Inc.*, No. CV1704798JFWAGR, 2017 WL 7058142, at \*3 (C.D. Cal. Sept. 12, 2017) (same).[1]

*Second,* as Appendix A demonstrates, numerous Agreements delegate the issue of arbitrability to an arbitrator.  Specifically, the Order Agreements for Plaintiffs Porter, Estepanian, Perez, Romanez, Kruezer, Nadir, and Van Diest incorporate the AAA's Consumer Arbitration Rules, which give the arbitrator the power to address any questions as to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim.  Ahluwalia Decl., ¶¶ 4-7, 9-10, 12, Exs. 1-4, 6-9, and 11 at 3; *see, e.g., Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability").  The Sale Agreements for Plaintiffs Porter,

---

[1]     *See also Ball v. Tesla Motors, Inc.*, No. 22-C-0005, 2022 WL 1433646, at \*2 (E.D. Wis. Mar. 31, 2022) (Wisconsin law); *appeal dismissed*, No. 22-1782, 2022 WL 16627493 (7th Cir. Oct. 17, 2022); *Hiatt v. Tesla Inc.*, No. CV 21-00198 LEK-KJM, 2021 WL 6052266, at \*4 (D. Haw. Dec. 21, 2021) (Hawaii law); *Raebel v. Tesla, Inc.*, 451 F. Supp. 3d 1183, 1189 (D. Nev. 2020) (Nevada law); *Gala v. Tesla Motors TN, Inc.*, No. 2:20-CV-2265-SHM_TMP, 2020 WL 7061764, at \*4 (W.D. Tenn. Dec. 2, 2020) (Tennessee law); *Kamineni v. Tesla, Inc.*, No. CV1914288RBKKMW, 2020 WL 57867, at \*1 (D.N.J. Jan. 6, 2020) (New Jersey law).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

Estepanian, Kupriiets, Kreuzer, Nadir, Van Diest, and Khalikulov also contain a delegation clause requiring the arbitrator to resolve any issues pertaining to the "interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute." Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 5; *see, e.g., Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (delegation clause requires arbitrator to decide issues of arbitrability). As a result of these delegation clauses, the arbitrator must decide all issues of arbitrability for these Plaintiffs.

Regardless of any delegation clause, however, the claims of all Plaintiffs clearly fall within the broad scope of the arbitration provisions in the Agreements. Each Agreement requires arbitration of any dispute arising from or relating to any aspect of the "relationship" between Plaintiffs and Tesla. Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12 at 3; Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 5. All of Plaintiffs' claims arise out of or relate to this relationship, including Plaintiffs' purchases of their Tesla vehicles and alleged misstatements or omissions about the driving range of their vehicles.

*Third*, consistent with controlling Supreme Court law, all claims must be arbitrated on an individual basis, because each Agreement contains a class waiver. Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12 ("In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action."); Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 5 ("Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action."). *See, e.g., Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419 (2019); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 238 (2013); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010).

In sum, the Court must dismiss these actions because "all claims are subject to mandatory arbitration." *Forrest v. Spizzirri*, 62 F.4th 1201, 1203, 1205 (9th Cir. 2023), *appeal filed*, *Smith v. Spizzirri*, No. 22-1218 (U.S.). Alternatively, the Court should stay this case pending the outcome of any arbitration proceeding. 9 U.S.C. § 3.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

### III.    RELEVANT FACTS AND ALLEGATIONS

### A.    Each Plaintiff Agreed To Arbitrate Any Disputes With Tesla When They Ordered Their Vehicles And Entered Into Order Agreements.

Between 2020 and 2023, Plaintiffs ordered their Tesla vehicles and took delivery of those vehicles. *See Porter* Am. Compl. ¶¶ 127, 139, 151, 162, 174, 186, 192, 199, 213; *Van Diest* Compl. ¶¶ 45, 54.  Tesla sells its vehicles on its website.  Ahluwalia Decl., ¶ 5; Declaration of Minu Sinha ("Sinha Decl.") ¶ 3.  Customers who want to buy or lease a vehicle from Tesla can start the process by placing an order online through either the desktop or mobile version of Tesla's website.  Sinha Decl. ¶¶ 3-4.  At the end of the online order process (on the right side), customers view the below screens:



Sinha Decl., ¶¶ 4, 8, 9 Exs. 1-2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

A customer must click the "PLACE ORDER" button to complete the process of ordering a Tesla vehicle.  *Id*. ¶ 7.  As indicated on the screen depicted above, by clicking the "PLACE ORDER" button for a Tesla vehicle, Tesla purchasers "agree to the Model [3 or Y] Order Agreement" (along with the Terms of Use and Privacy Notice).  *Id.* ¶¶ 4, 8, 9 Exs. 1-2.  When Plaintiffs ordered their vehicles (and at all relevant times), the blue "Model [3 or Y] Order Agreement" language operated as a direct hyperlink to an online copy of the Order Agreement—as shown by the colored font.  *Id.* ¶¶ 4, 7.  It was positioned directly over the "PLACE ORDER" button.  *Id.* ¶¶ 4, 8, 9 Exs. 1-2.

Each of the Plaintiffs placed online orders for Tesla vehicles through the process above.  Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12; Sinha Decl. ¶¶ 6, 8-9.  Although Appendix A provides additional detail, below is a chart containing information regarding each Plaintiffs' purchase based on their Order Agreements:

| Plaintiff | State | Date of Purchase | Vehicle Purchased | Purchase Price |
|---|---|---|---|---|
| James Porter | California | March 6, 2022 | Model Y | $66,940 |
| Dro Israeili Estepanian | California | March 18, 2022 | Model 3 | $55,940 |
| Bryan Perez | California | Jan. 22, 2022 | Model 3 | $53,940 |
| Artem Kupriiets[2] | Illinois | Feb. 11, 2023 | 2023 Model Y | $60,130 |
| Neil Kruezer | Massachusetts | Dec. 3, 2021[3] | 2022 Model 3 | $53,940 |
| | | March 20, 2022 | 2022 Model 3 | $56,940 |
| | | April 8, 2022 | 2022 Model 3 | $53,440 |

[2]    Kurpiiets' name does not appear on the face of his Order Agreement.  However, his street address is included, which is the same as the delivery address for the vehicle and the address included in the Sale Agreement.  *Compare* Ahluwalia Decl. ¶ 8, Ex. 5 *with id.* ¶ 21, Ex. 15.

[3]    Kruezer has purchased multiple Tesla vehicles and entered into Order Agreements on December 3, 2021, March 20, 2022, and April 8, 2022.  Although Kreuzer's name does not appear on the December 3, 2021 Order Agreement, it appears on one of the other two Order Agreements and each Agreement contains the same telephone number and email address.  His name also appears on his Sale Agreement.  *See* Ahluwalia Decl. ¶ 9, Exs. 6-8, and ¶ 22, Ex. 16.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

| Wafay Nadir[4] | New York | April 9, 2021 | 2021 Model Y | $55,790 |
|---|---|---|---|---|
| Dennis Romanez | Florida | Dec. 9, 2020 | 2021 Model Y | $66,290 |
| Kenneth Brown | Washington | May 5, 2023 | 2023 Model 3 | $55,880 |
| Samuel Van Diest | California | May 21, 2021 | 2021 Model 3 | $50,290 |
| Sergey Khalikulov | California | Dec. 14, 2022 | 2020 Model 3 | $48,100 |

Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12 at 3.

Each Plaintiff selected "PLACE ORDER" and accepted the Order Agreement as part of his or her purchase. *See id.* The first page of the Order Agreement—right under Plaintiffs' customer information, their Order Number, and their Order Fee—states that their "Order [was] placed with electronically accepted terms." Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12 at 1.

Every Order Agreement to which Plaintiffs agreed contained an "Agreement to Arbitrate" that is prominently displayed in a standalone text box. For Order Agreements entered into before June 2022, the arbitration provision stated as follows:

> **Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
> ***
>
> [Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.
>
> We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence.
>
> ***
>
> The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear clear

---

[4]   Nadir's name appears as "Mohamed Nadir" on the Order Agreement. However, in other documents, including the signed Sale Agreement, his name is listed as "Wafay"—which is consistent with the email he provided in the Order Agreement. *Compare* Ahluwalia Decl. ¶ 10, Ex. 9 *with id.* ¶ 23, Ex. 17.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

or representative claims or request for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim or relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla's designated address].  If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract. .

Ahluwalia Decl., ¶¶ 4-7, 9-10, 12, Exs. 1-4, 6-9, and 11 .

For Order Agreements entered into after June 2022, the arbitration provision changed slightly.  One of those changes was that the parties agreed arbitrability disputes must be resolved by the Court, rather than an arbitrator.  Those Order Agreements provide:

**Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").

\*\*\*

[Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.  You further agree that any disputes related to the arbitrability of your claims will be decided by the court rather than an arbitrator, notwithstanding AAA rules to the contrary.

To initiate the arbitration, you will pay the filing fee directly to AAA and we will pay all subsequent AAA fees for the arbitration, except you are responsible for your own attorney, expert, and other witness fees and costs unless otherwise provided by law.  If you prevail on any claim, we will reimburse you your filing fee. The arbitration will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla's designated address]. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

Ahluwalia Decl., ¶¶ 8, 11, 13, Exs. 5, 10 and 12 (Brown, Khalikulov, and Kurpiiets Order Agreements).)

Regardless of which Order Agreement was signed, each Plaintiff was given the ability to "opt out of the Agreement to Arbitrate" within 30 days after entering into the Order Agreement. *Id.* ¶¶ 4-13, Exs. 1-12 at 3. None of the Plaintiffs chose to do so. *Id.* ¶ 18.[5]

**B.    Most Plaintiffs Again Agreed To Arbitrate Any Disputes With Tesla When They Took Delivery Of Their Vehicles And Signed The Sale Agreements.**

Seven Plaintiffs also financed their Tesla vehicle purchases. As part of this process, Plaintiffs Porter, Estepanian, Kupriiets, Kreuzer, Nadir, Van Diest, and Khalikulov entered into a separate Sale Agreement with Tesla. *See* Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 1. Even the title of this contract—RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)—makes clear that it contains an arbitration provision. *See id.* All of these agreements contain Plaintiffs' electronic signature, which indicated their acceptance of its terms. *Id.* Although Appendix A contains additional detail, below is a chart containing information regarding each Plaintiff's Sale Agreement:

| Plaintiff | State of Delivery | Date of Delivery and Signature |
|---|---|---|
| James Porter | California | June 18, 2022 |
| Dro Israeili Estepanian | California | June 29, 2022 |
| Artem Kupriiets | Illinois | March 28, 2023 |

---

[5]    The Order Agreements provide that if a purchaser "do[es] not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract." Ahluwalia Decl. ¶¶ 4-13, Exs. 1-12 at 3.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

| Neil Kreuzer | Massachusetts | June 25, 2022 |
| Wafay Nadir | New York | May 7, 2021 |
| Samuel Van Diest | California | June 28, 2021 |
| Sergey Khalikulov | California | December 23, 2022 |

*See* Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19.

On the first page of the Sale Agreement, each Plaintiff placed his electronic signature in a box that reads:

> **Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

*Id.* Page 7 of the Sale Agreement contains the "Arbitration Provision."  To signal the importance of this provision, the top of this page contains the following bold and capitalized terms:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**
>
> 1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL**
> 2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
> 3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

*See id* at 7.

The language of the "ARBITRATION PROVISION" immediately follows the above-referenced request to consumers to carefully review its language.  It states:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship … shall, at your or our election, be resolved by neutral binding arbitration and not by a court action.

\*\*\*

Any claim or disputed is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.  You may choose [AAA] or any other organization to conduct the arbitration subject to our approval.

\*\*\*

The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed.

We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization requires us to pay more…

*Id.*

By signing the Sale Agreement, Plaintiffs agreed that Tesla gave them the Sale Agreement and that they were free to review it.  *See* Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 6.  Plaintiffs each "ACKNOWLEDGE[D] THAT [HE] HA[D] READ ALL PAGES OF THIS CONTRACT, **INCLUDING THE ARBITRATION PROVISION ON PAGE 7 OF THIS CONTRACT, BEFORE SIGNING BELOW."**  *Id.*  (emphasis added).  Plaintiffs further agreed that their electronic signatures reflected their intent to enter into the Sale Agreement, and that the contract was legally valid and enforceable.  *See id.* at 4.

### C. Plaintiffs Have Refused To File Their Claims On An Individual Basis In Arbitration, Even Though Plaintiffs' Counsel Recently Sent A Letter <u>Threatening Mass Arbitration Against Tesla.</u>

After this lawsuit was filed, Tesla's counsel explained to Plaintiffs' counsel that any dispute had to be arbitrated on an individual basis, pursuant to the Order Agreements and Sale Agreements; however, neither the *Porter* nor *Van Diest* Plaintiffs have agreed to withdraw their putative class action claims.  While continuing to contest arbitration, the same counsel for the *Van Diest* Plaintiffs recently sent a letter to Tesla's counsel indicating that they intend to initiate individual arbitrations for multiple alleged clients asserting the same battery range claims at issue here.  *See* Schrader

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

Decl. ¶ 3, Ex. B. Accordingly, Plaintiffs' counsel has acknowledged that these claims are subject to arbitration agreements and do not belong in this Court.

Because the Plaintiffs in the *Porter* and *Van Diest* actions refuse to submit their claims to arbitration, Tesla was forced to bring this motion.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Must Arbitrate All Of Their Claims Against Tesla On An Individual Basis.

The Federal Arbitration Act ("FAA")[6] makes the arbitration provisions in both the Order and Sale Agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. Consistent with the text of the FAA, "courts must 'rigorously enforce' arbitration agreements according to their terms . . . ." *Am. Exp. Co.*, 570 U.S. at 233. The FAA creates a heavy presumption in favor of arbitrability, requiring that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "If an arbitration agreement exists and covers the dispute at issue, § 4 of the FAA 'requires courts to compel arbitration in accordance with the terms of the agreement.'" *Fish v. Tesla, Inc.*, No. SACV21060PSGJDEX, 2022 WL 1552137, at *2 (C.D. Cal. May 12, 2022) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)).

Where a party attempts to litigate claims covered by a contract containing an arbitration agreement subject to the FAA, the court must determine "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Loewen v. McDonnell*, 403 F. Supp. 3d 832, 835 (N.D. Cal. 2019) (Gonzalez Rogers, J.) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). However, where an arbitration clause delegates questions of arbitrability to the arbitrator by "clear and unmistakable"

---

[6] There can be no question that the FAA governs the Order Agreements and the Sale Agreements, because both include a "FAA choice-of-law" clause. *See Kim v. Tinder, Inc.*, No. CV 18-03093 JFW (AS), 2018 WL 6694923, at *2 (C.D. Cal. July 12, 2018) (citing *Brennan*, 796 F.3d at 1129-31). Further, "the Internet is an instrumentality and channel of interstate commerce" (*United States v. Sutcliffe*, 505 F.3d 944, 952-53 (9th Cir. 2007) [citation omitted]), bringing the Agreements within the gambit of the FAA. 2 U.S.C. § 9.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    evidence, the court must refer the matter to arbitration, without addressing whether the claim is, in

2    fact, arbitrable.  *See, e.g., Henry Schein, Inc.*, 139 S. Ct. at 530 (quoting *First Options of Chicago,*

3    *Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  In such circumstances, the court "may not override the

4    contract … [and] ***possesses no power to decide the arbitrability issue.***"  *Henry Schein, Inc.*, 139 S.

5    Ct. at 529 (emphasis added); *I.C. v. Zynga, Inc.*, No. 20-CV-01539-YGR, 2021 WL 3271187, at *2

6    (N.D. Cal. July 30, 2021) (Gonzalez Rogers, J.) (applying principle in compelling arbitration).

7         State law governs questions of contract formation and interpretation.  *See, e.g., First*

8    *Options of Chicago, Inc.*, 514 U.S. at 944; *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171,

9    1175 (9th Cir. 2014) (quoting *First Options of Chicago, Inc.*, 514 U.S. at 944) ("In determining

10   whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that

11   govern the formation of contracts.'").  California law, like federal law, "favor[s] enforcement of

12   arbitration provisions." *Cap. Grp. Commc'ns Inc v. Xedar Corp.*, No. C-13-01793 EDL, 2013 WL

13   4013711, at *3 (N.D. Cal. Aug. 5, 2013).  Under California law, "[a] heavy presumption weighs

14   the scales in favor of arbitrability; an order directing arbitration should be granted 'unless it may

15   be said with positive assurance that the arbitration provision is not susceptible of an interpretation

16   that covers the asserted dispute.'"  *Id.*  (quoting *Gravillis v. Coldwell Banker Residential Brokerage*

17   *Co.*, 143 Cal. App. 4th 761, 771 (2006)).

18        Florida, Illinois, Massachusetts, New York, and Washington law also favor enforcement of

19   arbitration provisions, and, under those laws, courts "are to resolve any doubts concerning an

20   arbitration agreement in favor of arbitration."  *Hubbert v. Dell Corp.*, 835 N.E.2d 113, 121 (Ill.

21   App. Ct. 2005) (Illinois law); s*ee also Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1,

22   7 (1st Cir. 2014) (Massachusetts law) (policy favoring arbitration requires that ambiguities as to

23   the scope of the arbitration clause itself must be resolved in favor of arbitration); *Timmerman v.*

24   *Grain Exch., LLC*, 915 N.E.2d 113, 119 (Ill App. Ct. 2009) ("Illinois law favors the enforcement

25   of agreements to arbitrate disputes"); *Rey v. Bonati*, No. 8:08-CV-806-T-26MAP, 2008 WL

26   11335106, at *1 (M.D. Fla. July 30, 2008) (Florida law) ("It is well settled under Florida law that

27   arbitration is a favored means of dispute resolution and that courts should indulge every reasonable

28   presumption to uphold these agreements."); *Feld v. Postmates, Inc.*, 442 F. Supp. 3d 825, 828

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

(S.D.N.Y. 2020) (New York law) ("Where contracts contain arbitration clauses, there is a presumption of arbitrability.... [d]oubts should be resolved in favor of [arbitration]." (citation omitted)); *Signavong v. Volt Mgmt. Corp.*, No. C07-515JLR, 2007 WL 1813845, at *1 (W.D. Wash. June 21, 2007) (Washington law) ("Courts resolve doubts on questions of arbitrability in favor of arbitration.").

Once a party establishes the existence of an arbitration agreement and that the dispute falls within its scope (or that arbitrability issues have been delegated to the arbitrator to decide), the burden shifts to the party opposing arbitration to "prove a defense by the preponderance of the evidence." *Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. EDCV161953DMGKKX, 2020 WL 6528422, at *2 (C.D. Cal. Oct. 20, 2020); *see also YayYo, Inc. v. Hurst Cap., LLLC*, No. CV 16-08653 TJH (EX), 2017 WL 10574249, at *1 (C.D. Cal. July 7, 2017); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016) ("plaintiffs have not met their burden of proving" arbitration agreement was unconscionable). The "party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012). If the party opposing arbitration fails to meet his or her burden, the court may dismiss the action or stay the matter pending the outcome of the arbitration. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) ("a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.").

Here, applying these principles, it is clear that: (1) Plaintiffs and Tesla entered into agreements to arbitrate; (2) most Agreements delegate any questions about the arbitrability of Plaintiffs' claims to the arbitrator; (3) regardless of delegation, all of Plaintiffs' claims clearly fall within the scope of the arbitration provisions in the agreements; and (4) any arbitration must take place on an individual basis.

### 1.    **Each Plaintiff Entered Into An Agreement To Arbitrate His Dispute With Tesla.**

Under California law, a valid contract exists when (1) the parties are capable of contracting,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

and (2) there was mutual assent, (3) a lawful object, and (4) sufficient cause or consideration.[7]  Cal. Civ. Code § 1550.  Elements of a valid contract are similar under the laws of Illinois, Florida, Massachusetts, New York, and Washington.  *See, e.g., Vassilkovska v. Woodfield Nissan, Inc.*, 830 N.E.2d 619, 624 (Ill. App. Ct. 2005) (under Illinois law, a valid contract requires "an exchange . . . offer, acceptance, and consideration"); *Stork v. Lydian Tr. Co.*, No. 10-80962-CIV, 2010 WL 11558231, at *3 (S.D. Fla. Nov. 24, 2010) ("A contract is made under Florida law when the three elements of contract formation are present: offer, acceptance, and consideration."); *Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp. 2d 342, 351 (D. Mass. 2011) (Massachusetts law) ("The elements of a valid contract are an offer, acceptance, and an exchange of consideration or a meeting of the minds."); *In re Celsius Network LLC*, 647 B.R. 631, 648 (Bankr. S.D.N.Y. 2023) (New York law) (citing *Register.com, Inc. Verio, Inc.*, 356 F.3d 393 , 427 (2d Cir. 2004) ("A contract requires an offer and acceptance thereof (mutual assent), consideration, and an intent to be bound."), *leave to appeal denied*, No. 23-CV-523 (JPO), 2023 WL 2648169 (S.D.N.Y. Mar. 27, 2023); *Yakima Cnty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 858 P.2d 245, 255 (Wash. 1993) (Washington law) (stating that mutual assent and consideration are requirements for a valid contract).

Indeed, courts have recognized the law regarding contract formation is substantially similar between California law and the laws implicated by this motion to compel.  *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (finding New York and California law substantially similar on this issue); *Pierre v. IEC Corp.*, No. 822CV01280FWSJDE, 2023 WL 3551962, at *3 (C.D. Cal. Mar. 14, 2023) (parties stipulated that Florida and California law are substantially similar on this issue); *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2017 WL 4685039, at *5 (C.D. Cal. July 17, 2017) (no dispute that Washington and California law were substantially similar on this issue); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023) ("As California and Massachusetts law apply 'substantially similar rules,' [regarding

---

[7]     Plaintiffs Porter, Estepanian, Perez, Van Diest, and Khalikulov entered into their Agreements in California, where they reside.  In addition, the Order Agreements call for the application of the law of the state nearest to the address on his Vehicle Configuration—that is, California law.  Ahluwalia Decl., ¶¶ 4-13, Exs. 1-12 at 4 ("Governing Law").  The Sale Agreements call for the application of California law.  *Id.* ¶¶ 19-25, Exs. 13-19, at 4.  Accordingly, there is no question that California law controls whether these Plaintiffs entered an enforceable agreement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

contract formation] we need not engage in a detailed choice-of-law analysis.");   *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 388 (E.D.N.Y. 2015) ("the substantive contractual laws of New York, California, and Illinois … are substantively similar with respect to the issue of contract formation.").

Under each applicable law, the Order and Sale Agreements are valid contracts.  Plaintiffs are all adults who willingly entered into an Order Agreement with Tesla to purchase a Tesla vehicle. Plaintiffs Porter, Estepanian, Kupriiets, Kreuzer, Nadir, Van Diest, and Khalikulov also signed Sale Agreements with Tesla to finance their Tesla vehicles.  There was consideration for each Agreement.  Each Agreement contains a mandatory arbitration provision.  And all Plaintiffs assented to their respective Agreements.  Indeed, the *Van Diest* Plaintiffs expressly allege that they (and putative class members) formed a valid contract for the purchase and sale or lease of electric automobiles. *Van Diest* Compl. ¶ 133.  Plaintiffs cannot avoid their Agreements.

### a. As Every Court Has Held, The Order Agreements Are Valid Contracts.

Each Plaintiff accepted his respective Order Agreement electronically on Tesla's website. They did so by selecting the "PLACE ORDER" button on a screen that directly linked to the Order Agreement and advised that "By placing this order [you] agree to the Model [Y or 3] Order Agreement, Terms Of Use, and Privacy Notice."  Sinha Decl. ¶¶ 4, 8-9 Exs. 1-2.  The Order Agreement expressly requires arbitration of any dispute relating to "any aspect" of the Plaintiffs' relationships with Tesla.  Ahluwalia Decl. ¶¶ 4-13, Exs. 1-12 at 3.  Moreover, while Plaintiffs had the opportunity to opt out of the arbitration provision in their Order Agreements within 30 days, no Plaintiff did so.  Ahluwalia Decl. ¶ 18.  As a matter of law, Plaintiffs assented to each Order Agreement and its terms.

Courts routinely enforce Order Agreements between Tesla and its customers under California and other state laws, finding that a valid contract was formed when the customer ordered the Tesla vehicle online by clicking the "PLACE ORDER" button.  In the last two months alone, three judges in this District held that Order Agreements were enforceable and that claims brought by Tesla purchasers must be arbitrated on an individual basis. *See Yeh*, 2023 WL 6795414, at *9;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

*In re Tesla Advanced Driver Assistance Systems Litig.*, 2023 WL 6391477 at *7; Schrader Decl. ¶ 2, Ex. A (*Lambrix* Order) at 18.

Other courts have reached the same conclusion.  *See, e.g., Surkhabi*, 2022 WL 19569540, at *3, *5 (finding customer assented to Order Agreement because "before clicking the 'Place Order' button, there is an option to click an underlined hyperlink labeled 'Model X Order Agreement'" and plaintiff "had sufficient opportunity to see and review the arbitration agreement"); *Fish*, 2022 WL 1552137, at *4 (compelling arbitration of claims on an individual basis brought by consumers because "the fact that they could not have completed their online orders without clicking the 'Place Order' button is sufficient to establish their assent"); *Hiatt*, 2021 WL 6052266, at *4 (concluding that "all issues related to Hiatt's individual claims, including potentially dispositive gateway issues regarding arbitrability, must be arbitrated" under the Order Agreement); *Nguyen*, 2020 WL 2114937, at *3 (reaching same result and reasoning that "[w]hether or not he recalls having seen the agreement or signed it is of no moment, for Tesla presents sufficient evidence that the agreement *was* presented to Nguyen (and the other Plaintiffs, for that matter) and that he (and the other Plaintiffs) assented to it"); *Lee*, 2020 WL 10573281, at *2, 4 (finding Order Agreement to be valid and enforceable); *Gala*, 2020 WL 7061764, at *4 ("Plaintiff Visanji Gala had to agree to the Motor Vehicle Order Agreement, which included the arbitration agreement, to select the Place Order button on the Tesla website"); *Raebel*, 451 F. Supp. 3d at 1189 (same).

Likewise, the Ninth Circuit has consistently found that a binding contract is formed under California law in these very circumstances—that is, where a customer has an opportunity to review the terms of an agreement in the form of a hyperlink on the website screen immediately above or below a button that must be clicked to affirmatively place an order or use a service.  *See, e.g., Dohrmann v. Intuit, Inc*., 823 F. App'x 482, 484 (9th Cir. 2020) (agreement formed where user accessing a TurboTax account "was required to click a 'Sign In' button," where "directly under which the following language appeared: 'By clicking Sign In, you agree to the Turbo Terms of Use, TurboTax Terms of Use, and have read and acknowledged our Privacy Statement,'" and where agreements "were each light blue hyperlinks which, if clicked, directed the user to a new webpage" with the terms); *Lee v. Ticketmaster L.L.C.*, 817 F. App'x. 393, 394-95 (9th Cir. 2020) (finding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

1   assent by customer to Ticketmaster's Terms of Use under California law where Ticketmaster

2   provided notice of its Terms of Use adjacent to the "Place Order" button, included a hyperlink to

3   the terms in a contrasting color, and informed the user that placing an order would indicate assent

4   to the terms).

5         The laws of Florida (Romanez), Illinois (Kupriiets), Massachusetts (Kreuzer), New York

6   (Nadir), and Washington (Brown) are no different.  The key inquiry is whether there was reasonable

7   notice of the terms and a manifestation of assent to those terms—and Tesla's order process satisfies

8   these requirements.  *See Bell v. Royal Seas Cruises, Inc.*, No. 19-CIV-60752-RAR, 2020 WL

9   5639947, at *6 (S.D. Fla. Sept. 21, 2020) (Florida law) (a reasonable person would understand that

10   by clicking "Continue" directly under a sentence that begins "'I understand and agree ... [,]' the

11   user is assenting to the statements or conditions that follow."); *Ambrosius v. Chic. Athletic Clubs,*

12   *LLC*, 203 N.E.3d 239, 250 (Ill. App. Ct. 2021) (Illinois law) (holding that online prompt to read

13   terms that are available at a hyperlink, and manifest assent thereto by clicking on a box sufficient

14   to form a contract), *appeal denied*, 184 N.E.3d 989 (Ill. 2022); *Oberstein v. Live Nation Ent., Inc.*,

15   60 F.4th 505, 514 (9th Cir. 2023) (Massachusetts and California law) (reasonable user would have

16   seen ticket company's notice of terms of service and been able to locate the Terms via hyperlink

17   which was conspicuously displayed directly above or below the action button at each of three

18   independent stages that a user must complete before purchasing tickets); *Feld*, 442 F. Supp. 3d at

19   831 (New York law) (Postmates' arbitration provision contained in terms of service enforceable

20   because it was viewable by clicking on dark, bold hyperlink below login information and above

21   "Sign Up" button"); *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 864 (9th Cir. 2017)

22   (Washington law) ("notices on Amazon's checkout and account registration pages, which alerted

23   Wiseley that clicking the corresponding action button constituted agreement to the hyperlinked

24   COU, were in sufficient proximity to give him a "reasonable opportunity to understand" that he

25   would be bound by additional terms").

26         Put simply, each Plaintiff entered into a binding arbitration agreement with Tesla when he

27   ordered his vehicle.  Accordingly, under the FAA, the Court must compel Plaintiffs' claims to

28   where they belong—individual, non-class arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

b.     **The Sale Agreements Are Also Binding Contracts**.

Plaintiffs Porter, Estepanian, Kupriietz, Kreuzer, Nadir, Van Diest, and Khalikulov also signed Sale Agreements, and did so with an electronic signature in no fewer than six places. Ahluwalia Decl. ¶¶ 19-25, Exs. 13-19.  Electronic signatures are valid under California law.  Cal. Civ. Code § 1633.9(a); *see, e.g.*, *Ngo v. PMGI Fin., LLC*, No. 18-CV-05401-JCS, 2018 WL 6618316, at *6 (N.D. Cal. Dec. 18, 2018) (enforcing arbitration agreement which bore plaintiff's electronic signature); *Lira v. Nat'l Distrib. Ctrs., LLC*, No. EDCV21672JGBKKX, 2021 WL 6693934, at *3 (C.D. Cal. Dec. 22, 2021) (same).  They also are valid under the laws of Illinois and New York.  *See* 815 Ill. Comp. Stat. Ann. 333/7 ("(a) A record or signature may not be denied legal effect or enforceability solely because it is in electronic form. . . (c) If a law requires a record to be in writing, an electronic record satisfies the law. (d) If a law requires a signature, an electronic signature satisfies the law."); *see also Muhammad v. Tree*, No. 18 C 04192, 2020 WL 1530750, at *3 (N.D. Ill. Mar. 31, 2020) (Illinois law) (enforcing electronically signed employment agreement); *Phila. Ins. Indemn. Co. v. Kendall*, 151 N.Y.S.3d 392, 396 (1st Dep't 2021) (New York law) ("[t]he use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand" (citing New York's Electronic Signatures and Records Act, N.Y. STATE TECH. Law § 304(2))).

In fact, these seven Plaintiffs signed a provision titled "**Agreement To Arbitrate**" and expressly agreed to the terms of the arbitration provision in the Sale Agreement:  "By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate."  Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 1.  As other courts have recognized, the Sale Agreements are binding contracts that Tesla customers assent to when they finance their purchase of a Tesla vehicle.  *See, e.g.,* Schrader Decl. ¶ 2, Ex. A (*Lambrix* Order) at 8; *Kamineni*, 2020 WL 57867, at *3 (enforcing Sale Agreement and compelling arbitration of claims that Tesla vehicle was allegedly defective under New Jersey law); *Skiles v. Tesla, Inc.*, No. 17-cv-05434-WHO (N.D. Cal.), at ECF No. 76 (granting motion to compel arbitration based upon Sale Agreement under California law);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

*Wiseman*, 2017 WL 7058142, at *3 (enforcing earlier version of Sale Agreement under California law).  It is binding here, too.

In short, in addition to their Order Agreements, Plaintiffs Porter, Estepanian, Kupriietz, Kreuzer, Nadir, Van Diest, and Khalikulov entered into a second arbitration agreement with Tesla in connection with the finance of their Tesla vehicles.

### 2. Most Agreements Delegate The Arbitrability Of Plaintiffs' Claims To The Arbitrator To Decide.

It is well-settled that the "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular dispute or controversy."  *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  Where the parties' agreement contains a provision referring questions of arbitrability to the arbitrator, that "clearly and unmistakably gives the arbitrator authority over the threshold question of arbitrability." *Jackson v. Airbnb, Inc.*, 639 F. Supp. 3d 994, 1003 (C.D. Cal. 2022); *see also Henry Schein, Inc.*, 139 S. Ct. at 530 (same).

As set forth below and in Appendix A, the Order Agreements for seven Plaintiffs and each Sale Agreement "clearly and unmistakably" delegate any questions about the arbitrability of Plaintiffs' claims to the arbitrator to decide, including whether their claims fall within the scope of the arbitration provisions in those Agreements.

### a. The Porter, Estepanian, Perez, Kruezer, Nadir, Romanez, and Van Diest Order Agreements Incorporate The AAA Rules And Therefore Delegate Arbitrability Issues.

Plaintiffs Porter, Estepanian, Perez, Kruezer, Nadir, Romanez, and Van Diest each entered into Order Agreements that delegate issues about the arbitrability of their claims to the arbitrator. *See* Ahluwalia Decl., ¶¶ 4-7, 9-10, 12, Exs. 1-4, 6-9, and 11 at 3.  They do so by expressly incorporating the AAA's Consumer Arbitration Rules, which provide that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."  Schrader Decl. ¶ 4, Ex. C (AAA Consumer Arbitration Rules at R-14(a)).[8]

---

[8]   Brown, Kupriiets, and Khalikulov entered into Order Agreements that do not require delegation because those agreements provide that "disputes related to the arbitrability of your

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

The Ninth Circuit has held that incorporation of these rules is "clear and unmistakable evidence" that the parties intended the arbitrator to decide any threshold issues concerning arbitrability. *See, e.g., Brennan*, 796 F.3d at 1130 ("we hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability"). Applying *Brennan*, this Court has repeatedly reached the same conclusion, regardless of the level of sophistication of the plaintiff. *Gerlach v. Tickmark Inc.*, No. 4:21-CV-02768-YGR, 2021 WL 3191692, at *4 (N.D. Cal. July 28, 2021) (Gonzalez Rogers, J.) (holding that "incorporation of the AAA rules is evidence of a 'clear and unmistakable' intent to delegate the question of arbitrability to the arbitrator," regardless of level of sophistication of plaintiff); *Ortiz v. Volt Mgmt. Corp*, No. 16-CV-07096-YGR, 2017 WL 1957072, at *2 (N.D. Cal. May 11, 2017) (Gonzalez Rogers, J.) (applying *Brennan* and finding incorporation of AAA rules constituted a clear and unmistakable delegation clause).  Other courts also have held that the specific Order Agreement at issue here delegates issues of arbitrability by incorporating the AAA Consumer Arbitration Rules.  *See* Schrader Decl. ¶ 2, Ex A (*Lambrix* Order) at 11 (finding that the incorporation of AAA rules "presents clear and unmistakable evidence that the parties delegated arbitrability to an arbitrator");[9] *Hiatt*, 2021 WL 6052266, at *4 (same).

Courts elsewhere have reached the same result when an agreement incorporates the AAA Consumer Arbitration Rules. *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1298 (11th Cir. 2022) ("By incorporating this AAA rule about the arbitrator's 'power to rule on his or her own jurisdiction'" into their agreement, Attix and Carrington clearly and unmistakably agreed to arbitrate threshold arbitrability disputes."); *Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.*, 553 F. Supp. 3d 452, 458 (N.D. Ill. 2021) ("the 'consensus view' in this district accords with the consensus among the federal courts of appeals: incorporating the AAA's rules, or similar rules, into a contract clearly and unmistakably delegates arbitrability to the arbitrator."); *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 11 (1st Cir. 2009) ("Rule 7(a) [of the AAA Commercial Rules]

---

claims will be decided by the court rather than an arbitrator, notwithstanding AAA rules to the contrary." Ahluwalia Decl. ¶¶ 8, 11, 13, Exs. 5, 10, 12 at 3.

[9]     Judge Thompson recently certified this order for interlocutory appeal as to delegation issue.  Dkt. No. 123 in *Lambrix v. Tesla, Inc.*, Case 3:23-cv-01145-TLT (N.D.Cal.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

... is about as clear and unmistakable as language can get, meeting the standard we have followed." (internal quotation marks omitted)); *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 318–19 (2d Cir. 2021) ("where the arbitration agreement is broad and expresses the intent to arbitrate all aspects of all disputes, this – coupled with incorporation of rules that expressly empower an arbitrator to decide issues of arbitrability – constitutes clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator"); *Park v. Kim*, No. 2:23-CV-387, 2023 WL 5054566, at \*3 (W.D. Wash. July 17, 2023) (same).

Accordingly, because their Order Agreements incorporate the AAA Consumer Arbitration Rules, an arbitrator must decide any questions over the arbitrability of claims brought by Plaintiffs Porter, Estepanian, Perez, Kruezer, Nadir, Romanez, and Van Diest.

### b. The Porter, Estepanian, Kupriiets, Nadir, Van Diest, And Khalikulov Sale Agreements Contain Express Delegation Clauses.

The Sale Agreements entered into by Plaintiffs Porter, Estepanian, Kupriiets, Nadir, Van Diest, and Khalikulov also include a clear delegation clause. The arbitration provision states that "any claim or dispute . . . (***including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute***) . . . shall . . . be resolved by neutral, binding arbitration and not by a court action." Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 5 (emphasis added). As a result, Plaintiffs and Tesla have agreed to delegate the issue of whether the dispute falls within the scope of the Sale Agreement's arbitration provision to the arbitrator to decide.

Courts in the Ninth Circuit have held that identical delegation clauses require an arbitrator to decide the arbitrability of the claims at issue. *See, e.g.*, *Karobkoff v. Nissan Motor Acceptance Co. LLC*, No. 221CV09570MEMFPDX, 2022 WL 2124901, at \*3 (C.D. Cal., Mar. 22, 2022) (holding that parties who entered into purchase agreement for vehicle that requires arbitration of "[a]ny claim or dispute, whether in contract, tort, statute or otherwise [including the interpretation and scope of this Arbitration Provision, and the *arbitrability* of the claim or dispute]" delegated issues of arbitrability, including whether a dispute falls within the scope of the arbitration clause, to the arbitrator); *Arab v. BMW of N. Am., LLC*, No. SACV191303DOCJDEX, 2019 WL 8011713, at \*3 (C.D. Cal. Sept. 10, 2019) (enforcing nearly identical delegation clause); *Skiles v. Tesla*, No.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

17-cv-05434-WHO (N.D. Cal.), at ECF No. 76 (holding that "the controlling [Tesla] contract requires arbitration over arbitrability" and referring matter to arbitrator); *see also Lyman v. Ford Motor Co.*, No. 21-10024, 2023 WL 2667736, at *5 (E.D. Mich. Mar. 28, 2023) (finding under nearly identical purchase agreement that plaintiffs are "required to arbitrate their claims, and the arbitrator can determine any issues of arbitrability"); *Perei v. Arrigo DCJ Sawgrass, Inc.*, No. 18-CV-60091, 2018 WL 1182570, at *4 (S.D. Fla. Mar. 7, 2018) (same); *Chatman v. Jimmy Gray Chevrolet, Inc.*, No. 3:16CV009-NBB-SAA, 2016 WL 5745697, at *4 (N.D. Miss. Sept. 30, 2016) (same); *see also Harris v. Pac. Gas & Elec. Co.*, No. 21-CV-04096-JCS, 2022 WL 16637987, at *7 (N.D. Cal. Nov. 2, 2022) (emphasis added) (finding that agreement which referred disputes "arising out of or relating to this Agreement, *including any question regarding its existence, validity or termination* to arbitration under the American Arbitration Rules" delegated arbitrability of gateway questions).

The same result follows here, too.  Because Plaintiffs Porter, Estepanian, Kupriietz, Nadir, Van Diest, and Khalikulov unambiguously agreed to delegate arbitrability issues to the arbitrator in their Sale Agreements with Tesla, an arbitrator must decide any challenges to the arbitration provisions in those Agreements, too.

### 3.  Plaintiffs' Claims Clearly Fall Within Scope Of The Arbitration Provisions In The Agreements.

Regardless of whether the parties agreed to delegate issues of arbitrability to the arbitrator, Plaintiffs' claims fall within the broad scope of the arbitration provision in each Agreement.

#### a.  Order Agreement Arbitration Clauses Cover All Claims.

In the Order Agreements, Plaintiffs expressly agreed to arbitrate "any dispute arising out of or relating to ***any aspect*** of the relationship between [he] and Tesla."  Ahluwalia Decl., ¶¶ 4-12, Exs. 1-13 at 3 (emphasis added).  In addition, the arbitration provision in each Order Agreement specifically covers "claims arising before this Agreement, such as claims related to statements about our products." *Id.*

All of Plaintiffs' claims arise out of or relate to their "relationship" with Tesla.  Plaintiffs purchased vehicles from Tesla.  Each claim is based upon conclusory allegations that Plaintiffs

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

were misled into purchasing their Tesla Model Y and Model 3 vehicles from Tesla, because Tesla allegedly made misstatements or omissions regarding the vehicles' estimated driving range. *See Porter* Am. Compl. ¶¶ 1-5, 7-10, ¶¶ 203-207 (fraud), ¶¶ 210-214 (negligent misrepresentation), ¶¶ 218-227 (violation of the Consumer Legal Remedies Act), ¶¶ 234-238 (violation of the Unfair Competition Law), ¶¶ 244-249 (violation of the False Advertising Law), and ¶¶ 206-207 (unjust enrichment); *Van Diest* Compl. ¶¶ 86-94 (violation of the Unfair Competition Law), ¶¶ 101-106 (violation of the Consumer Legal Remedies Act), ¶¶ 111-113 (violation of the False Advertising Law). Plaintiffs further claim that Tesla breached its warranties to Plaintiffs, because the estimated driving ranges are allegedly inaccurate. *Porter* Am. Compl. ¶¶ 237-246 (breach of express warranty), ¶¶ 248-251 (breach of implied warranty), ¶¶ 258-264 (violation of the Magnuson Moss Warranty Act), ¶¶ 266-272 (violation of the Song Beverly Act); *Van Diest* Compl. ¶¶ 117-122 (breach of express warranty claim), ¶¶ 124-131 (breach of implied warranty), ¶¶ 133-140 (breach of contract). All claims, therefore, arise out of the parties' seller/purchaser "relationship" and must be arbitrated. *See, e.g., Fish*, 2022 WL 1552137, at \*4 (Order Agreement requires individual arbitration of claims based upon alleged "defects in batteries and deficient battery performance"); *Kamineni*, 2020 WL 57867, at \*1, 3 (claims based upon alleged problems with Tesla vehicle and inability to repair or address problems fall within "broad" scope of arbitration provision in Sale Agreement); *Raebel*, 451 F. Supp. 3d at 1189 (compelling consumer protection and other claims pertaining to alleged acceleration defect to individual arbitration under Order Agreement).

Nor can Plaintiffs argue that their claims are not covered because they allegedly involve statements about their Tesla vehicles made before their purchases. Even if this were true, the arbitration provision in the Order Agreement expressly covers "any claims arising before the Agreement," including any "related to statements about our products." Ahluwalia Decl., ¶¶ 4-12, Exs. 1-13 at 3. The claims at issue in this case fall squarely within the scope of the arbitration provision in the Order Agreements.

### b.     All Claims Also Fall Within The Scope Of The Arbitration Provision In The Sale Agreements.

The arbitration provision of the Sale Agreements covers "any claim or dispute" between

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

Plaintiffs (Porter, Estepanian, Kupriietz, Nadir, Van Diest, and Khalikulov) and Tesla that "arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship."  Ahluwalia Decl., ¶¶ 19-25, Exs. 13-19 at 5 (emphasis added).  For the reasons set forth above, this language plainly covers the claims in this case, which arise out of Plaintiffs' "purchase" of their vehicles, the "condition" of their vehicles, and the parties' "relationship."

### 4.    Arbitration Must Be Conducted On An Individual, Non-Class Basis.

The Court must "enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). The FAA authorizes the Court to enter an order "directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  Consistent with these principles, the Supreme Court has made clear that arbitration must proceed on an individual and non-class basis where the agreement is silent or otherwise prohibits class claims.  *See, e.g., Lamps Plus, Inc.*, 139 S. Ct. at 1419 (reversing order compelling arbitration on class basis because "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis"); *Am. Exp. Co.*, 570 U.S. at 238 (upholding contractual waiver of class-wide arbitration); *AT&T Mobility LLC*, 563 U.S. at 344, 352 (FAA preempts state law barring class waiver and reasoning that "[r]equiring the availability of classwide arbitration," contrary to parties' agreement, "interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA"); *Stolt-Nielsen S.A.*, 559 U.S. at 683 (court may not compel arbitration on classwide basis when agreement is "silent" on availability of such arbitration).

Here, both the Order Agreements and the Sale Agreements contain class waivers and explicitly require arbitration on an individual basis.  Ahluwalia Decl., ¶¶ 4-12, Exs. 1-12 (Order Agreements) at 3 ("The arbitrator cannot hear class or representative claims or request for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action."); Ahluwalia Decl. ¶¶ 19-25, Exs. 13-19 (Sale Agreements) at 5 ("Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR

1      as a class action. You expressly waive any right you may have to arbitrate a class action.").

2      Accordingly, Plaintiffs must be compelled to arbitrate their claims on an individual basis.

3              **B.**     **The Court Should Dismiss The *Porter* And *Van Diest* Claims, Or, In The**

4                       **Alternative, Stay These Actions Pending The Outcome Of Arbitration.**

5          Under controlling Ninth Circuit law, this Court has the discretion to dismiss an action when

6      all of the claims are arbitrable. *See, e.g.*, *Forrest*, 62 F.4th at 1203, 1205 (holding that "binding

7      precedent establishes that district courts may dismiss suits when, as here, all claims are subject to

8      arbitration" and that the "district court's discretion to dismiss extends to cases in which a stay is

9      requested"); *Johnmohammadi*, 755 F.3d at 1073–74 (recognizing rule).  Because all of Plaintiffs'

10     claims across the two cases must be arbitrated on an individual basis, the Court should dismiss

11     these actions without prejudice.

12          In the alternative, if the Court is not inclined to dismiss the *Porter* and *Van Diest* actions,

13     the Court should stay both cases pending the outcome of arbitration proceedings involving the

14     parties. *See* 9 U.S.C. § 3 (allowing for stay until completion of arbitration).

15  **V.**     **CONCLUSION**

16          Under controlling law, the Court must order Plaintiffs to arbitrate all their claims against

17     Tesla on an individual, non-class basis.  The Court should also dismiss these actions without

18     prejudice.  As an alternative to dismissal, the Court should stay these actions pending the outcome

19     of mandatory arbitration.

20

21     Dated: November 22, 2023

22                                 By  */s/ David L. Schrader*

23                                   David L. Schrader
                                   Brian M. Ercole

24                                   Mark A. Feller
                                 Matthew M. Papkin

25                                   MORGAN, LEWIS & BOCKIUS LLP

26                                   *Attorneys for Defendant Tesla, Inc.*

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

TESLA'S MOTION TO COMPEL ARBITRATION
CASE NO. 4:23-CV-03878-YGR AND
CASE NO. 4:23-CV-04098-YGR