MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(admitted *pro hac vice*)
brian.ercole@morganlewis.com
Matthew M. Papkin
(admitted *pro hac vice*)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL 33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

*Attorneys for Defendant*
*Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, and DRO ESRAEILI ESTEPANIAN, DENNIS ROMANEZ, ARTEM KUPRIIETS, NEIL KREUZER, WAFAY NADIR, and KENNETH BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant.<br><br>**AND RELATED CASE**<br><br>SAMUEL VAN DIEST and SERGEY KHALIKULOV, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>TESLA, INC. dba TESLA MOTORS,<br><br>Defendant. | Case No. 4:23-cv-03878-YGR<br><br>AND<br><br>Case No. 4:23-cv-04098-YGR<br><br>**DECLARATION OF DAVID L. SCHRADER IN SUPPORT OF DEFENDANT TESLA INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFFS' CLAIMS ON AN INDIVIDUAL BASS**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers |

1

## DECLARATION OF DAVID L. SCHRADER

2

I, David L. Schrader, hereby declare pursuant to 28 U.S.C. § 1746:

3

1.     I am an attorney at law, duly licensed to practice in the State of California and before

4

this Court, and am a partner with Morgan, Lewis & Bockius LLP, attorneys of record for Defendant

5

Tesla, Inc. ("Tesla") in this action.  I make this declaration in support of its Motion To Compel

6

Arbitration Of Plaintiffs' Claims On An Individual Basis.

7

2.     Attached as **Exhibit A** is a true and accurate copy of an Order Granting a Motion

8

To Compel Arbitration in the matter *Virginia Lambrix et al. v. Tesla, Inc.*, Case No. 23-cv-01145-

9

TLT (ECF No. 75), entered on September 26, 2023.

10

3.     Attached as **Exhibit B** is a true and accurate copy of a letter dated November 13,

11

2023, sent by the law firms representing Plaintiffs Samuel Van Diest and Sergey Khalikulov in the

12

*Van Diest* Action, Kaliel Gold PLLC and Watts Guerra LLP, to Tesla, Inc., care of my law firm.

13

The letter indicates that these law firms represent 885 clients who purchased Tesla vehicles and

14

intend to bring individual arbitrations regarding their vehicles' advertised driving ranges.

15

4.     Attached as **Exhibit C** is a true and accurate copy of the American Arbitration

16

Association's Consumer Arbitration Rules dated September 1, 2014.  These rules are posted on the

17

American Arbitration Association website as "active rules" and are available at

18

https://adr.org/sites/default/files/Consumer%20Rules.pdf (last accessed November 22, 2023).

19

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd

20

of November in Los Angeles, California.

21

22

s/ David L. Schrader
David L. Schrader

23

24

25

26

27

28

1

DECLARATION DAVID L. SCHRADER ISO MOTION TO COMPEL ARBITRATION

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA M. LAMBRIX, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>TESLA, INC.,<br><br>  Defendant. | Case No.  23-cv-01145-TLT<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 75 |

Before the Court is Tesla, Inc.'s ("Defendant") motion to compel arbitration and stay the proceedings of plaintiffs Danielle Thys, Cary Phillips, and Levi Stoffal (collectively "Plaintiffs"). Def.'s Mot. to Compel Arbitration ("Arb. Mot."), ECF No. 75.  Having carefully considered the parties' briefs, oral arguments, relevant legal authority, and for the reasons below, the Court **GRANTS** Defendant's motion to compel arbitration.  Accordingly, the Court **STAYS** the proceedings as to the claims asserted by Plaintiffs Thys, Phillips, and Stoffal only.

I.    **BACKGROUND**

   A.    **Procedural Background**

   Plaintiffs Virginia M. Lambrix, Sean Bose, Patrick Doyle, Philomena Nana-Anyangwe, Andrew Ragone, Anthony Adjuder, Cary Phillips, Jason Pratti, Levi Stoffal, and Danielle Thys initiated this class action lawsuit against Defendant, bringing several causes of action under the Sherman Act, the California Cartwright Act, and the California Unfair Competition Law ("UCL"). Consolidated Amended Class Action Complaint ("Am. Compl.") *passim*, ECF No. 63.  After Plaintiffs consolidated their lawsuit, Defendant filed the instant motion against Plaintiffs Thys, Phillips, and Stoffal on July 31, 2023.  *See* ECF No. 75.  Plaintiffs timely filed an opposition on August 14, 2023.  Pls.' Opp'n to Arb. Mot. ("Opp'n"), ECF No. 80.  A reply was timely filed on

United States District Court
Northern District of California

August 21, 2023.  Def.'s Reply to Opp'n ("Reply"), ECF No. 89.  On August 28, 2023, Plaintiffs sought leave to file a Request for Judicial Notice which is decided with the instant motion.  Pls.' Mot. for Leave to File Request for Judicial Notice ("Req."), ECF No. 94.  Oral argument on the motion was held on September 6, 2023.  *See* ECF No. 102.

### B.    Factual Background

Defendant is a multinational automotive and clean energy company that designs, manufactures, and sells high-performance battery-electric motor vehicles ("EVs") intended to be operated on public streets.  Am. Compl. ¶¶ 19, 21, 28.  Although Defendant's primary business is selling vehicles to consumers, it also designs and manufactures compatible parts for its EVs and operates over 150 "Service Centers" that provide repair and maintenance services across the United States—46 Service Centers are in California.  *See id*. ¶ 22.  Defendant alternatively directs vehicle owners (and lessors) to "Tesla-Approved Collision Centers" or "Tesla-Preferred Collision Centers" that are independently owned and operated.  *See id*. ¶ 55.

Each Plaintiff either purchased or leased a vehicle from Defendant.  Following the purchase and lease of their vehicles, Plaintiffs purchased Tesla Repair Services and Tesla-Compatible Parts from Defendant or one of its authorized collision centers.  Opp'n 5 (citing Am. Compl. ¶¶ 3, 15, 17-18).  Plaintiff Thys and Phillips are both California citizens.  *Id. ¶¶* 15, 18.  Plaintiff Stoffal is an Oregon citizen.  *Id.* ¶ 17.

### 1.    Plaintiff Danielle Thys

On January 5, 2019, Plaintiff Danielle Thys signed a Retail Installment Sales Contract "on every page" when purchasing a 2015 Model S Tesla from Defendant.  Decl. of Jasjit Ahluwalia ("Ahluwalia Decl.") Ex. A at 7, ECF No. 75-2.  Thys' agreement contained an arbitration provision, which stated "[either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial.]"  *Id*.  The provision obligated Thys to resolve any claim or dispute related to the purchase or condition of the vehicle by neutral binding arbitration.  *Id*.  On the second to last page of the agreement, Plaintiff Thys signed under bolded, capitalized text stating:

United States District Court
Northern District of California

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 7 OF THIS CONTRACT, BEFORE SIGNING BELOW.

*Id.* at 6.

### 2.     Plaintiff Cary Phillips

On June 7, 2022, Plaintiff Cary Phillips ordered the purchase of a 2022 Model Y Tesla from Defendant.  Arb. Mot. 5 (*citing* Ahluwalia Decl. ¶ 15).  To purchase the vehicle online, Defendant explains that consumers are required to click "Place Order" after accessing the order payment screen on an internet-based electronic device.  Decl. of Minu Sinha ("Sinha Decl.") ¶¶ 4, 5, 9, ECF No. 75-6.  Plaintiff Phillips clicked "Place Order."  *Id.*  The "Place Order" button is accompanied by language that states "[b]y placing this order, I agree to the Model Y Order Agreement, Terms of Use, and Privacy Notice."  Sinha Decl. ¶ 5.  One agreement titled "Model Y Order Agreement" directly hyperlinks consumers to an online copy, which contains an "Agreement to Arbitrate" provision.  *See id.*  The provision states:

> If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com. If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

Ahluwalia Decl. Ex. B at 3, ECF No. 75-3.  The same provision also states "[y]ou may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla]" and "[i]f you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract."  Decl. of Adrian Castaneda ("Castaneda Decl.") ¶ 5, ECF No. 75-9.  Phillips clicked "Place Order."  Sinha Decl. ¶¶ 9. Phillips did not mail an opt-out request letter.  Castaneda Decl. ¶ 6.

//

//

United States District Court
Northern District of California

### 3.      Plaintiff Levi Stoffal

On January 30, 2021, Plaintiff Levi Stoffal entered into an Order Agreement with Defendant to lease a 2021 Tesla Model 3 online.  Ahluwalia Decl. Ex. C at 4, ECF No. 75-4.  On March 24, 2021, the vehicle was delivered to Plaintiff Stoffal, and upon delivery he signed a lease agreement.  Ahluwalia Decl. ¶ 18.  The "Stoffal Lease Agreement" contained an arbitration provision that states "[this provision] overrides any different arbitration agreement between us," intended to mean the Stoffal Lease Agreement supersedes the arbitration clause in the Order Agreement.  Ahluwalia Decl. Ex. D at 3.  The Stoffal Lease Agreement contained a provision titled "Agreement to Arbitrate" states:

> If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com. If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

*Id*.  The same provision also states "[y]ou may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla]" and "[i]f you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract."  *Id*.  "Plaintiff Stoffal did not mail an opt-out request letter."  Decl. Castaneda ¶ 6.

## II.      LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to all contracts involving interstate commerce and states in part that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  A party seeking to compel arbitration can do so under the FAA.  *Id*. § 4.  The FAA also governs the enforceability and scope of arbitration agreements.  *Id*. §§ 1-307.  "[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, (2011) (first *citing Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, (2006)); and then *citing*

1    *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

2          "As the party seeking to compel arbitration, [the defendant] bears the burden of proving

3    the existence of an agreement to arbitrate by a preponderance of the evidence." *See Johnson v.*

4    *Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023) (*quoting Knutson v. Sirius XM Radio Inc.*, 771

5    F.3d 559, 565 (9th Cir. 2014)).  The FAA reflects both a "'liberal federal policy favoring

6    arbitration,' and the 'fundamental principle that arbitration is a matter of contract.'" *Concepcion*,

7    563 U.S. at 339 (first *quoting Moses H. Cone, Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

8    24 (1983); and then *quoting Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

9          When deciding a motion to compel arbitration, a district court must "treat the facts as they

10   would when ruling on a motion for summary judgment, construing all facts and reasonable

11   inferences that can be drawn from those facts in a light most favorable to the non-moving party."

12   *See Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1249 (C.D. Cal. 2016) (citations

13   omitted).  Additionally, courts apply federal substantive law to questions regarding the

14   interpretation and enforceability of arbitration agreements generally, and state contract law to

15   questions concerning whether the parties agreed to arbitrate. *See First Options of Chi., Inc. v.*

16   *Kaplan*, 514 U.S. 938, 944 (1995).  To determine whether a state "common law rule makes an

17   agreement to arbitrate unenforceable, [the Court] must consider both the federal law of arbitration

18   and the state rule at issue." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).

19   **III.    REQUEST FOR JUDICIAL NOTICE**

20         Plaintiffs' Request for Judicial Notice pursuant to Federal Rules of Evidence Section

21   201(b) is **GRANTED**.  In support of their opposition to the motion to compel, Plaintiffs request

22   that the Court take judicial notice of (1) the full terms of service, including the arbitration

23   provision in *Johnson*, and (2) the JAMS Streamlined Arbitration rules and Procedures.  Req. 1.  Of

24   note, the impetus of this request comes in response to Defendant making new arguments in its

25   Reply brief.  *Id.*

26         Rule 201(b) "governs judicial notice of an adjudicative fact only," and provides for a court

27   to "judicially notice a fact that is not subject to reasonable dispute because it: (1) [i]s generally

28   known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

United States District Court
Northern District of California

United States District Court
Northern District of California

1    determined from sources whose accuracy cannot reasonably be questions."  Fed. R. Evid. 201(a)-

2    (b)(2).  The Ninth Circuit has explained that "[t]he district court need not consider arguments

3    raised for the first time in a reply brief."  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)

4    (*quoting Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).  Likewise, courts commonly

5    will not consider evidence submitted for the first time in reply without giving the opposing party

6    an opportunity to respond.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  However, to

7    the extent any facts in documents are subject to reasonable dispute, the Court will not take judicial

8    notice of those facts.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

9        While responsive to arguments made in Plaintiffs' opposition brief, Defendant indeed

10    argues—for the first time in its reply—that the delegation clause in its agreements with Plaintiffs

11    serve as "'an additional, antecedent agreement' that is separate" from an agreement to arbitrate

12    Plaintiffs' causes of actions.  Reply 5 (*citing Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69).  Thus,

13    contrary to Plaintiffs' "separate, independent transaction exception" argument made pursuant to

14    *Johnson*, Defendant suggests that the delegation clause governs the Court's decision in the instant

15    case and is distinguished from *Johnson*.  Reply 3-6; *see also Johnson*, 57 F.4th at 683.  The Court

16    addresses the substantive issue related to the delegation clause separately below.  Procedurally,

17    however, the Court declines to accept new arguments presented for the first time at this stage in

18    the pleadings.

19        Having considered the parties' briefs, oral arguments on the matter, and relevant legal

20    authority, the Court finds no reason to depart from the Ninth Circuit precedent guiding courts not

21    to consider evidence or argument first submitted on reply.  The Court **GRANTS** Plaintiffs'

22    Request to take judicial notice of (1) the full terms of service, including the arbitration provision in

23    *Johnson*, and (2) the JAMS Streamlined Arbitration rules and Procedures.  During oral argument,

24    the Court recognized that the Defendant, without leave of the Court, proffered a new argument in

25    its reply brief.[1]  *Lambrix et al. v. Tesla, Inc.*, No. 23-1145 (N.D. Cal. argued Sept. 5, 2023).

26

27    ───────────────────

28 [1] It did not escape the Court's notice that Defendant's new argument in its reply brief obfuscated the Court's page limitations as mandated by Civil Local Rule 7-7.  Such conduct could also be interpreted as an effort to sandbag the Plaintiffs.  After all, Defendant filed the instant motion on July 31, 2023 while *Johnson v. Walmart*, 57 F.4th 677 (9th Cir. 2023) was published on January

1　Plaintiff was allowed to address the issues in oral argument and the Court considered those

2　arguments in its analysis below.

## IV.　DISCUSSION

4　　　　The Federal Arbitration Act ("FAA") governs the motion to compel arbitration.  9 U.S.C.

5　§§ 1-16.  Under the FAA, when considering if an order compelling arbitration is warranted, a

6　district court determines: (1) whether a valid agreement to arbitrate exists and, if it does, (2)

7　whether the agreement encompasses the dispute at issue.  *Lifescan, Inc. v. Premier Diabetic*

8　*Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  When a court answers both questions in the

9　affirmative, it must "enforce the arbitration agreement in accordance with its terms."  *Johnson*, 57

10　F.4th at 680–81 (9th Cir. 2023) (*citing Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir.

11　2020) (citation omitted).  "[W]hile doubts concerning the scope of an arbitration clause should be

12　resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an

13　agreement to arbitrate has been made."  *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743

14　(9th Cir. 2014) (internal quotation marks omitted).  The Motion to Compel Arbitration is

15　**GRANTED** for the following reasons: (1) Plaintiffs agreed to arbitrate disputes about their

16　vehicles with Defendant; (2) Plaintiffs agreed to delegate their disputes to an arbitrator; and (3)

17　Plaintiffs' arbitration agreements encompass their antitrust claims.

### A.　Plaintiffs Agreed to Arbitrate Disputes About Their Vehicles.

19　　　　As a threshold matter, the Court first determines whether the parties agreed to arbitrate.

20　*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (*citing* 9 U.S.C. § 2).

21　In ruling on a motion to compel arbitration, a court's "first principle" is that "[a]rbitration is

22　strictly a matter of consent . . . and thus is a way to resolve those disputes—*but only those*

23　*disputes*—that the parties have agreed to submit to arbitration."  *See Granite Rock Co. v. Int'l Bhd.*

24　*of Teamsters*, 561 U.S. 287, 299 (2010) (emphasis in original) (citations omitted).  Hence, courts

25　use "general state-law principles of contract interpretation to decide whether a contractual

---

27　10, 2023.  The Court frowns upon such gamesmanship and should such conduct occur in the

28　future, the offending party may be subject to appropriate sanctions and disciplinary review.  *See*
　　Civil L.R. 11-6 to 11-8.

7

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   obligation to arbitrate exists." *See Goldman, Sachs & Co.*, 747 F.3d at 744; *First Options of Chi.*

2   *Inc.*, 514 U.S. at 944.

3        California law principles apply to Plaintiffs Thys and Phillips, and Oregon law principles

4   apply to Plaintiff Stoffal.  Am. Compl. ¶¶ 15-18.  To meet the essential elements for a contract,

5   the law in both states require that the parties to have capacity to contract, consent, a lawful object

6   in their agreement, and to have agreed for consideration to form a valid agreement.  *See U.S. ex*

7   *rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code § 1550); *see*

8   *also Bliss v. Southern Pac. Co.*, 212 Or. 634, 646 (1958); *see also Reed v. Ezelle Inv. Props. Inc.*,

9   353 F. Supp. 3d 1025, 1031 (D. Or. 2018) (citations omitted).  As the party seeking arbitration, the

10  defendant bears the burden of proving the existence of an agreement to arbitrate by a

11  preponderance of the evidence.  *Johnson*, 57 F.4th at 681 (citation omitted); *Brown v. Stored*

12  *Value Cards, Inc.*, No. 15-01370, 2021 WL 5984468, at *1 (D. Or. Dec. 6, 2021), *aff'd*, No. 21-

13  36031, 2022 WL 17844168 (9th Cir. Dec. 22, 2022) (citation omitted).

14                          **1.      Plaintiff Danielle Thys**

15        Plaintiff Thys signed a sales contract to purchase a vehicle from Defendant which

16  contained an arbitration provision.  Ahluwalia Decl. ¶ 8, 14.  On the second to last page of the

17  agreement, Thys signed under bolded and capitalized text agreeing to the terms of the contract,

18  confirming signature, and that all pages were read.  Ahluwalia Decl. Ex. A at 6.  As Thys signed

19  on each page, including the page with the arbitration provision, mutual assent is established.  *See*

20  *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049

21  (2001) (reasoning that "one who signs an instrument which on its face is a contract is deemed to

22  assent to all its terms.").  Of note, Thys raises no claims of unconscionability regarding the sales

23  contract.

24                          **2.      Plaintiff Levi Stoffal**

25        Plaintiff Stoffal entered into an Order Agreement with Defendant which contained an

26  arbitration provision.  Ahluwalia Decl. Ex. C at 4, ECF No. 75-4.  Subsequently, Stoffal signed a

27  contract to lease a vehicle from Defendant which also contained an arbitration provision.

28  Ahluwalia Decl. Ex. D at 3, ECF No. 75-5.  Oregon courts have deemed that "[a]nything that

1    amounts to a manifestation of a formed determination to accept the offer, communicated to the

2    party [that] making such offer" completes the contract. *Ken Hood Const. Co. v. Pac. Coast*

3    *Const., Inc.*, 201 Or. App. 568, 579 (2005). In addition, Stoffal did not opt out of the arbitration

4    agreement. Castaneda Decl. ¶ 6. The agreement permitted an opt out within 30 days after signing.

5    Castaneda Decl. ¶ 5. The Ninth Circuit explains that parties are bound to contracts when given a

6    fair and meaningful opportunity to opt out. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201,

7    1210 (9th Cir. 2016) (holding that "if there is an opportunity to opt out, the arbitration agreement

8    is not adhesive, and thus not procedurally unconscionable.") (citations and internal quotation

9    marks omitted).

### 3.    Plaintiff Cary Phillips

10           Rather than signing an agreement, Plaintiff Phillips placed an order to purchase a vehicle

11   online, and upon clicking the "Place Order" button agreed to the arbitration agreements provided

12   through direct hyperlinks. Sinha Decl. ¶ 5. Defendant explains that the text of the agreement was

13   located next to the "Place Order" button, which states "[b]y placing this order, I agree to the

14   Model Y Order Agreement, Terms of Use, and Privacy Notice." Sinha Decl. ¶¶ 5-6. Phillips

15   disputes assent in this transaction, noting the arbitration clause was not signed, but rather,

16   "clickwrap[ped]" and did not provide inquiry notice. Opp'n 9. Plaintiff, however, misunderstands

17   the standard.

18           "[T]he Ninth Circuit clearly has recognized that while the FAA requires a writing, it does

19   not require that the writing be signed by the parties." *Batory v. Sears, Roebuck & Co.*, 124 F.

20   App'x 530, 533 (9th Cir. 2005) (*quoting Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir.

21   1994). For example, in *Cordas v. Uber Techs., Inc.*, the plaintiff argued that he had not assented

22   to Uber's terms and conditions because it was a "browsewrap" agreement. 228 F. Supp. 3d 985,

23   990 (N.D. Cal. 2017). By creating an Uber account, the court found that plaintiff was provided

24   with the requisite notice because he was presented with language stating that "[b]y creating an

25   Uber account, you agree to the Terms & Conditions and Privacy Policy" and he clicked "DONE"

26   to complete setting up his account. *See id.* In other words, the plaintiff did not assent to the terms

27   and conditions by passively viewing a screen. *See id.* Rather, the plaintiff was required to

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  affirmatively assent to the agreement by clicking "DONE" to complete the process of the

2  transaction because without doing so the user could not create an account. *See id.* By creating the

3  account, the Court noted that the plaintiff "affirmatively acknowledged the agreement" and was

4  bound by its terms. *See id.*

5  The same is true of Phillips. When purchasing a vehicle from Defendant, Phillips was

6  required to click a "Place Order" button accompanied by language that stated "[b]y placing this

7  order, I agree to the Model Y Order Agreement." Arb. Mot. 9; Sinha Decl. ¶¶ 5, 9. As the

8  agreement directly hyperlinked Plaintiff to an online copy of the arbitration provision, and since

9  Plaintiff could not purchase the vehicle without clicking "Place Order", it is evident that Phillips

10  affirmatively acknowledged and assented to the agreement. *Id.* Phillips also did not opt out of the

11  agreement. Castaneda Decl. ¶ 6. Phillips was given a fair and meaningful opportunity to opt out,

12  and thus, the arbitration agreement is not adhesive. *See Mohamed*, 848 F.3d at 1210) (an

13  arbitration agreement is not adhesive if there is an opportunity to opt out).

14  Given the foregoing, the Court finds that Plaintiffs assented to the arbitration agreements.

15  **B.  Plaintiffs Agreed to Delegate their Disputes to an Arbitrator.**

16  A delegation provision is an agreement to arbitrate "threshold issues" or gateway questions

17  concerning the arbitration agreement. *Rent-A-Ctr., W., Inc.*, 561 U.S. at 69. Although courts

18  generally resolve gateway questions of arbitrability, "such as whether the parties have agreed to

19  arbitrate or whether their agreement covers a particular controversy," the parties may also delegate

20  the adjudication of arbitrability issues to an arbitrator. *See id.* If gateway issues are delegated to

21  an arbitrator, the court must enforce that antecedent agreement only when there is clear and

22  unmistakable evidence of consent to the delegation clause itself. *See Henry Schein, Inc.*, 139 S.

23  Ct. at 524; *see also First Options of Chi.*, 514 U.S. at 944. Whenever contracting parties delegate

24  the question of arbitrability to an arbitrator, courts typically enforce the agreement as written. *See*

25  *Henry Schein, Inc.*, 139 S. Ct. at 526 ("[A] court may not override the contract, even if the court

26  thinks that the arbitrability claim is wholly groundless.")

27  As discussed above, the parties entered agreements that contained arbitration provisions.

28  Thys' agreement states that "[a]ny claim or dispute . . . including the interpretation and scope of

10

1   this [a]rbitration [p]rovision, and the arbitrability of the claim or dispute. . . ." shall be resolved by

2   binding arbitration.  Ahluwalia Decl. Ex. A at 7.  The statement is clear and unmistakable.  The

3   express language indicates that the Thys assented to the delegation of arbitrability.

4   Phillips and Stoffal's agreements state that "any dispute arising out of or relating to any

5   aspect of the relationship between you and [Defendant] will not be decided . . . by a single

6   arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its

7   Consumer Arbitration Rules."  Ahluwalia Decl. Ex. B at 3; Ahluwalia Decl. Ex. D at 3.  The Ninth

8   Circuit has observed "[v]irtually every circuit to have considered the issue has determined that

9   incorporation of the [AAA] arbitration rules constitute clear and unmistakable evidence that the

10  parties agreed to arbitrate arbitrability."  *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d

11  1069, 1074 (9th Cir.2013).  Accordingly, Defendant has met its burden of proving that Plaintiffs

12  entered into agreements to arbitrate and presents clear and unmistakable evidence that the parties

13  delegated arbitrability to an arbitrator.

    **C.      Plaintiffs' Arbitration Agreements Encompass their Causes of Action.**

    **1.      Plaintiffs Challenge the Existence of their Agreements.**

16  The Court turns next to whether Plaintiffs' agreements encompass the dispute at issue.  *See*

17  *Lifescan, Inc.*, 363 F.3d at 1010.  Defendant argues that, at this juncture, the Court need only

18  confirm that Plaintiffs agreed to delegate arbitrability.  Arb. Mot. 8-10.  Conversely, Plaintiffs

19  contend that their antitrust claims do not arise out of the contract containing the arbitration

20  agreement, but instead are related to a subsequent and separate, independent transaction.  Opp'n 1,

21  6-9.

22  The Ninth Circuit explains that, where the arbitrability of a dispute is contested, courts

23  must decide "whether the parties are contesting the *existence* or the *scope* of an arbitration

24  agreement."  *Goldman, Sachs & Co.*, 747 F.3d at 742 (emphasis in original).  "A party can be

25  forced to arbitrate only those issues it has specifically agreed to submit to arbitration . . ."  *First*

26  *Options of Chi., Inc.*, 514 U.S. at 945.  In the face of any ambiguity, "under the federal

27  presumption in favor of arbitration, an arbitrator would have jurisdiction to arbitrate claims."

28  *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009).  Nevertheless, the

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1  presumption in favor of arbitrability does not apply when the parties contest the existence of an

2  arbitration agreement. *Goldman, Sachs & Co.*, 747 F.3d at 742.

3        In *Johnson v. Walmart Inc.*, the plaintiff purchased a set of tires online from Walmart.com.

4  *Johnson*, 57 F.4th at 679.  Upon finalizing the transaction, he agreed to the Walmart.com Terms of

5  Use.  *Id.*  The agreement contained an arbitration provision requiring "all disputes arising out of or

6  related to the Terms of Use . . . be resolved through final and binding arbitration."  *Id.* (internal

7  quotation marks omitted).  After receiving the tires by mail, the plaintiff had them installed at a

8  Walmart Auto Care Center and, while waiting, purchased a lifetime service agreement from

9  Walmart at a separate, additional cost.  *Id.* at 680.  When he was later denied service, the plaintiff

10  filed a putative class action and Walmart moved to compel arbitration.  *Id.*  Walmart argued that

11  the plaintiff agreed to arbitrate when he purchased tires from Walmart.com and agreed to the

12  Terms of Use which extended to his in-store purchase.  *Id.*  The plaintiff contended the agreement

13  did not encompass the service agreement and the Ninth Circuit agreed, determining that the

14  plaintiff contested the existence, not the scope, of an arbitration agreement covering the dispute.

15  *Id.* at 681, 683.

16        Here, Plaintiffs similarly contest the existence, not the scope of their agreement with

17  Defendant.  They claim the purchase or lease of their EVs represented one transaction and the

18  purchase of subsequent repair services, maintenance, or compatible parts replacement was a

19  separate, independent transaction.  Opp'n at 1, 6-9.  As a result, Plaintiffs assert that they are not

20  bound to the arbitration provision in their purchase or lease agreements because their injuries are

21  wholly related to the second transaction.  *Id.*  Therefore, the presumption in favor of arbitration is

22  inapplicable and the Court must interpret the terms of Defendant's agreements with Plaintiffs.

23        **2.**     **Plaintiffs' Arbitration Agreements Apply to their Antitrust Claims.**

24        In California and Oregon, a contract must be interpreted to give effect to "the mutual

25  intention" of the parties as it existed at the time of contract formation.  Cal. Civ. Code. § 1636; Or.

26  Rev. Stat. Ann. § 42.240.  "To determine the reach of a particular agreement, we must look to its

27  express terms." *Walsh v. Arizona Logistics, Inc.*, 998 F.3d 393, 396 (9th Cir. 2021)).  California

28  and Oregon courts analyze the words of a contract, given their usual and ordinary meaning in

1  connection with the rest of the agreement.  *See Valencia v. Smyth*, 185 Cal. App. 4th 153, 176

2  (2010); *see also Yogman v. Parrott*, 325 Or. 358, 361 (1997).  Similarly, both states interpret the

3  words of the contract "as a whole."  *See Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d

4  1038, 1042 (9th Cir. 2020); *see also Slocum v. Lang*, 132 Or. App. 571, 576 (1995).

### a.    Plaintiff Danielle Thys

Defendant's arbitration provision in Plaintiff Thys' agreement states:

> Any claim or dispute, whether in contract, tort, statute or otherwise
> *(including the interpretation and scope of this Arbitration Provision,
> and the arbitrability of the claim or dispute)*, between you and us or
> our employees, agents, successors or assigns, which arises out of or
> relates to your credit application, purchase or condition of this
> vehicle, this contract or any resulting transaction or relationship
> (including any such relationship with third parties who do not sign
> this contract) shall, at your or our election, be resolved by neutral,
> binding arbitration and not by a court action.

12  Ahluwalia Decl. Ex. A at 7 (emphasis in original).  The relevant words of the provision are "any

13  claim or dispute . . . between you and us . . . which arises out of or relates to your . . . purchase or

14  condition of this vehicle. . . ."  *Id.*; Arb. Mot. 4.  As a preliminary matter, Thys' "claim or dispute"

15  is that she was required to "pay supracompetitive prices and suffered exorbitant wait times to

16  maintain and repair their Tesla vehicles."  Am. Compl. ¶ 1.  "[Y]ou and us" references Defendant

17  as the seller and Thys as the purchaser of the vehicle subject to agreement.  The question concerns

18  whether "condition of this vehicle" pertains only to the purchase, or alternatively, if it extends to

19  post-purchase services related to the vehicle.

20  The plain meaning of "condition of this vehicle" tends to relate to functionality, aesthetic,

21  or operability of the vehicle.  By definition, "condition", in the context of purchasing a vehicle,

22  means "the state of something with regard to its appearance, quality, or working order."

23  *Condition*, OXFORDDICTIONARIES.COM (Sept. 14, 2023), https://premium.oxforddictionaries.com-

24  /definition/english/condition.  Under this definition, maintenance, repair services, and compatible

25  parts replacement are all services that sufficiently relate to the "quality" or "working order" of the

26  vehicle Thys purchased from Defendant.  Those services were not purchased in relation to

27  anything else except the vehicle purchased from Defendant.  Therefore, the arbitration agreement

28  extends to transactions related Thys' claims regarding the upkeep of her vehicle.

United States District Court
Northern District of California

13

### b.   Plaintiffs Cary Phillips and Levi Stoffal

The relevant words of Defendant's arbitration agreements with Plaintiffs Phillips and Stoffal states that "any dispute arising out of or relating to any *aspect* of the *relationship* between you and [Defendant] will not be decided . . . by a single arbitrator in an arbitration." Ahluwalia Decl. Ex. B at 3; Ahluwalia Decl. Ex. D at 3; *see* Section I.B.2-3 *supra*.

The plain meaning "any aspect" tends to refer to any matter related to the vehicle itself, since it forms the basis of the agreement and is the reason the parties are contracting. Specifically, "aspect" means "a particular part or feature of a situation, an idea, [or] a problem." *Aspect*, OXFORDDICTIONARIES.COM (Sept. 14, 2023), https://premium.oxforddictionaries.com/-definition/english/aspect. Under this definition, the maintenance, repair services, and compatible parts replacement are all services that relate to the purchase of the vehicle. The vehicle itself is the object or "particular part" of the agreements formed amongst the parties.

The plain meaning of "relationship" tends to explain how one party is associated with the other party in forming the agreement. "Relationship" means "[t]he way in which two or more people or things are connected, or the state of being connected. *Relationship*, OXFORDDICTIONARIES.COM (Sept. 14, 2023), https://premium.oxforddictionaries.com/definition/-english/relationship. Under this definition, Defendant and Plaintiffs are "connected" by contract for the purchase or lease of their vehicles. Defendant is the seller and Plaintiffs are the purchaser and lessor. Therefore, the arbitration agreement extends to transactions related to Phillips and Stoffals claims regarding the upkeep of their vehicles.

### c.   Plaintiffs' Agreements Extend to their Subsequent Agreements.

In sum, the arbitration provision extends to Plaintiffs' antitrust claims, which concern the repair, maintenance, and replacement of parts in their vehicles. Am. Compl. ¶ 1. As interpreted, the arbitration agreement covers the *condition* or working order of the vehicle. In addition, the arbitration agreement covers any *aspect* of the *relationship*. Said differently, the arbitration agreement applies directly to Plaintiffs' claims because they raise disputes regarding the condition of the vehicles which connect the parties, and the dispute is about repairing or maintaining those vehicles. As a result, the arbitration agreement extends to subsequent transactions between

Plaintiffs and Defendant concerning services related to the maintenance, repair, or replacement parts of their vehicles.

### 3. Plaintiffs' Separate Transactions are Interrelated, Thus the Arbitration Clause Applies.

Plaintiffs' final argument is that they are not bound by the arbitration agreements because the purchase or lease of the vehicles is a separate and independent transaction from their purchase of parts and services because the agreements required separate negotiation, separate mutual assent, and separate consideration. *See* Opp'n 7-8. As such, the arbitration agreements in the sale or lease agreements do not extend to their subsequent service agreements. *Id.* The Court disagrees. Although Plaintiffs' transactions were separate, they were not independent. Plaintiffs' separate transactions are interrelated in an ongoing series of transactions. Thus, the arbitration clause applies.

To determine the connection between two transactions, the Ninth Circuit advises that courts apply the interrelatedness test. Where the first of two contracts are a "discrete agreement, the lack of an arbitration clause means disputes over the agreement are not subject to arbitration." *Johnson*, 57 F.4th at 682-83 (*quoting Archexpo*, 68 F.3d at 340). "But where two contracts are merely interrelated contracts in an ongoing series of transactions, an arbitration provision in one contract could apply to subsequent contracts." *See id.* Courts must consider whether the arbitration clause in the first agreement controls the separate agreements of the parties. *See Archexpo*, 68 F.3d at 340. In Johnson, the Ninth Circuit has considered such factors as whether the agreements (1) were separate and independent of one another, (2) differed substantially, and (3) contain the proof necessary to establish arbitration claims under the second agreement are sufficiently related to the dispute under the first agreement. *Johnson*, 57 F.4th at 683 (*citing Archexpo*, 68 F.3d at 340).

In *Archexpo*, the plaintiff organized tours and informational visits in Russia under two divisions: the "Citizen Ambassador Program ('CAP'), and "State Leadership Initiative ('SLI')." *Archexpo*, 68 F.3d at 338. The defendant facilitated the tours organized by the plaintiff. *Id.* at 338-39. The parties entered two agreements: the first between CAP and the defendant to perform

1    services a tour for non-state officials; and the second between SLI and the defendant for a tour by

2    a state delegation.  *Id.* at 339.  Following the first agreement with CAP, a dispute arose about

3    performance in the first agreement, which led to the cancellation of the second agreement.  *Id.*

4    The plaintiff filed a complaint in federal court and the defendant moved for arbitration in Moscow,

5    Russia.  *Id.*  Both were awarded judgements and in assessing which judgement to enforce the

6    Ninth Circuit analyzed the interrelatedness of the contracts.  *Id.* at 339-40.

7           The Ninth Circuit explained that the CAP and SLI agreements were separate and

8    independent because they concerned two "separate tour types" and two "completely different

9    groups of tourists."  *Archexpo*, 68 F.3d at 340.  The court also determined that the SLI agreement

10   contained no arbitration clause, indicating an intention to treat it differently.  *Id.*  Finally, the court

11   held that the two agreements were not interrelated stating that, "the proof necessary to establish

12   [the defendant's] Moscow arbitration claims under the [SLI] agreement has nothing to do with the

13   dispute under the [CAP] agreement."  *Id.*  These factors together were substantial evidence the

14   agreements were independent and separate of one another.  *Id.*

15          The Ninth Circuit applied the same logic in *Johnson*.  57 F.4th at 682-83.  The plaintiffs'

16   service agreement was "negotiated and entered into separately" from the agreement to purchase

17   tires.  *Id.* at 683.  The contracts involved separate consideration because the first was for the sale

18   goods related to the online purchase and the second was for performance of services related to the

19   in-person purchase and unrelated to Walmart.com's Terms of Use.  *Id.*  The proof needed to bring

20   the breach of contract claim rested entirely on the second agreement to purchase tires—the

21   plaintiff would have brought the claim against Walmart "whether he purchased the tires from

22   Walmart or another retailer."  *Id.*  Together, these factors amounted to substantial evidence.

23          The facts here are distinguishable from *Archexpo* and *Johnson* because the arbitration

24   clause in the purchase or lease agreement controls the second agreement for services and parts.  It

25   is true, as Plaintiffs contend, that the first and second agreements between the parties were

26   separate; however, they were not independent of one another.  Opp'n 6-7.  In *Archexpo*, the

27   agreements were separate and independent because they concerned two different tour types and

28   groups of customers.  *Archexpo*, 68 F.3d at 340.  In *Johnson*, the agreements were separate and

United States District Court
Northern District of California

1     independent because the arbitration agreement under Walmart.com's Terms of Use for the

2     purchase of tires did not extend to the plaintiffs' purchase of services for the tires under the first

3     agreement. *Johnson*, 57 F.4th at 683.

4        Here, like *Archexpo* and *Johnson*, the agreements are separate because they concern

5     different purchased items—the vehicles purchased are goods while the repair and maintenance

6     transactions are services. But unlike *Archexpo*, the separate agreements are not independent

7     because the purchases concern the same customers and are services for the vehicles purchased. In

8     other words, Plaintiffs' transactions for their vehicles and the subsequent purchase of maintenance

9     related services are an ongoing series of transactions related to conditioning their vehicles. The

10     transactions for services are dependent on owning or leasing the EVs in the first place. Unlike

11     *Johnson*, the arbitration clause in the transactions to purchase or lease Plaintiffs' vehicles extends

12     to their subsequent purchase of services for those same vehicles.

13        In addition, the first of two agreements in both *Archexpo* and *Johnson* were discrete and

14     differed substantially because the second agreement contained no arbitration clause, meaning the

15     parties intended to treat the second transaction differently. Here, as discussed above, the parties

16     mutually assented to arbitrate issues about Plaintiffs' vehicles evidenced by the arbitration

17     provisions that extend to "the condition of the vehicle" or "all aspects of the relationship" between

18     the parties. In other words, the first agreement applies to the subsequent servicing of Plaintiffs'

19     vehicles. Although the second transaction lacks an arbitration clause, the Court has established the

20     first agreement extends to the second agreement by contract interpretation.

21        Finally, Defendant provides the proof necessary to establish arbitration claims under the

22     second agreement are sufficiently related to the dispute under the first agreement. In both

23     *Archexpo* and *Johnson*, the proof needed to bring those plaintiffs' claims for breach of contract

24     required that one contract relate or extend to the other agreement. *Archexpo*, 68 F.3d at 340;

25     *Johnson*, 57 F.4th at 683. Here, the same barrier does not exist because Plaintiffs' purchase or

26     lease of their vehicles *does* extend to the repair and maintenance of their vehicles. Plaintiffs

27     causes of action relate to "pay[ing] supracompetive prices and suffer[ing] exorbitant wait times to

28     maintain and repair their Tesla vehicles." Am. Compl. ¶ 1. The proof is the recognized relation

United States District Court
Northern District of California

between the first and second contracts between Plaintiffs and Defendant as interpreted by this Court. No dispute about anti-competitiveness in the Tesla repair or services aftermarkets would exist as asserted unless Plaintiffs contracted for vehicles from Defendant. This is distinct from *Johnson*, where the plaintiff would have brought his claim for breach of contract with the same evidence and arguments regardless of whether he bought the tires from Walmart or not. *Johnson*, 57 F.4th at 683. As a result, Plaintiffs' arguments fall short of the evidence required to substantially prove that the agreements are independent. Accordingly, Plaintiffs' separate transactions were not independent. Therefore, the arbitration provisions in the first agreements apply to the second agreements. In other words, the first agreements control the subsequent agreements which are the basis for Plaintiffs' antitrust claims. Thus, the arbitration clause is valid and will be enforced by the Court.

## V.    CONCLUSION

The Court finds that (1) Plaintiffs agreed to arbitrate their disputes when purchasing and leasing vehicles from Defendant; (2) Plaintiffs agreed to delegate their disputes to an arbitrator; and (3) Plaintiffs' arbitration agreements encompass their antitrust claims.

For the foregoing reasons, Defendant's motion to compel arbitration against Plaintiffs Danielle Thys, Cary Phillips, and Levi Stoffal is **GRANTED**. This action is stayed pending arbitration proceedings of these plaintiffs' claims only. The parties are **ORDERED** to file a joint statement regarding the status of Plaintiffs Thys, Phillips, and Stoffal's claims within seven (7) days of the conclusion of the arbitration proceedings. This resolves docket nos. 75 and 94.

**IT IS SO ORDERED.**

Dated: September 26, 2023

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

18

# EXHIBIT B


# KalielGold

**1100 15th Street, NW | 4th Floor**
**Washington, DC 20005**
**202.350.4783**
**www.kalielgold.com**

November 13, 2023

Tesla, Inc.                                             **<u>VIA ELECTRONIC MAIL</u>**
c/o Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
mark.feller@morganlewis.com
brian.ercole@morganlewis.com
david.schrader@morganlewis.com

        **Re:**    **<u>Notice of Intent to Pursue Arbitration</u>**

Counsel:

      As a courtesy, I write to inform you that my firm, along with Watts Guerra LLP, represents the 885 clients listed in the attached appendix, each of whom purchased a Tesla electric vehicle that was deceptively manufactured, marketed, sold, maintained, and serviced insofar as each said vehicle consistently fails to meet its advertised driving range.

      To facilitate an efficient arbitration process, we wish to confer with Tesla prior to submitting our arbitration filings regarding logistics, including Tesla's obligation to pay the costs of the 885 arbitrations, our requests for full sets of records for each client, and various other matters. Please let me know if you are authorized to discuss these matters and, if so, your soonest availability.

                    Very truly yours,

                    **KALIELGOLD PLLC**

                    *Sophia Sloven Gold*

                    Sophia Gold
                    sgold@kalielgold.com

/attachment

## APPENDIX A

| First Name | Last Name | State |
|---|---|---|
| Marcus | Abila | NV |
| Thomas | Abraham | TX |
| Desmond | Adams | AL |
| Akeem | Adedoyin | RI |
| Adebayo | Adeniran | GA |
| Mohammed | Adil | IL |
| Muhammad | Adnan | CA |
| Naveen | Adusumilli | GA |
| Grant | Agadjanian | CA |
| Anil | Aggarwal | NJ |
| Khushbu | Aggarwal | CA |
| Nour | Akhras | IL |
| Mohammad | Akhtar | NJ |
| Larken | Akins | VA |
| Naga | Akula | TX |
| Shanwaz | Alam | NJ |
| Ernie | Alayon | CA |
| Michael | Alcaino | FL |
| Mohammed | Alchuraikhi | MA |
| Kristian | Alekov | FL |
| Tiffany | Alekov | FL |
| Khurram | Ali | IL |
| Malik | Ali | CA |
| Mohammad | Almamun | NJ |
| Siva | Alpuri | TX |
| Ricardo | Alvarez | FL |
| Edwardo | Alvarez Jr. | CA |
| Tarequl | Ambia | CT |
| Dina | Anbar | IL |
| Angel | Anciano | FL |
| Adam | Andrews | AZ |
| Bishoy | Antoon | GA |
| Ramy | Antoun | CA |
| Loreal | Arbuckle-Muhammad | CA |
| Marvin | Arevalo | UT |

| | | |
|---|---|---|
| Jason | Armstrong | FL |
| Deepak | Arora | PA |
| Farhan | Arshad | CA |
| Syrgakbek | Atakeev | CA |
| Dennis | Aubery | CA |
| Malik | Awan | NY |
| Maciej | Awruk | NY |
| Aboelhamd | Azer | NJ |
| Monir | Aziz | MO |
| Runako | Backus | GA |
| Pradeep | Badhai | TX |
| Jordan | Bailey | LA |
| Jimmy | Balladares | CA |
| Jawad | Baloch | CA |
| Nelson | Banas | OR |
| Gerardo | Banuelos | CO |
| Matthew | Barkoff | OR |
| Matthew | Baroi | NY |
| Lawrence | Barrera | NC |
| Antonio | Barros | MA |
| Haroon | Bashir | CA |
| Brian | Basile | PA |
| Sai | Basireddy | MD |
| Cemal | Bayram | NC |
| Zarrod | Beck | IL |
| Bassey | Bee | NV |
| Hamidreza | Behdad | CA |
| Robert | Benito | FL |
| David | Bennington | KY |
| Robert | Benson | TX |
| Gladys | Bent | FL |
| Blake | Bergquist | MN |
| Mark | Beshai | NJ |
| Harpreet | Bhatia | NJ |
| Sumeet | Bhatia | FL |
| Manan | Bhatt | NJ |
| Niranjan | Bhoot | NJ |
| Akshay | Bhumkar | SC |

| | | |
|---|---|---|
| Dan | Billeci | CA |
| Benjamin | Bjerke | IN |
| Danielle | Blackwell | CA |
| Randy | Blackwell | TN |
| James | Blackwell Jr | CA |
| Susan | Blas | CA |
| Leandre | Bledsoe | GA |
| Marilyn | Blickle | NJ |
| Raja | Bondada | TX |
| George | Borrego | TN |
| Bertrand | Boutin | IL |
| Darius | Boyce | MA |
| Jimoh | Braimoh | TX |
| John | Brock | FL |
| John | Brock | TN |
| Joseph | Brogan | CO |
| Christopher | Brown | FL |
| Francisco | Brown | TX |
| Gregory | Brunson | TX |
| Aaron | Buchert | PA |
| Daniel | Bui | CA |
| Tin | Bui | AL |
| James | Buratti | MA |
| Steven | Burda | PA |
| James | Burley | VA |
| Phillip | Burns Jr. | IL |
| Charles | Burt | WA |
| Dinesh | Busetty | CO |
| Julie | Busler | OK |
| James | Calvert | AZ |
| Benjamin | Cantor | CA |
| Neil | Capper | WV |
| Juan | Cardona | PR |
| Dustin | Carr | WA |
| Veshon | Carr | SC |
| Norberto | Carrasquillo | NY |
| Christopher | Carroll | MO |
| Desiree | Casino | CA |

| | | |
|---|---|---|
| Jose | Castro | CA |
| Nathan | Cate | AR |
| Arthur | Catoira | FL |
| Adam | Caton | FL |
| Kranthi | Chagarlamudi | IL |
| Timothy | Chakkaw | AZ |
| Ratheesh | Chandran | WV |
| Juan | Chapital | HI |
| Satya | Chataut | AZ |
| Raj | Chatterjee | CA |
| Amit | Chawla | CA |
| Anjian | Chen | IL |
| Peter | Chen | NJ |
| Ron-bin | Cheng | MA |
| Christopher | Chichester | VT |
| Nicholas | Chilcote | FL |
| Raymond | Chilcote | FL |
| Philip | Childers | NV |
| Clayton | Childs | OR |
| Ronald | Chin | CA |
| Timothy | Ching | CA |
| Akhom | Chinnarath | WA |
| Manoj | Chopra | CA |
| Young | Chung | CA |
| Vincent | Ciccarello | NY |
| Mario | Cisneros | CA |
| Oliver | Cisneros | CA |
| Zakiya | Cita | WA |
| Roxanne | Clark | CA |
| Joshua | Clincy | LA |
| Ryan | Cole | CA |
| Scott | Conrad | IN |
| Michael | Coombs | IL |
| Manuel | Correa | CA |
| Julio | Cortez | TX |
| Maria | Cortez | CA |
| Joe | Costa | CA |
| Delicia | Cowan | GA |

| | | |
|---|---|---|
| Marco | Craig | FL |
| Christopher | Crawley | AZ |
| Frankie | Crayton | TX |
| Derek | Crumbley | MD |
| Wilfredo | Cruz | FL |
| Walter | Cueva Diaz | CA |
| Francisco | Curiel | CA |
| Brandon | Curry | NC |
| Jordan | Cusick | WA |
| Leila | Dablan | CA |
| Mardan | Dadashev | NC |
| Leonard | Daich | NY |
| Milan | Dalsania | PA |
| Cynthia | Daniels | CA |
| Omar | Dastagirzada | CA |
| Kannan | Dasu | IL |
| Vrushank | Davda | VA |
| Jason | David | HI |
| Adam | Davis | TX |
| Leida | Davis | AZ |
| Joel | De Leon | CA |
| Martin | De-rioja | CA |
| Justin | Deak | NJ |
| Jimmy | Dejesus | NJ |
| Joshua | Delaflor Santa Ana | TX |
| Freddy | Delgado | FL |
| Dario | Dell'anno | AZ |
| Demesvar | Delva | SC |
| Dmitry | Demchuk | PA |
| Jigneshkumar | Desai | SC |
| Nisha | Desai | NJ |
| Dashawn | Devoe | CA |
| Inderjeet | Dhaliwal | CA |
| Gabriel | Diaz | FL |
| Odilo | Diaz | FL |
| Mark | Dickinson | FL |
| Horace | Dillard | GA |
| Deepti | Dixit | NC |

| | | |
|---|---|---|
| Michael | Do | CA |
| James | Dodd | CO |
| Fernando | Dominguez | CA |
| Miguel | Dominguez | OR |
| Uriel | Dominguez | IL |
| Isaac | Doncel | CA |
| Kyle | Dorausch | CA |
| Eddie | Douzart Iii | LA |
| Josh | Doxtator | FL |
| Herve | Dufraux | CO |
| Alexander | Dunson | NC |
| Michael | Earl | NJ |
| Peter | Eichberg | CA |
| Alex | Eichhorn | WI |
| David | Eisenhour | DE |
| Benjamin | Ekeoma | CA |
| Moustafa | El Haddad | FL |
| Walid | Elgharabawy | CA |
| Tiffany | Elle | AZ |
| Jacalyn | Ellison | CA |
| Michael | Engelhart | TX |
| William | Engledowl | TX |
| Amead | Eshpari | CA |
| Thrivikram | Eskala | CA |
| Brian | Esquivel | CA |
| Mark | Evers | UT |
| Saad | Farooq | NJ |
| Christina | Farran | CA |
| Faraz | Farzin | CA |
| Richard | Felix | CA |
| Joseph | Ferriolo | NY |
| Michelle | Ficht | NV |
| Josue | Fils-Aime | FL |
| Brandon | Fincke | TX |
| Phil | Fine | CA |
| Aaron | Fiser | NC |
| Steven | Fisher | WA |
| Jeon | Fonbon | CA |

| | | |
|---|---|---|
| Matthew | Foster | MN |
| Charles | Foulk | FL |
| Miguel | Fragoso | NC |
| Paul | Frederiksen Jr. | NV |
| William | Freeburn | PA |
| Jimmy | Freeman | TX |
| Jonatan | Frencia | FL |
| Samar | Gade | TX |
| Peter | Gagnon | WA |
| Naquinton | Gainous | GA |
| Anthony | Gale | WY |
| Devin | Galligan | TX |
| Chevon | Gallimore | CT |
| Thiago | Gandarillas | NV |
| Punit | Gandhi | VA |
| Shanthan | Gangupantula | CA |
| Tarlochan | Garcha | CA |
| Josue | Garcia | CA |
| Manuel | Garcia | CA |
| Justin | Gardner | CA |
| Ashish | Garg | CA |
| David | Gashler | HI |
| Norman | Gates | IL |
| William | Geiger | FL |
| Ilya | Gekhman | FL |
| Adam | Gelbard | HI |
| Eugene | Gentile Jr | CA |
| Cesar | Gevigier | CA |
| Vijay | Ghei | NY |
| Joseph | Gibbardo | NY |
| Naimat | Gilal | WA |
| Manjinder | Gill | CA |
| Michael | Gindlesberger | FL |
| Frank | Giorgio | NY |
| Jaspal | Giri | CA |
| Cory | Goff | NV |
| Jeremy | Goldman | PA |
| Saroopya | Gollapudi | MA |

| | | |
|---|---|---|
| Alex | Gonzalez | AZ |
| Evan | Goodro | FL |
| Scott | Goodson | KS |
| Michael | Gottlieb | IL |
| Mark | Graalum | OR |
| Chris | Griffin | IA |
| Rajiv | Grover | TX |
| Tony | Grubb | VA |
| Francisco | Guerra | AL |
| Rodyr | Guimaraes | CA |
| Piyush | Gulati | NH |
| Chandra | Guntakandla | TX |
| Anurag | Gupta | CA |
| Ashish | Gupta | NJ |
| Pawan | Gupta | TX |
| Rajnish | Gupta | TX |
| Upendra | Gupta | NY |
| Pawan | Gurung | OH |
| Gabrielle | Guthrie | OH |
| Alexander | Gutierrez | CA |
| Austin | Ha | CA |
| Damien | Ha | MD |
| Richard | Habibi | DE |
| Deunsae | Hall | TN |
| James | Ham | IN |
| Jonathan | Hammonds | CA |
| Marco | Hanna | CA |
| Marlon | Harewood | NJ |
| Rachid | Harik | CA |
| Ryan | Hartkopp | GA |
| Karen | Harutyunyan | CA |
| Harvey | Harvey | NY |
| Christopher | Hasan | NC |
| Samih | Hejja | IL |
| Kelving | Hernandez | CT |
| Luis | Hernandez | CA |
| Brandon | Herrera | AZ |
| David | Hertz | CA |

| | | |
|---|---|---|
| Taylor | Hicks | FL |
| Timothy | Hicks | NY |
| Holly | Hill | NC |
| Jeremy | Hill | MO |
| Brian | Hillian | VA |
| Orlando | Hines | NC |
| Simpson | Ho | CA |
| Alvin | Hoang | CA |
| Cong | Hoang | CA |
| Pierre | Hogan | MD |
| Uriel | Holguin | AZ |
| Terry | Hom | CA |
| Mohammad | Honari | NV |
| Fred | Hopps | MN |
| Arnold | Horowitz | NJ |
| Shalonda | Hoskins | CA |
| Mohammad | Hossain | CA |
| Scott | Hough | IL |
| Christopher | Howard | IL |
| Denny | Huang | CA |
| Yvonne | Huang | CA |
| Blake | Hudgens | TX |
| Rashad | Hudyih | NY |
| Sammar | Humeid | CA |
| Jiarui | Huo | IL |
| Steven | Hurley | CA |
| Tom | Huynh | TX |
| Jean | Hyacinthe | FL |
| Ahmed | Ibrahim | NJ |
| Sutaek | Im | TX |
| Khayrul | Islam | NY |
| Mohammad | Islam | NV |
| Rafiqual | Islam | NY |
| Samiul | Islam | TX |
| Carlos | Islas | CA |
| James | Israel | AZ |
| Jeffrey | Jacobs | VA |
| Mia | Jacobs | CA |

| | | |
|---|---|---|
| Sandeepkumar | Jagani | IL |
| Bethany | Jaime | TX |
| Anubhav | Jain | GA |
| Goutam | Jain | WA |
| Mathew | Jaison | IL |
| Mahesh | Jalluri | MN |
| Aaron | James | MO |
| Amber | Jayne | CA |
| Anthony | Jean | CA |
| Tad | Jean-baptiste | PA |
| John | Jeon | CA |
| Prakash | Jha | AZ |
| Marco | Ji | AR |
| Seojeong | Ji | GA |
| Axel | Jimenez | FL |
| Eric | Joglar | MD |
| Anthony | Johnson | FL |
| Arelious | Johnson | MD |
| Brandon | Johnson | AZ |
| Tamaira | Johnson | CA |
| Janon | Jones | MD |
| Mark | Jones | CA |
| Maxwell | Jones | FL |
| Juan | Jonson | CA |
| Sijo | Jose | MD |
| Seung Jin | Jun | CA |
| Chetan | Kadur Manjunath | IL |
| Joshua | Kahaian | CA |
| Veerat | Kalaria | CT |
| Ashraf | Kamal | NY |
| Ankur | Kamdar | CA |
| Hetal | Kamdar | IL |
| Vishnu | Kamepalli | TX |
| Tony | Kang | CA |
| Gil | Kaniel Cohen | FL |
| Nadine | Kassab | CA |
| Raghunandan | Kasthuri | OH |
| Lokesh | Katamaneni | GA |

| | | |
|---|---|---|
| Cornelius | Kates | IL |
| Jatinder | Kaur | CA |
| Mitchell | Kaye | GA |
| Hasanat | Kazmi | CA |
| Malachi | Keasler | GA |
| Tommy | Keener | GA |
| Christian | Kenworthy | UT |
| Demetrius | Kern | OH |
| Hamid | Khan | MA |
| Jamal | Khan | NC |
| Mir | Khan | NY |
| Moiz | Khan | IL |
| Shafi | Khan | MD |
| Furkhat | Khatamov | NY |
| Bhuvan | Khazanchi | CA |
| Jason | Kieffer | WA |
| Jeff | Kim | CA |
| Mark | Kim | CA |
| Youngtae | Kim | WA |
| Brandon | Kimball | TX |
| Colin | King | TX |
| Fonzell | King | IL |
| Lowrence | King | WI |
| Joel | Klar | FL |
| Olive | Knaus | NV |
| Allan | Knoll | SD |
| Patricia | Kole | CA |
| Sravan | Komatireddy | TX |
| Rohan | Kondur | OH |
| Edgar | Kosgey | CA |
| Rakesh | Kotha | GA |
| Joseph | Kotz | IL |
| David | Kreines | SC |
| Gary | Krikorian | CA |
| Jennifer | Krzykawski | CA |
| Ganesh | Kudleppanavar | TX |
| Manish | Kulkarni | CT |
| Jatinder | Kumar | AL |

| | | |
|---|---|---|
| Isac | Kunnath | VA |
| Lonnie | Labonte | MD |
| Richard | Lacap | CA |
| Mehul | Lalpurwala | VA |
| Shing | Lam | MA |
| Christian | Lampman | NV |
| Hunter | Lane | NJ |
| Daniel | Lara | CA |
| John | Larancuent | CO |
| Mike | Larkin | CA |
| Danny | Lavandeira | FL |
| Kim | Lawson | CA |
| Wayne | Lawton | IL |
| Cang | Le | IL |
| Jessica | Le | CA |
| Jakob | Leblue | FL |
| Brad | Lecamus | FL |
| Aaron | Lee | CA |
| Carol | Lee | WI |
| Daniel | Lee | CA |
| Gary | Lee | CA |
| Kevin | Lee | CA |
| Soon | Lee | FL |
| Joseph | Leidner | CA |
| Shaun | Leighly | GA |
| Alexander | Leon | FL |
| Jaxson | Leonard | CA |
| Christopher | Lewis | MO |
| Thomas | Lewis | CA |
| Ronald | Licciardi | NY |
| Ericka | Lige | OH |
| Bernard | Lin | CA |
| Desmond | Linney | GA |
| Johnny | Lodwick | FL |
| Johnny | Loke | NY |
| William | London | NV |
| David | Lopez | WA |
| Sergio | Lopez | CA |

| | | |
|---|---|---|
| Stevan | Lopez | TX |
| David | Lucero | NM |
| Joshua | Lucero | UT |
| Hannah | Lundberg | CA |
| Benjamin | Lyles | AZ |
| Joshua | Lyons | OH |
| Su | Ma | CA |
| Jose Ronald | Macutay Jr. | CA |
| Naga | Maddala | CA |
| Bryan | Maitre | MA |
| Shahram | Majdi | CA |
| Salman | Majid | IL |
| Antonio | Maldonado | CA |
| Edgar | Maldonado | FL |
| Matthew | Malecot | CT |
| Omer | Malik | VA |
| Shyam | Mallesh | FL |
| Terrell | Mallett | WI |
| Modasir | Mallick | CA |
| Ruvim | Mamchits | CA |
| Subbaiah | Maneyapanda | NY |
| Cherie | Mangum | AZ |
| Tritje | Manimbaga | CA |
| Brett | Marbes | KY |
| John | Marciniak | IL |
| Bradford | Marley | OH |
| Christian | Marquez | CA |
| Jason | Marshall | CA |
| David | Martin | IA |
| Carlos | Martinez | FL |
| Juan | Martinez | FL |
| Samuel | Martinez | CA |
| Yanet | Martinez | GA |
| Darryl | Massington | TX |
| Gabriel | Mata | AZ |
| Jason | Mathai | FL |
| Sundroop | Mathew | NY |
| Maira | Maxey | IL |

| Caral | Mayes | GA |
|---|---|---|
| Andre | Mc Intosh | FL |
| Shalonda | Mcferren | TX |
| Omar | Mcgann | MD |
| Jaret | Mcgowan | CA |
| Zaria | Meem | CA |
| Mohit | Mehta | NC |
| Jason | Mendelson | CA |
| Luis | Mendez Montoya | CA |
| Nick | Mendoza | NJ |
| Joshua | Mercurio | CA |
| Michael | Michel | GA |
| Amy | Miller | OH |
| Robert | Milner | VA |
| Ovnan | Minasyan | CA |
| Alan | Minthorn | ME |
| Lisa | Miros | NV |
| Saroj | Misra | CA |
| Goran | Mitic | AZ |
| Kishan | Modi | IL |
| Mohammad | Mohabbat | CA |
| Neilab | Mohabbat | CA |
| Faisal | Mohammad | GA |
| Haneef | Mohammad | CA |
| Samir | Mohammad | OH |
| Yogesh | Mokal | TX |
| Jehovanny | Molina | NV |
| Jon | Moller | FL |
| Ali | Momin | GA |
| Phillip | Monroe | MD |
| Jose | Montelongo | CA |
| Gonzalo | Montoya | IL |
| Roberto | Moran | VA |
| James | Morrison | MD |
| Abelardo | Moscoso | NY |
| Eduardo | Moses | FL |
| Harry | Mosley | CA |
| Youssef | Mostafa | OH |

| | | |
|---|---|---|
| Gul | Muhammad | NJ |
| Mikal | Muhammad | IL |
| Krisana | Mullaney-tanhviseth | AZ |
| Benjamin | Muoghalu | IL |
| Artem | Muradyan | CA |
| Neha | Murgai | NY |
| Hiram | Murray | CA |
| Amil | Murtic | IA |
| Wazeer | Musa | TX |
| Alberto | Muvdi | FL |
| Isaac | Nahamias | NY |
| Muhammad | Naina Mohammed | CA |
| Rohan | Nanda | CA |
| Hutch | Narssiyan | CA |
| Rashmi | Nathani | TX |
| Sean | Navage | AZ |
| Cesar | Navarro Jr. | CA |
| Araz | Nazarian | CA |
| Jaseem | Nazeer | CA |
| Arif | Nazir | MN |
| Fahmie | Nelkin | AZ |
| David | Nesterenko | CA |
| Samitra | Neupane | CA |
| Hieu | Nguyen | MD |
| Jason | Nichols | MA |
| Vaibhav | Nirkhe | TX |
| Amey | Nirpase | CA |
| Julio | Noboa | IL |
| June | Noh | NY |
| James | Nolly | CO |
| Haven | Norris | TX |
| Johnathan | Northup | OH |
| Alex | Norwood | MD |
| Mohamedbaquir | Nurmohamed | IL |
| Venkata | Nuthalapati | MD |
| Nzinga | Nyagua | CA |
| Richard | Oliveira | TX |
| Luis | Oliveras Soto | FL |

| | | |
|---|---|---|
| Bilal | Omar | CA |
| Aaron | Osei-amoah | VA |
| Jorge | Ossa | FL |
| Torrence | Owens | MD |
| Joseph | Pace | MD |
| Dylan | Padilla | UT |
| Stanley | Paez | CA |
| John | Pagoto | AZ |
| Somya | Pandey | CA |
| John | Pantesco | GA |
| Youhannon | Parambath | PA |
| Adrian | Pardo | TX |
| Bhavini | Parekh | MA |
| Timothy | Parfitt | MO |
| Ben | Parker | IN |
| Timothy | Parker | UT |
| Athena | Parker-Nelson | CA |
| David | Parks | CA |
| Ali | Parto | CA |
| Brad | Pasternak | AZ |
| Ajay | Patel | TN |
| Apurva | Patel | FL |
| Biren | Patel | NJ |
| Chirag | Patel | IN |
| Devish | Patel | TX |
| Hardi | Patel | IL |
| Harshkumar | Patel | TX |
| Jayesh | Patel | NC |
| Jignesh | Patel | CA |
| Jignesh | Patel | SC |
| Jitendra | Patel | NJ |
| Nirali | Patel | CA |
| Piyushkumar | Patel | IL |
| Rahee | Patel | FL |
| Rakesh | Patel | FL |
| Sunny | Patel | IL |
| Tapan | Patel | MD |
| Tejash | Patel | TN |

| | | |
|---|---|---|
| Siddhesh | Patki | CA |
| Raj | Patro | TX |
| Derek | Paul | TN |
| Jake | Paul | CO |
| Jeremy | Peck | NM |
| Vinay | Peddireddy | IL |
| Roman | Peebles | IL |
| Tirso | Pena | PR |
| Timothy | Peng | CA |
| Leopoldo | Pereira | FL |
| Jean | Perez | FL |
| Jorge | Perez | CA |
| James | Perkins | NJ |
| Joseph | Perkins | CA |
| Kathryn | Perkinson | WA |
| Steven | Perlaky | OH |
| Andrew | Peters | NY |
| Richard | Petralia | KY |
| Charles | Pfeister | AZ |
| Lucas | Pham | HI |
| Nghia | Pham | CA |
| Eric | Piedra | FL |
| Bryan | Pinzon | FL |
| Rex | Piper | AZ |
| Peter | Plass | RI |
| Sasha | Plozi | CA |
| Adam | Ponaman | CA |
| Alonzo | Porche | CA |
| Williiam | Poston | NV |
| Roberto | Potenza | UT |
| Andrew | Pouget | FL |
| Brian | Powell | TX |
| Hernan | Prada | NJ |
| Shuna | Price | IL |
| Siva | Pulagam | CO |
| Kakhramon | Pulatov | CO |
| Daniel | Pulido | CA |
| Pavan | Punja | CT |

| | | |
|---|---|---|
| Brandon | Purnell | TX |
| Joseph | Raats | MT |
| Khurram | Rafi | NC |
| Denzil | Ragbirsingh | GA |
| Ahnaf | Rahman | AZ |
| Km | Rahman | NY |
| Tahmedur | Rahman | CA |
| Muzaffar | Rahmani | NJ |
| Raghu | Raman | FL |
| Willis | Ramsey | AL |
| Shelly | Rankine | GA |
| Mohammad | Rasool | CA |
| Bidur | Raut | CA |
| Daniel | Reid | FL |
| Patrick | Reilly | MD |
| Gretchen | Renaud | MA |
| Lymwyll | Reoma | CA |
| Daniel | Revah | CA |
| Rhea | Reyes | CA |
| Iliya | Rezvine | NJ |
| Clinton | Rhodes | NV |
| Michael | Rickert | PA |
| Michael | Rife | OK |
| Devin | Riley | IL |
| Alejandro | Rivera | CA |
| Carlos | Rivera | NY |
| Christopher | Rivera | CA |
| Raul | Rivera | IL |
| Jeremy | Robbins | NC |
| Brandon | Robinson | MN |
| Michael | Robinson | OH |
| Jacob | Robles | TX |
| Armando | Rodriguez | UT |
| Christoph | Rodriguez | NJ |
| Raul | Rodriguez Zarco | IN |
| Lyle | Rogers | CO |
| Luis | Rojas | NC |
| Habibul | Roni | NY |

| | | |
|---|---|---|
| Richard | Rosen | MA |
| Adam | Rosenberg | FL |
| David | Rosenfeld | GA |
| Bradley | Roth | MO |
| Lee | Rouse | GA |
| Robert | Routh | TN |
| Arjun | Roy | NJ |
| Sagar | Roy | GA |
| Glenn | Ruark | CO |
| Craig | Runner | IL |
| Clysta | Russell | WA |
| Randall | Russell | TX |
| Michael | Russo | NY |
| Mirhet | Sabanovic | VA |
| Purujit | Saha | FL |
| Mrinmoy | Sahu | TX |
| Sammy | Said | TN |
| Hardeep | Saini | NJ |
| Jaimeet | Saini | CA |
| Juan | Salas | TX |
| Adan | Salazar | CA |
| Muhammad | Saleem | TX |
| Yvonne | Sales | GA |
| Khaldoun | Samaan | CA |
| Therun | Samarasinghe | CA |
| Renee-Maria | Sampson-Thornhill | NY |
| Edgar | Sanchez | CA |
| Jaime | Sanchez | TX |
| Gurpreet | Sandhu | IL |
| Jorge | Sandoval | AZ |
| Keith | Sanks | CA |
| Vincent | Santare | IL |
| Edgar | Santiago | CA |
| Fernando | Santiago | FL |
| Gor | Sargsyan | CA |
| Rhaihan | Sarker | TX |
| Derek | Satterfield | GA |
| Franklin | Sauls | AL |

| | | |
|---|---|---|
| Thomas | Sayers | IL |
| David | Scardino | FL |
| Joshua | Schaffrin | AL |
| Anthony | Schall | AR |
| Frank | Scheno | NY |
| Bradley | Schwartz | CA |
| Hollis | Seabrooks | DE |
| Michael | Seay | TX |
| Raymond | Seda | AL |
| Noli | Seifu | WA |
| Sumartya | Sen | CT |
| Rafael | Serbia | CT |
| Arayik | Shahbazian | CA |
| Narendra | Shahi | CA |
| Anees | Shaik | IL |
| Mohammad | Shakeel | NJ |
| Amitabh | Shankar | FL |
| Aditya | Sharma | TX |
| Aruna | Sharma | IL |
| Nitin | Sharma | FL |
| Brian | Shaw | TX |
| Dean | Shehadeh | CA |
| Niha | Sheikh | TX |
| Kevin | Sherwin | WA |
| Yesh | Sheth | IL |
| Thiago | Shimoda | CA |
| Mark | Sho | CA |
| Sabin | Shrestha | CA |
| Sumit | Shrivastava | CO |
| Cory | Shutts | NY |
| Robert | Siegel | FL |
| Daniel | Silberman | NY |
| Bruce | Silverman | FL |
| Marina | Siminchuk | CA |
| Casey | Simpson | IA |
| Dicky | Simpson | AR |
| Devesh | Singh | TX |
| Harcharan | Singh | IN |

| | | |
|---|---|---|
| Vishal | Singh | OH |
| David | Singleton | NY |
| Swamy | Sirigina | WA |
| Veera | Sirivansanti | CA |
| Juno | Siu | CA |
| Michael | Skora | IL |
| Oleg | Slabodkin | NY |
| Nicole | Slovek | AZ |
| Alsavion | Smith | NC |
| Cetonya | Smith | FL |
| Demetrius | Smith | GA |
| Everald | Smith | GA |
| Isreal | Smith | TX |
| Neil | Smith | CA |
| Tim | Smith | TN |
| Adam | Somers | MA |
| Forrest | Sonntag | VA |
| Yoslier | Sotero | FL |
| Javier | Soto | CA |
| Frank | Spencer | NV |
| Daemar | Spraggins | IL |
| Satish | Sreedhara | VA |
| Karthik | Srinivasan | WA |
| Darrell | Starnik | OH |
| Ronald | Stefanovsky | MD |
| Kurt | Steigerwald | TX |
| Forrest | Stein | AZ |
| Seth | Steitler | SC |
| Claude | Stetka | IL |
| Ian | Stewart | IL |
| William | Stuerman | MO |
| Victor | Suarez | CA |
| Andy | Sudan | FL |
| Saad | Suleman | FL |
| Kalyan | Surisetty | IN |
| Ahmed | Syed Ashfaque | TX |
| Michael | Sylvestre | FL |
| Nava | Takaki | HI |

| | | |
|---|---|---|
| Deepak | Tandon | CA |
| Jaime | Tapia | CA |
| Michael | Tatlow | AZ |
| Richard | Tatlow | PA |
| Cesar | Tejeda | CA |
| Denver | Terrance | MD |
| Michael | Thatcher | NC |
| Dontrell | Thompson | CA |
| Edward | Thompson | NC |
| Jason | Thompson | NY |
| Swaine | Thompson | TX |
| Joel | Thyrion | TX |
| Tristan | Tischer | TN |
| Wilton | Tom | WA |
| Trung | Tong | CA |
| Raj | Toor | WA |
| Roberto | Torres | TX |
| John | Tran | CA |
| Thuy | Tran | CA |
| David | Treharne | NY |
| Jason | Turner | FL |
| John | Tzinberg | CA |
| Akash | Udani | NC |
| Farhan | Uppal | CA |
| Archana | Uppala | IL |
| Oscar | Urcia | MD |
| Gediminas | Urlakis | IL |
| Urmikant | Urmikantsheth | NJ |
| Alexander | Usasilp | CA |
| Raam | Vaidyanathan | IL |
| Roy | Valdes | FL |
| Dennis | Vargas | CA |
| Alexander | Varkey | CA |
| Ivaylo | Vasev | TX |
| Joseph | Vassalo | FL |
| Lasalle | Vaughn | TX |
| Jesse | Vazquez | IL |
| Adrian | Vela Ponce | FL |

| | | |
|---|---|---|
| Ivan | Velickovic | VA |
| Poonam | Verma | TX |
| Rohit | Verma | TX |
| Roshan | Verma | TX |
| Charles | Victor | FL |
| Serena | Viharo | CA |
| Lourdes | Villasenor | CA |
| Emilci | Viso | FL |
| Randall | Wagner | IN |
| Areal | Waknin | CA |
| Cody | Walters | NC |
| Freeha | Waqar | CA |
| Bryan | Ward | NJ |
| Donald | Warner | FL |
| Thornell | Washington | CA |
| Melissa | Waters | TX |
| Michael | Watson | GA |
| Jason | Watt | TX |
| Tong | Wei | MD |
| David | Weinstein | NY |
| Mark | Wendt | OR |
| Nancy | Werner | NC |
| David | White | FL |
| Justin | Whitesides | NV |
| James | Whitlow | IL |
| James | Whitney | CA |
| Svien | William | WI |
| Kayla | Williams | FL |
| Ted | Williams | CA |
| Eric | Willman | IL |
| Brandy | Wilson | OH |
| David | Wilson | TX |
| Daman | Wilt | PA |
| James | Windland | WV |
| Felix | Wong | CA |
| Jessica | Wong | CA |
| Wayne | Wong | TX |
| David | Wright | CA |

| | | |
|---|---|---|
| Christian | Wunderlich | TX |
| Kapil | Yanamandra | MA |
| William | Ye | WA |
| Alex | Yelisav | MA |
| Douglas | Young | AZ |
| Gregory | Young | OH |
| John | Zeigler | FL |
| Clint | Zeller | AZ |
| Youssef | Zeroual | VA |
| Jeffrey | Zhao | IL |
| Daniel | Zheng | CA |
| Trevor | Zimmer | SD |
| Juan | Zuluaga Mariaca | WA |
| Adnan | Zyteja | IL |

# EXHIBIT C



# Consumer Arbitration Rules



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/consumer**

Rules Amended and Effective September 1, 2014
Cost of Arbitration Effective January 1, 2016

# Table of Contents

Consumer Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    About the AAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    The Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    The AAA's Consumer Arbitration Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Availability of Mediation through Mediation.org . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Administrative Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Arbitrator's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Filing a Case and Initial AAA Administrative Steps . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    R-1. Applicability (When the AAA Applies These Rules) . . . . . . . . . . . . . . . . . . . . . . . . .9

    R-2. Starting Arbitration under an Arbitration Agreement in a Contract . . . . . . . . . . . .11

    R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause . . . . . . . . . . . .13

    R-4. AAA Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    R-5. Neutral Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

    R-6. Depositing Neutral Arbitrator's Compensation with the AAA. . . . . . . . . . . . . . . . .14

    R-7. Expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

    R-8. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

    R-9. Small Claims Option for the Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

    R-10. Administrative Conference with the AAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

    R-11. Fixing of Locale (the city, county, state, territory and/or country where the
        arbitration will take place). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

    R-12. Business Notification and Publicly-Accessible Consumer Clause Registry . . . . . .16

    R-13. AAA and Delegation of Duties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

    R-14. Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

Appointing the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    R-15. National Roster of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    R-16. Appointment from National Roster. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    R-17. Number of Arbitrators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    R-18. Disclosure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    R-19. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

    R-20. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

Pre-Hearing Preparation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

R-21. Preliminary Management Hearing with the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . 20

R-22. Exchange of Information between the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

R-23. Enforcement Powers of the Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

R-24. Written Motions (except for Dispositive Motions—see R-33) . . . . . . . . . . . . . . . . 21

R-25. Representation of a Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

R-27. Written Record of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

R-28. Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

R-29. Documents-Only Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23


Hearing Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

R-30. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

R-31. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

R-32. Conduct of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

R-33. Dispositive Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

R-34. Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence 25

R-36. Inspection or Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration) . . . . . . . . . . . . . . . . . . . . . . . . . . 26

R-38. Postponements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

R-39. Arbitration in the Absence of a Party or Representative . . . . . . . . . . . . . . . . . . . . 26


Conclusion of the Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

R-40. Closing of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

R-41. Reopening of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

R-42. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

R-43. Form of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

R-44. Scope of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

R-45. Award upon Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

R-46. Delivery of Award to Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors . . . . . . 29

Post Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

    R-48. Release of Documents for Judicial Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . 30

    R-49. Applications to Court and Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . 30

General Procedural Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    R-50. Waiver of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    R-51. Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    R-52. Serving of Notice and AAA and Arbitrator Communications . . . . . . . . . . . . . . . . 31

    R-53. Interpretation and Application of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    R-54. Remedies for Nonpayment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    R-55. Declining or Ceasing Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Costs of Arbitration (including AAA Administrative Fees) . . . . . . . . . . . . . . . . . . . . . . 33

    (i) Filing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    (ii) Neutral Arbitrator's Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    (iii) Refund Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    (iv) Hearing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    (v) Hearing Room Rental. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    (vi) Abeyance Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    (vii) Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    (viii) Consumer Clause Review and Registry Fee . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Procedures for the Resolution of Disputes through Document Submission . . . . . 37

    D-1. Applicability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    D-2. Preliminary Management Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    D-3. Removal from the Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    D-4. Time of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Glossary of Terms ............................................................... 39

    Administrator ................................................................. 39

    ADR Agreement ............................................................. 39

    ADR Process ................................................................. 39

    ADR Program ................................................................ 39

    Arbitration ................................................................... 39

    Arbitration Agreement ...................................................... 40

    Arbitrator .................................................................... 40

    Case Administrator .......................................................... 40

    Claimant .................................................................... 40

    Demand for Arbitration (also referred to as "Demand") ..................... 40

    Documents-Only Arbitration ................................................ 41

    Independent ADR Institution ................................................ 41

    In-Person Hearing .......................................................... 41

    Mediation ................................................................... 41

    Neutral ...................................................................... 41

    Party ........................................................................ 41

    Parties ...................................................................... 42

    Opposing Party ............................................................. 42

    Respondent ................................................................. 42

    Telephone Hearing .......................................................... 42

# Consumer Arbitration Rules



## Introduction

Millions of consumer purchases take place each year. Occasionally, these transactions lead to disagreements between consumers and businesses. These disputes can be resolved by arbitration. Arbitration is usually faster and cheaper than going to court.

The American Arbitration Association® ("AAA®," "the Association") applies the *Consumer Arbitration Rules* ("Rules") to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA has the discretion to apply or not to apply the *Consumer Arbitration Rule*, and the parties are able to bring any disputes concerning the application or non-application of the Rules to the attention of the arbitrator. Consumers and businesses are permitted to seek relief in a small claims court for disputes or claims within the scope of the small claims court's jurisdiction. These Rules were drafted and designed to be consistent with the minimum due process principles of the *Consumer Due Process Protocol*.

## About the AAA

The administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, preliminary decisions about where hearings might take place, and handling the fees associated with the arbitration. As administrator, however, the AAA does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the AAA's role is only administrative, the AAA cannot overrule or change an arbitrator's decisions or rulings. The administrator will comply with any court orders issued from litigation involving the parties to the dispute.

The American Arbitration Association, founded in 1926, is a neutral, independent, and private not-for-profit organization. We offer a broad range of conflict management services to businesses, organizations, and individuals. We also provide education, training, and publications focused on methods for settling disputes out of court.

## The Arbitrator

Except where the parties to a case reach their own settlement, the arbitrator will make the final, binding decision called the Award on the dispute and render it in writing. The Arbitrator makes all the procedural decisions on a case not made by the Administrator or not decided jointly by the parties. The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law or laws that apply to the case.

Arbitrators are neutral and independent decision makers who are not employees of the AAA. Once appointed to a case, an arbitrator may not be removed by one party without the other party's consent or unless the Administrator determines an arbitrator should be removed and replaced by another arbitrator chosen by the Administrator in a manner described in these Rules.

## The AAA's Consumer Arbitration Rules

The AAA has developed the *Consumer Arbitration Rules* for consumers and businesses that want to have their disagreements resolved through arbitration.

## Availability of Mediation through Mediation.org

Mediation in consumer disputes is also available to help parties resolve their disputes. Parties interested in participating in mediation may find a mediator through **www.mediation.org.**

## Administrative Fees

The Association charges a fee for its services under these Rules. A fee schedule is included at the end of these Rules in the Costs of Arbitration section.

## Arbitrator's Fees

Arbitrators are paid for the time they spend resolving disputes. The business makes deposits as outlined in the fee schedule in the Costs of Arbitration section of these Rules. Unused deposits are refunded at the end of the case.

## Notification

A business intending to incorporate these Rules or to refer to the dispute resolution services of the AAA in a consumer alternative dispute resolution ("ADR") plan should, at least 30 days prior to the planned effective date of the program,

- notify the Association of its intention to do so, and
- provide the Association with a copy of the consumer dispute resolution plan.

If a business does not comply with this requirement, the Association reserves the right to withhold its administrative services. For more information, please see R-12 below.

## Filing a Case and Initial AAA Administrative Steps

### R-1. Applicability (When the AAA Applies These Rules)

**(a)** The parties shall have made these *Consumer Arbitration Rules* ("Rules") a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA"), and

**1)** have specified that these *Consumer Arbitration Rules* shall apply;

**2)** have specified that the *Supplementary Procedures for Consumer-Related Disputes* shall apply, which have been amended and renamed the *Consumer Arbitration Rules*;

**3)** the arbitration agreement is contained within a consumer agreement, as defined below, that does not specify a particular set of rules; or

**4)** the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules.*

When parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement.

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

Examples of contracts that typically meet the criteria for application of these Rules, if the contract is for personal or household goods or services and has an arbitration provision, include, but are not limited to the following:

- Credit card agreements
- Telecommunications (cell phone, ISP, cable TV) agreements
- Leases (residential, automobile)
- Automobile and manufactured home purchase contracts
- Finance agreements (car loans, mortgages, bank accounts)
- Home inspection contracts
- Pest control services

- Moving and storage contracts

- Warranties (home, automobile, product)

- Legal funding

- Health and fitness club membership agreements

- Travel services

- Insurance policies

- Private school enrollment agreements

Examples of contracts that typically do not meet the criteria for application of these Rules, should the contract contain an arbitration provision, include, but are not limited to the following:

- Home construction and remodeling contracts

- Real estate purchase and sale agreements

- Condominium or homeowner association by-laws

- Business insurance policies (including crop insurance)

- Commercial loan and lease agreements

- Commercial guaranty agreements

**(b)** When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

**(c)** The consumer and the business may agree to change these Rules. If they agree to change the Rules, they must agree in writing. If the consumer and the business want to change these Rules after the appointment of the arbitrator, any changes may be made only with the approval of the arbitrator.

**(d)** The AAA administers consumer disputes that meet the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules.* The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the *Consumer Due Process Protocol.* Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**(e)** The AAA has the initial authority to apply or not to apply the *Consumer Arbitration Rules*. If either the consumer or the business disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply.

**(f)** If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 30 days to permit the party to obtain a stay of arbitration from the court.

**(g)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by the submission of documents only/desk arbitration (see R-29 and the *Procedures for the Resolution of Disputes through Document Submission* below). Any party, however, may ask for a hearing. The arbitrator also may decide that a hearing is necessary.

## R-2. Starting Arbitration under an Arbitration Agreement in a Contract

**(a)** Arbitration filed under an arbitration agreement naming the AAA shall be started in the following manner:

**(1)** The party who starts the arbitration (referred to as the "claimant" throughout the arbitration) must contact, in writing, the party that the case is filed against (referred to as the "respondent" throughout the arbitration) that it wishes to arbitrate a dispute. This written contact is referred to as the Demand for Arbitration ("Demand"). The Demand must do the following:

- Briefly explain the dispute

- List the names and addresses of the consumer and the business, and, if known, the names of any representatives of the consumer and the business

- Specify the amount of money in dispute, if applicable

- Identify the requested location for the hearing if an in-person hearing is requested

- State what the claimant wants

**(2)** The claimant must also send one copy of the Demand to the AAA at the same time the demand is sent to the respondent. When sending a Demand to the AAA, the claimant must also send the following:

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document

- The proper filing fee; the amount of the filing fee can be found in the Costs of Arbitration section at the end of these Rules.

**(3)** If the arbitration is pursuant to a court order, the claimant must send one copy of the Demand to the AAA at the same time the Demand is sent to the respondent. When sending a demand to the AAA, the claimant must also send the following:

- A copy of the court order

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document

- The proper filing fee

The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party either to make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

The claimant may file by mail. The mailing address of the AAA's Case Filing Services is:

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

Or, the claimant may file online using AAA WebFile: **https://www.adr.org**

Or, the claimant may file at any of the AAA's offices.

**(b)** The AAA will send a written notice letting the consumer and the business know the Demand for Arbitration has been received.

**(c)** The respondent may submit a written response to the Demand, known as an "answer," which describes how the respondent responds to the claimant's claim. The answer must be sent to the AAA within 14 calendar days after the date the AAA notifies the parties that the Demand for Arbitration was received and all filing requirements were met. The answer must be

- in writing,

- sent to the AAA, and

- sent to the claimant at the same time.

**(d)** The respondent may also file a counterclaim, which is the respondent filing a Demand against the claimant. If the respondent has a counterclaim, the counterclaim must briefly explain the dispute, specify the amount of money involved, and state what the respondent wants.

(e) If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 days regardless of whether an answer is filed.

(f) When sending a Demand or an answer, the consumer and the business are encouraged to provide enough details to make the dispute clear to the arbitrator.

## R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause

If the consumer and business do not have an arbitration agreement or their arbitration agreement does not name the AAA, the parties may agree to have the AAA arbitrate their dispute. To start the arbitration, the parties must send the AAA a submission agreement, which is an agreement to arbitrate their case with the AAA, signed by the consumer and the business (email communications between all parties to a dispute reflecting an agreement to arbitrate also is acceptable). The submission agreement must

- be in writing (electronic communication is acceptable);
- be signed by both parties;
- briefly explain the dispute;
- list the names and addresses of the consumer and the business;
- specify the amount of money involved;
- specify the requested location for the hearing if an in-person hearing is requested; and
- state the solution sought.

The parties should send one copy of the submission agreement to the AAA. They must also send the proper filing fees. A fee schedule can be found in the Costs of Arbitration section at the end of these Rules.

## R-4. AAA Administrative Fees

As a not-for-profit organization, the AAA charges fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the case is filed shall apply for all fees charged during the administration of the case. The AAA may, in the event of the consumer's extreme hardship, defer or reduce the consumer's administrative fees.

AAA fees shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-5. Neutral Arbitrator's Compensation

**(a)** Arbitrators serving under these Rules shall be compensated at a rate established by the AAA.

**(b)** Any arrangement for the compensation of an arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

**(c)** Arbitrator compensation shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-6. Depositing Neutral Arbitrator's Compensation with the AAA

The AAA may require the parties to deposit in advance of any hearings such sums of money as it decides are necessary to cover the expense of the arbitration, including the arbitrator's fee, and shall render an accounting to the parties and return any unused money at the conclusion of the case.

### R-7. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-8. Changes of Claim

Once a Demand has been filed, any new claims or counterclaims, or changes to the claim or counterclaim, must be made in writing and sent to the AAA. The party making the new or different claim or counterclaim shall send a copy to the opposing party. As with the original Demand or counterclaim, a party shall have 14 calendar days from the date the AAA notifies the parties it received the new or different claim or counterclaim to file an answering statement with the AAA.

If an arbitrator has already been appointed, a new or different claim or counterclaim may only be considered if the arbitrator allows it.

### R-9. Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

**(a)** The parties may take their claims to small claims court without first filing with the AAA.

**(b)** After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

**(c)** After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

### R-10. Administrative Conference with the AAA

At the request of any party or if the AAA should so decide, the AAA may have a telephone conference with the parties and/or their representatives. The conference may address issues such as arbitrator selection, the possibility of a mediated settlement, exchange of information before the hearing, timing of the hearing, the type of hearing that will be held, and other administrative matters.

### R-11. Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place)

If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination. The locale determination will be made after considering the positions of the parties, the circumstances of the parties and the dispute, and the *Consumer Due Process Protocol*.

R-12. Business Notification and Publicly-Accessible Consumer Clause Registry

Beginning September 1, 2014, a business that provides for or intends to provide for these Rules or another set of AAA Rules in a consumer contract (as defined in R-1) should

1. notify the AAA of the existence of such a consumer contract or of its intention to do so at least 30 days before the planned effective date of the contract.

2. provide the AAA a copy of the arbitration agreement.

Upon receiving the arbitration agreement, the AAA will review the agreement for material compliance with due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules* (see Rule 1(d)). There is a nonrefundable fee to conduct this initial review and maintain a publicly-available clause registry, which is detailed in the Costs of Arbitration section found at the end of these Rules. Any subsequent changes, additions, deletions, or amendments to a currently-registered arbitration agreement must be resubmitted for review and a review fee will be assessed at that time. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement where the business fails to pay the review fee.

If a business does not submit its arbitration agreement for review and a consumer arbitration then is filed with the AAA, the AAA will conduct an expedited review at that time. Along with any other filing fees that are owed for that case, the business also will be responsible for paying the nonrefundable review and Registry fee (including any fee for expedited review at the time of filing) for this initial review, which is detailed in the Costs of Arbitration section found at the end of these Rules. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement if the business declines to pay the review and Registry fee.

After the AAA reviews the submitted consumer clause, receives the annual consumer registry fee, and determines it will administer consumer-related disputes filed pursuant to the consumer clause, the business will be included on the publicly-accessible Consumer Clause Registry. This Consumer Clause Registry maintained by the AAA will contain the name of the business, the address, and the consumer arbitration clause, along with any related documents as deemed necessary by the AAA. The AAA's review of a consumer arbitration clause and determination whether or not to administer arbitrations pursuant to

that clause is only an administrative determination by the AAA and cannot be relied upon or construed as a legal opinion or advice regarding the enforceability of the arbitration clause. Consumer arbitration agreements may be registered at: **www.adr.org/consumerclauseregistry** or via email at **consumerreview@adr.org.**

For more information concerning the Consumer Clause Registry, please visit the AAA's website at **www.adr.org/consumerclauseregistry.**

The Registry fee to initially review a business's agreement and maintain the clause registry list is a yearly, non-refundable fee for the business's arbitration agreement. Any different arbitration agreements submitted by the same business or its subsidiaries must be submitted for review and are subject to the current review fee.

If the AAA declines to administer a case due to the business's non-compliance with this notification requirement, the parties may choose to submit their dispute to the appropriate court.

## R-13. AAA and Delegation of Duties

When the consumer and the business agree to arbitrate under these Rules or other AAA rules, or when they provide for arbitration by the AAA and an arbitration is filed under these Rules, the parties also agree that the AAA will administer the arbitration. The AAA's administrative duties are set forth in the parties' arbitration agreement and in these Rules. The AAA will have the final decision on which office and which AAA staff members will administer the case. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

## R-14. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## Appointing the Arbitrator

### R-15. National Roster of Arbitrators

The AAA maintains a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators from this National Roster to resolve the parties' dispute(s).

### R-16. Appointment from National Roster

(a) If the parties have not appointed an arbitrator and have not agreed to a process for appointing the arbitrator, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint an arbitrator from the National Roster.

(b) If the parties' arbitration agreement provides for three or more arbitrators and they have not appointed the arbitrators and have not agreed to a process for appointing the arbitrators, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint the arbitrators from the National Roster. The AAA will appoint the chairperson.

(c) Arbitrator(s) serving under these Rules will be neutral and must meet the standards of R-19 with respect to being impartial and independent.

### R-17. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators and the parties do not agree on the number, the dispute shall be heard and decided by one arbitrator.

### R-18. Disclosure

(a) Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. This disclosure of information would include

(1) any bias;

(2) any financial interest in the result of the arbitration;

(3) any personal interest in the result of the arbitration; or

(4) any past or present relationship with the parties or their representatives.

Such obligation to provide disclosure information remains in effect throughout the arbitration. A failure on the part of a party or a representative to comply with the

requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-50.

**(b)** If the AAA receives such information from the arbitrator or another source, the AAA will communicate the information to the parties. If the AAA decides it is appropriate, it will also communicate the information to the arbitrator and others.

**(c)** In order to encourage disclosure by arbitrators, disclosing such information does not mean that the arbitrator considers the disclosed information will likely affect his or her ability to be impartial or independent.

## R-19. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties carefully and in good faith. The AAA may disqualify an arbitrator who shows

   **(1)** partiality or lack of independence;

   **(2)** inability or refusal to perform his or her duties with diligence and in good faith; or

   **(3)** any grounds for disqualification provided by applicable law.

**(b)** If a party objects to the continued service of an arbitrator, or if the AAA should so decide to raise the issue of whether the arbitrator should continue on the case, the AAA will decide if the arbitrator should be disqualified.  After gathering the opinions of the parties, the AAA will decide and that decision shall be final and conclusive.

## R-20. Vacancies

If for any reason an arbitrator cannot or is unwilling to perform the duties of the office, the AAA may declare the office vacant. Any vacancies shall be filled based on the original procedures used to appoint the arbitrator. If a substitute arbitrator is appointed, the substitute arbitrator will decide if it is necessary to repeat all or part of any prior ruling or hearing.

# Pre-Hearing Preparation

## R-21. Preliminary Management Hearing with the Arbitrator

**(a)** If any party asks for, or if the AAA or the arbitrator decides to hold one, the arbitrator will schedule a preliminary management hearing with the parties and/or their representatives as soon as possible. The preliminary management hearing will be conducted by telephone unless the arbitrator decides an in-person preliminary management hearing is necessary.

**(b)** During the preliminary management hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of issues and claims, scheduling of the hearings, and any other preliminary matters.

**(c)** The arbitrator shall promptly issue written orders that state the arbitrator's decisions made during or as a result of the preliminary management hearing. The arbitrator may also conduct additional preliminary management hearings if the need arises.

## R-22. Exchange of Information between the Parties

**(a)** If any party asks or if the arbitrator decides on his or her own, keeping in mind that arbitration must remain a fast and economical process, the arbitrator may direct

    **1)** specific documents and other information to be shared between the consumer and business, and

    **2)** that the consumer and business identify the witnesses, if any, they plan to have testify at the hearing.

**(b)** Any exhibits the parties plan to submit at the hearing need to be shared between the parties at least five business days before the hearing, unless the arbitrator sets a different exchange date.

**(c)** No other exchange of information beyond what is provided for in section (a) above is contemplated under these Rules, unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process.

**(d)** The arbitrator has authority to resolve any disputes between the parties about exchanging information.

## R-23. Enforcement Powers of the Arbitrator

The arbitrator may issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient, and economical resolution of the case, including, but not limited to:

**(a)** an order setting the conditions for any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing in order to preserve such confidentiality;

**(b)** to the extent the exchange of information takes place pursuant to R-22, imposing reasonable search limitations for electronic and other documents if the parties are unable to agree;

**(c)** allocating costs of producing documentation, including electronically-stored documentation;

**(d)** in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

**(e)** issuing any other enforcement orders that the arbitrator is empowered to issue under applicable law.

## R-24. Written Motions (except for Dispositive Motions—see R-33)

The arbitrator may consider a party's request to file a written motion (except for Dispositive Motions— see R-33) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion and his or her decision is final.

## R-25. Representation of a Party

Any party may participate in the arbitration without representation, or may be represented by counsel or other authorized representative, unless such choice is prohibited by applicable law. A party intending to be represented shall give the opposing party and the AAA the name, address, and contact information of the representative at least three business days before the hearing where that representative will first appear in the case. It will be considered proper notice if a representative files the arbitration demand or answer or responds for a party during the course of the arbitration.

While parties do not need an attorney to participate in arbitration, arbitration is a final, legally-binding process that may impact a party's rights. As such, parties may want to consider consulting an attorney.

### R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator will set the date, time, and place for each hearing within the locale as determined in R-11. A hearing may be by telephone or in person. For their part, the parties commit to

(1) respond promptly to the arbitrator when he or she asks what dates the parties are available to have the hearings;

(2) cooperate in the scheduling of the hearing on the earliest possible date; and

(3) follow the hearing schedule set up by the arbitrator.

The AAA will send a notice of the hearing to the parties at least 10 days before the hearing date, unless the parties agree to a different time frame.

### R-27. Written Record of Hearing

(a) If a party wants a written record of the hearing, that party must make such arrangement directly with a stenographer (court reporter) and notify the opposing parties, the AAA, and the arbitrator of these arrangements at least three business days before the hearing. The party or parties who request the written record shall pay the cost of the service.

(b) No other type of recording will be allowed unless the parties agree or the arbitrator directs a different form of recording.

(c) The arbitrator may resolve disputes between the parties over who will pay the costs of the written record or other type of recording.

(d) The parties can agree or the arbitrator may decide that the transcript (written record) is the official record of the hearing. If it is the official record of the hearing, the transcript must be given to the arbitrator and made available to all the parties so that it can be reviewed. The date, time, and place of the inspection will be decided by the arbitrator.

### R-28. Interpreters

If a party wants an interpreter present for any part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the service.

### R-29. Documents-Only Procedure

Disputes may be resolved by submission of documents and without in-person or telephonic hearings. For cases being decided by the submission of documents only, the *Procedures for the Resolution of Disputes through Document Submission* (found at the end of these Rules) shall supplement these Rules. These Procedures will apply where no disclosed claims or counterclaims exceed $25,000 (see R-1(g)), unless any party requests an in-person or telephonic hearing or the arbitrator decides that a hearing is necessary.

## Hearing Procedures

### R-30. Attendance at Hearings

The arbitrator and the AAA will keep information about the arbitration private except to the extent that a law provides that such information shall be shared or made public. The parties and their representatives in the arbitration are entitled to attend the hearings. The arbitrator will determine any disputes over whether a non-party may attend the hearing.

### R-31. Oaths

Before starting the hearing, each arbitrator may take an oath of office and, if required by law, shall do so. If the arbitrator determines that witnesses shall testify under oath, then the arbitrator will direct the oath be given by a duly-qualified person.

### R-32. Conduct of Proceedings

(a) The claimant must present evidence to support its claim. The respondent must then present evidence to support its defense. Witnesses for each party also must answer questions from the arbitrator and the opposing party. The arbitrator may change this procedure, as long as each party has the right to be heard and is given a fair opportunity to present its case.

(b) When the arbitrator decides it is appropriate, the arbitrator may also allow the parties to present evidence in alternative ways, including web conferencing, Internet communication, and telephonic conferences. All procedures must provide the parties with a full and equal opportunity to present any evidence that the arbitrator decides is material and relevant to deciding the dispute. If the alternative ways to present evidence involve witnesses, those ways may include that the witness submit to direct and cross-examination questioning.

(c) The arbitrator will use his or her discretion to resolve the dispute as quickly as possible and may direct the parties to present the evidence in a certain order, or may split the proceedings into multiple parts and direct the parties in the presentation of evidence.

(d) The hearing generally will not exceed one day. However, if a party shows good cause, the arbitrator may schedule additional hearings within seven calendar days after the initial day of hearing.

(e) The parties may agree in writing to waive oral hearings.

## R-33. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## R-34. Evidence

**(a)** The parties may offer relevant and material evidence and must produce any evidence the arbitrator decides is necessary to understand and decide the dispute. Following the legal rules of evidence shall not be necessary. All evidence should be taken in the presence of the arbitrator and all of the parties, unless any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine what evidence will be admitted, what evidence is relevant, and what evidence is material to the case. The arbitrator may also exclude evidence that the arbitrator decides is cumulative or not relevant.

**(c)** The arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so on the request of any party or on the arbitrator's own determination. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.

## R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence

**(a)** The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit rather than in-person testimony but will give this evidence only such credence as the arbitrator decides is appropriate. The arbitrator will consider any objection to such evidence made by the opposing party.

**(b)** If the parties agree or the arbitrator decides that documents or other evidence need to be submitted to the arbitrator after the hearing, those documents or other evidence will be filed with the AAA so that they can be sent to the arbitrator. All parties will be given the opportunity to review and respond to these documents or other evidence.

## R-36. Inspection or Investigation

An arbitrator finding it necessary to inspect property or conduct an investigation in connection with the arbitration will request that the AAA inform the parties. The arbitrator will set the date and time of the inspection and investigation, and

the AAA will notify the parties. Any party who would like to be present at the inspection or investigation may attend. If one or all parties are not present at the inspection or investigation, the arbitrator will make an oral or written report to the parties and allow them an opportunity to comment.

## R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration)

**(a)** The arbitrator may grant whatever interim measures he or she decides are necessary, including granting an injunction and ordering that property be protected.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require a security payment for the costs of such measures.

**(c)** When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

**(d)** A party to an arbitration agreement under these Rules may instead file in state or federal court for interim relief. Applying to the court for this type of relief, including temporary restraining orders, is consistent with the agreement to arbitrate and will not be considered a waiver of the right to arbitrate.

## R-38. Postponements

The arbitrator may postpone any hearing

**(a)** if requested by a party, and the party shows good cause for the postponement;

**(b)** if all parties agree to a postponement;

**(c)** on his or her own decision.

## R-39. Arbitration in the Absence of a Party or Representative

The arbitration may proceed even if any party or representative is absent, so long as proper notice was given and that party or representative fails to appear or obtain a postponement from the arbitrator. An award cannot be made only because of the default of a party. The arbitrator shall require the party who participates in the hearing to submit the evidence needed by the arbitrator to make an award.

## Conclusion of the Hearing

### R-40. Closing of Hearing

The arbitrator must specifically ask all parties whether they have any further proofs to offer or witnesses to be heard. When the arbitrator receives negative replies or he or she is satisfied that the record is complete, the arbitrator will declare the hearing closed.

If briefs or other written documentation are to be filed by the parties, the hearing shall be declared closed as of the final date set by the arbitrator. Absent agreement of the parties, the time that the arbitrator has to make the award begins upon the closing of the hearing. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-41. Reopening of Hearing

If a party requests, or if the arbitrator decides to do so, the hearing may be reopened at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. If the arbitrator reopens the hearing, he or she shall have 30 days from the closing of the reopened hearing within which to make an award.

### R-42. Time of Award

The award shall be issued promptly by the arbitrator and, unless the parties agree differently or the law indicates a different time frame, no later than 30 calendar days from the date the hearing is closed, or, if the case is a documents-only procedure, 14 calendar days from the date the arbitrator set for his or her receipt of the final statements and proofs. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

### R-43. Form of Award

**(a)** Any award shall be in writing and executed in the form and manner required by law.

**(b)** The award shall provide the concise written reasons for the decision unless the parties all agree otherwise. Any disagreements over the form of the award shall be decided by the arbitrator.

(c) The AAA may choose to publish an award rendered under these Rules; however, the names of the parties and witnesses will be removed from awards that are published, unless a party agrees in writing to have its name included in the award.

## R-44. Scope of Award

(a) The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

(b) In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and divide up the fees, expenses, and compensation related to such award as the arbitrator decides is appropriate, subject to the provisions and limitations contained in the Costs of Arbitration section.

(c) The arbitrator may also allocate compensation, expenses as defined in sections (v) and (vii) of the Costs of Arbitration section, and administrative fees (which include Filing and Hearing Fees) to any party upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous.

(d) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-4, R-5, and R-7 in favor of any party, subject to the provisions and limitations contained in the Costs of Arbitration section.

## R-45. Award upon Settlement

If the parties settle their dispute at any point during the arbitration and at the parties' request, the arbitrator may lay out the terms of the settlement in a "consent award" (an award drafted and signed by the arbitrator that reflects the settlement terms of the parties). A consent award must include a division of the arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses. Consent awards will not be made available to the public per Rule 43(c) unless the parties agree otherwise.

## R-46. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors

**(a)** Within 20 days after the award is transmitted, any party, upon notice to the opposing parties, may contact the AAA and request that the arbitrator correct any clerical, typographical, or mathematical errors in the award. The arbitrator has no power to re-determine the merits of any claim already decided.

**(b)** The opposing parties shall be given 10 days to respond to the request. The arbitrator shall make a decision on the request within 20 days after the AAA transmits the request and any responses to the arbitrator.

**(c)** If applicable law provides a different procedural time frame, that procedure shall be followed.

## Post Hearing

### R-48. Release of Documents for Judicial Proceedings

The AAA shall give a party certified copies of any records in the AAA's possession that may be required in judicial proceedings relating to the arbitration, except for records determined by the AAA to be privileged or confidential. The party will have to pay a fee for this service.

### R-49. Applications to Court and Exclusion of Liability

**(a)** No court or judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**(e)** Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or any AAA employee as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA, and AAA employees are not competent to and may not testify as witnesses in any such proceeding.

## General Procedural Rules

### R-50. Waiver of Rules

If a party knows that any of these Rules have not been followed, it must object in writing before proceeding with arbitration or it will lose its right to object that the rule has not been followed.

### R-51. Extensions of Time

The parties may agree to change any period of time provided for in the Rules, except that any such modification that negatively affects the efficient resolution of the dispute is subject to review and approval by the arbitrator. The AAA or the arbitrator may for good cause extend any period of time in these Rules, except as set forth in R-42. The AAA will notify the parties of any extension.

### R-52. Serving of Notice and AAA and Arbitrator Communications

**(a)** Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules, may be served on a party by mail or email addressed to the party or its representative at the last-known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**(b)** The AAA, the arbitrator, and the parties also may use overnight delivery, electronic facsimile transmission (fax), or electronic mail (email) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be sent by other methods of communication.

**(c)** Unless directed differently by the AAA or by the arbitrator, any documents and all written communications submitted by any party to the AAA or to the arbitrator also shall be sent at the same time to all parties to the arbitration.

**(d)** A failure to provide the other parties with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

**(e)** A party and/or someone acting on behalf of a party cannot have any communications with an arbitrator or a potential arbitrator about the arbitration outside of the presence of the opposing party. All such communications shall be conducted through the AAA.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or its representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

### R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

### R-54. Remedies for Nonpayment

**(a)** If arbitrator compensation or administrative charges have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment.

**(b)** Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment.

Such measures may include limiting a party's ability to assert or pursue its claim. However, a party shall never be precluded from defending a claim or counterclaim. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.

**(c)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(d)** If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the proceedings. Such an order shall be in writing and signed by the arbitrator. The impact of the termination for nonpayment of the Consumer Clause Registry fee is the removal from the "Registered" section of the Registry.

### R-55. Declining or Ceasing Arbitration

The AAA in its sole discretion may decline to accept a Demand for Arbitration or stop the administration of an ongoing arbitration due to a party's improper conduct, including threatening or harassing behavior towards any AAA staff, an arbitrator, or a party or party's representative.

## Costs of Arbitration (including AAA Administrative Fees)*

Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on a rate established by the AAA as set forth below. If a Preliminary Management Hearing is held by the arbitrator, the arbitrator is entitled to one-half the arbitration compensation rate for a full hearing day or a documents-only hearing. Once evidentiary hearings are held, the arbitrator is entitled to the full-day rate of compensation. The business shall pay the arbitrator's compensation unless the consumer, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses as defined in sections (v) and (vii) below, and administrative fees (which include Filing and Hearing Fees) are not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

*  *Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)*

| Party | Desk Arbitration | In-Person or Telephonic Hearing – Single Arbitrator | In-Person or Telephonic Hearing – Three Or More Arbitrators |
|---|---|---|---|
| Consumer | Filing Fee—$200 (nonrefundable) | Filing Fee—$200 (nonrefundable) | Filing Fee—$200 (nonrefundable) |
| Business | Filing Fee—$1,700<br><br>Arbitrator Compensation—$750 per case | Filing Fee—$1,700<br><br>Hearing Fee—$500<br><br>Arbitrator Compensation—$1,500 per hearing day | Filing Fee—$2,200<br><br>Hearing Fee—$500<br><br>Arbitrator Compensation—$1,500 per hearing day per arbitrator |

## (i) Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee capped in the amount of $200 is payable in full by the consumer when a case is filed, unless the parties' agreement provides that the consumer pay less. A partially refundable fee in the amount of $1,700 is payable in full by the business, unless the parties' agreement provides that the business pay more. This fee is due from the business once the consumer has met the filing requirements.

In cases before three or more arbitrators, a nonrefundable filing fee capped in the amount of $200 is payable in full by the consumer when a case is filed, unless the parties' agreement provides that the consumer pay less. A partially refundable fee in the amount of $2,200 is payable in full by the business, unless the parties' agreement provides that the business pay more. This fee is due from the business once the consumer has met the filing requirements.

There shall be no filing fee charged for a counterclaim.

The AAA reserves the right to assess additional administrative fees for services performed by the AAA beyond those provided for in these Rules and which may be required by the parties' agreement or stipulation.

## (ii) Neutral Arbitrator's Compensation

Arbitrators serving on a case with an in-person or telephonic hearing will receive compensation at a rate of **$1,500 per day.**

Arbitrators serving on a case with a desk arbitration/documents-only hearing will receive compensation at a rate of **$750 per case.**

The AAA reserves the right to raise the daily or per-case arbitrator compensation rate because of the complexity of the case or for processes and procedures beyond those provided for in these Rules and which may be required by the parties' requests, agreement, or stipulation (1) at the time of the AAA's initiation of the case; (2) upon the addition of a new party; (3) when a change of claim is made and, if necessary, approved by the arbitrator(s); (4) or if circumstances arise during the course of the case due to the complexity of issues and submissions by the parties.  Any determination by the AAA on compensation rates is in the sole discretion of the AAA and such decision is final and binding on the parties and arbitrator.

### (iii) Refund Schedule

Once the claimant has met the filing requirements, refunds to the business will be calculated as follows:

- if the case is settled or withdrawn within 30 calendar days, 50% of the filing fee will be refunded to the business.

However, no refund of the filing fee will be made once an arbitrator has been appointed and no refunds will be made on awarded cases. The date the claimant's filing requirements are met is the date used to calculate any refund of filing fees. If the matter is settled or withdrawn prior to receipt of filing fees from the business, the AAA will bill the business in accordance with this refund schedule.

### (iv) Hearing Fees

For telephonic hearings or in-person hearings held, an additional administrative fee of $500 is payable by the business.

There is no AAA hearing fee for the initial Administrative Conference (see R-10).

### (v) Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains rental hearing rooms in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the business.

### (vi) Abeyance Fee

Parties on cases held as inactive for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the opposing party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed. All filing requirements, including payment of filing fees, must be met before a matter may be placed in abeyance.

### (vii) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business.

(viii) Consumer Clause Review and Registry Fee

Please note that all fees described below are **nonrefundable.**

For businesses submitting a clause, the cost of reviewing the clause and maintaining that clause on the Registry is $500.  A yearly Registry fee of $500 will be charged to maintain each clause on the Registry for each calendar year thereafter.

If the AAA receives a demand for consumer arbitration from an arbitration clause that was not previously submitted to the AAA for review and placement on the Registry, the business will incur an additional $250 fee to conduct an expedited review of the clause.

Any subsequent changes, additions, deletions, or amendments to currently registered arbitration agreement must be resubmitted for review and a review fee of $500 will assessed at that time.

# Procedures for the Resolution of Disputes through Document Submission

## D-1. Applicability

**(a)** In any case, regardless of claim size, the parties may agree to waive in-person/telephonic hearings and resolve the dispute through submission of documents to one arbitrator. Such agreement should be confirmed in writing no later than the deadline for the filing of an answer.

**(b)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by these Procedures, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

**(c)** If one party makes a request to use the *Procedures for the Resolution of Disputes through Document Submission* (Procedures) and the opposing party is unresponsive, the arbitrator shall have the power to determine whether to proceed under the Procedures. If both parties seek to use the Procedures after the appointment of an arbitrator, the arbitrator must also consent to the process.

**(d)** When parties agree to these Procedures, the procedures in Sections D-1 through D-4 of these Rules shall supplement other portions of these rules which are not in conflict with the Procedures.

## D-2. Preliminary Management Hearing

Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator shall convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

## D-3. Removal from the Procedures

**(a)** The arbitrator has the discretion to remove the case from the Procedures if the arbitrator determines that an in-person or telephonic hearing is necessary.

**(b)** If the parties agree to in-person or telephonic hearings after a previous agreement to proceed under the Procedures, the arbitrator shall conduct such hearings. If a party seeks to have in-person or telephonic hearings after agreeing to the Procedures, but there is not agreement among the parties to proceed with in-person or telephonic hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

### D-4. Time of Award

**(a)** The arbitrator shall establish the date for either final written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing, and the time for the rendering of the award shall commence on that day as well.

**(b)** The arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(c)** The award is subject to all other provisions of these Rules that pertain to awards.

## Glossary of Terms

### Administrator

The Administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, to make preliminary decisions about where hearings might take place, and to handle the fees associated with the arbitration. As Administrator, however, the Administrator does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the Administrator's role is only administrative, the Administrator cannot overrule or change an arbitrator's decisions or rulings. The Administrator will comply with any court orders issued from litigation involving the parties to the dispute.

### ADR Agreement

An ADR Agreement is an agreement between a business and a consumer to submit disputes to mediation, arbitration, or other ADR processes.

### ADR Process

An ADR (Alternative Dispute Resolution) Process is a method of resolving a dispute other than by court litigation. Mediation and Arbitration are the most widely used ADR processes.

### ADR Program

An ADR Program is any program or service set up or used by a business to resolve disputes out of court.

### Arbitration

In arbitration, the parties submit disputes to an impartial person (the arbitrator) for a decision. Each party can present evidence to the arbitrator. Arbitrators do not have to follow the Rules of Evidence used in court.

Arbitrators decide cases with written decisions or "awards." An award is usually binding on the parties. A court may enforce an arbitration award and the court's review of arbitration awards is limited.

## Arbitration Agreement

An arbitration agreement is a contract between parties to settle their disputes by binding arbitration. It is typically found in the parties' contract in a section entitled "Arbitration" or "Dispute Resolution." It gives the parties information about how they are choosing to settle any disputes that they might have.

## Arbitrator

Arbitrators are neutral and independent decision makers who are not employees of the administrator. Except where the parties to a case reach their own settlement, the Arbitrator will make the final, binding decision on the dispute and render it in writing, called the Award. The Arbitrator makes all the procedural decisions on a case not made by the administrator or not decided jointly by the parties. The Arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

Once appointed to a case, an Arbitrator may not be removed by one party without the other party's consent or unless the administrator determines an Arbitrator should be removed and replaced by another Arbitrator chosen by the administrator in a manner described in these Rules.

## Case Administrator

The Case Administrator is the AAA's employee assigned to handle the administrative aspects of the case. He or she does not decide the case. He or she manages the case's administrative steps, such as exchanging documents, matching schedules, and setting up hearings. The Case Administrator is the parties' contact point for almost all aspects of the case outside of any hearings.

## Claimant

A Claimant is the party who files the claim or starts the arbitration. Either the consumer or the business may be the Claimant.

## Demand for Arbitration (also referred to as "Demand")

The written document created by the claimant that informs the respondent that it wishes to arbitrate a dispute. This document provides basic information about the dispute, the parties involved and what the claimant wants as a result of the arbitration.

### Documents-Only Arbitration

In a Documents-Only Arbitration, the parties submit their arguments and evidence to the arbitrator in writing. The arbitrator then makes an award based only on the documents. No in-person or telephone hearing is held.

### Independent ADR Institution

An Independent ADR Institution is an organization that provides independent and impartial administration of ADR programs for consumers and businesses. The American Arbitration Association is an Independent ADR Institution.

### In-Person Hearing

During an In-Person Hearing, the parties and the arbitrator meet in a conference room or office and the parties present their evidence in a process that is similar to going to court. However, an In-Person Hearing is not as formal as going to court.

### Mediation

In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome.

### Neutral

A "Neutral" is a mediator, arbitrator, or other independent, impartial person selected to serve as the independent third party in an ADR process.

### Party

The party is the person(s) or business that is involved in the dispute in the arbitration process. Usually, these are the people or businesses that have an arbitration agreement between them that specifies that a dispute should be resolved by arbitration.

## Parties

Parties are all the separate individuals, businesses, or organizations involved in the arbitration.

## Opposing Party

The opposing party is the other party that is on the opposite side of the arbitration from you. If you are the claimant, the Opposing Party is the respondent. If you are the respondent, the Opposing Party is the claimant. If you are the consumer, the Opposing Party is the business. If you are the business, the Opposing Party is the consumer.

## Respondent

The respondent is the party against whom the claim is filed. If a Respondent states a claim in arbitration, it is called a counterclaim. Either the consumer or the business may be the Respondent.

## Telephone Hearing

In a Telephone Hearing, the parties have the opportunity to tell the arbitrator about their case during a conference call. They also present their evidence to the arbitrator during the call. Often this is done after the parties have sent in documents for the arbitrator to review.

American Arbitration Association

*© 2016 American Arbitration Association®, Inc. All rights reserved. These rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*



800.778.7879 | websitemail@adr.org | adr.org