MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(admitted *pro hac vice*)
brian.ercole@morganlewis.com
Matthew M. Papkin
(admitted *pro hac vice*)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, and DRO ESRAEILI ESTEPANIAN, DENNIS ROMANEZ, ARTEM KUPRIIETS, NEIL KREUZER, WAFAY NADIR, and KENNETH BROWN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TESLA, INC.,<br><br>                    Defendant.<br><br>**AND RELATED CASE**<br><br>SAMUEL VAN DIEST and SERGEY KHALIKULOV, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TESLA, INC. dba TESLA MOTORS,<br><br>                    Defendant. | Case No. 4:23-cv-03878-YGR<br><br>AND<br><br>Case No. 4:23-cv-03902-YGR<br><br>**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS**<br><br>Judge:    Hon. Yvonne Gonzalez Rogers<br>Ctrm:     1, 4th Flr – Oakland Courthouse |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

1

**Table of Contents**

2
Page

3
I.     INTRODUCTION .................................................................................................. 1

4
II.    ARGUMENT ........................................................................................................ 2

5
       A.     THE NON-CALIFORNIA PLAINTIFFS DO NOT ASSERT FAL, UCL,
              OR CLRA CLAIMS AND THE *MCGILL* RULE DOES NOT APPLY TO

6
              NON-CALIFORNIA CLAIMS. ................................................................... 2

7
       B.     CALIFORNIA PLAINTIFFS PORTER, ESTEPANIAN, PEREZ, AND
              VAN DIEST (AND OTHER PLAINTIFFS) AGREED TO DELEGATE

8
              ANY ARBITRABILITY CHALLENGE TO THE ARBITRATORS. .................. 4

9
              1.     The Severance Clause Does Not Conflict With Delegation. ...................... 5

              2.     Plaintiffs' Level of "Sophistication" Is Irrelevant. .................................. 6

10

11
       C.     THE *PORTER* PLAINTIFFS HAVE NOT PLED A CLAIM FOR PUBLIC
              INJUNCTIVE RELIEF.............................................................................. 8

12
       D.     PLAINTIFFS' *MCGILL* ARGUMENT FAILS BECAUSE THE ORDER
              AGREEMENTS DO NOT PRECLUDE SEEKING PUBLIC

13
              INJUNCTIVE RELIEF IN ARBITRATION.................................................. 10

14
       E.     EVEN IF THE *MCGILL* RULE WERE APPLICABLE, THE ORDER
              AGREEMENTS REQUIRE SEVERANCE OF ANY REQUEST FOR

15
              PUBLIC INJUNCTIVE RELIEF AND THE ARBITRATION OF ALL
              OTHER CLAIMS AND RELIEF. ........................................................... 13

16
III.   CONCLUSION ................................................................................................... 16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Acaley v. Vimeo, Inc.*,
   464 F. Supp. 3d 959 (N.D. Ill. 2020) ....................................................................... 3, 4

5

6

*Barnes v. StubHub, Inc.*,
   No. 19-80475-CIV, 2019 WL 11505575 (S.D. Fla. Oct. 3, 2019) ........................... 3, 4

7

*Bazine v. Kelly Servs. Global, LLC*,
   No. 22-CV-07170-BLF, 2023 WL 4138252 (N.D. Cal. June 21, 2023) ...................... 7

8

9

*Blair v. Rent-A-Ctr.*,
   928 F.3d 819 (9th Cir. 2019) .................................................................................. 15

10

*Boghos v. Certain Underwriters at Lloyd's of London*
   36 Cal.4th 495 (2005) ........................................................................................... 14

11

12

*Brennan v. Opus Bank*,
   796 F.3d 1125 (9th Cir. 2015) ........................................................................... 5, 7, 8

13

14

*Broughton v. Cigna Healthplans of Calif.*,
   21 Cal. 4th 1066 (1999) ........................................................................................ 13

15

*Buchanan v. Tata Consultancy Servs., Ltd.*,
   No. 15-CV-01696-YGR, 2017 WL 6611653 (N.D. Cal. Dec. 27, 2017)
   (Gonzalez-Rogers, J.) ........................................................................................... 10

16

17

*Camp 1 Truckee LLC v. Daxko, LLC*,
   No. 221CV02064MCEJDP, 2022 WL 3215075 (E.D. Cal. Aug. 9, 2022) .................... 4

18

19

*Castro v. Cintas Corp. No. 3*,
   No. C 13-5330 CW, 2014 WL 1410524 (N.D. Cal. Apr. 11, 2014) ............................. 4

20

*Cty. of San Joaquin v. Workers' Comp. Appeals Bd.*,
   117 Cal.App.4th 1180 (2004) .................................................................................. 14

21

22

*DiCarlo v. MoneyLion, Inc.*,
   988 F.3d 1148 (9th Cir. 2021) ............................................................................. 2, 10

23

24

*DPR Constr. v. Shire Regenerative Med., Inc.*,
   204 F. Supp. 3d 1118 (S.D. Cal. 2016) .................................................................... 14

25

*Eiess v. USAA Fed. Sav. Bank*,
   404 F. Supp. 3d 1240 (N.D. Cal. 2019) ..................................................................... 8

26

27

28

*Farr v. Acima Credit LLC*,
  No. 4:20-CV-8619-YGR, 2021 WL 5161923 (N.D. Cal. Nov. 5, 2021)
  (Gonzalez-Rogers, J.).................................................................................................. 12

*Freeman Investments, L.P. v. Pacific Life Insurance Co.*,
  704 F.3d 1110 (9th Cir. 2013)....................................................................................... 9

*G.G. v. Valve Corp.*,
  799 F. App'x 557 (9th Cir. 2020) .................................................................................. 7

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009).......................................................................................... 9

*Gerlach v. Tickmark Inc.*,
  No. 4:21-CV-02768-YGR, 2021 WL 3191692 (N.D. Cal. July 28, 2021)
  (Gonzalez Rogers, J.) .................................................................................................5, 7

*Harris v. Pac. Gas & Elec. Co.*,
  No. 21-CV-04096-JCS, 2022 WL 16637987 (N.D. Cal. Nov. 2, 2022)........................ 4

*Helly v. Shutterfly Lifetouch, Inc.*,
  No. 22-61270-CIV, 2022 WL 18281745 (S.D. Fla. Dec. 29, 2022).......................... 3, 4

*Hodges v. Comcast Cable Commc'ns, LLC*,
  21 F.4th 535 (9th Cir. 2021)...................................................................... 2, 10, 11, 12

*Ingalls v. Spotify USA, Inc.*,
  No. C 16-03533-WHA, 2016 WL 6679561 (N.D. Cal. Nov. 14, 2016).................................. 8

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
  957 F.3d 1038 (9th Cir. 2020)...................................................................................... 14

*International Norcent Technology v. Koninklijke Philips Electronics N.V.*,
  2007 WL 4976364 (C.D. Cal. Oct. 29, 2007), *aff'd*, 323 F. App'x 571 (9th Cir.
  2009) ............................................................................................................................... 9

*Jack v. Ring LLC*,
  91 Cal. App. 5th 1186 (2023), *review denied* (Sept. 13, 2023) ......................... 6, 15

*Jeong v. Nexo Cap. Inc.*,
  No. 21-CV-02392-BLF, 2023 WL 2717255 (N.D. Cal. Mar. 29, 2023) ....................... 13

*Johnson v. JP Morgan Chase Bank, N.A.*,
  No. EDCV172477JGBSPX, 2018 WL 4726042 (C.D. Cal. Sept. 18, 2018) ......................... 9

*In re Juul Labs, Inc., Antitrust Litig.*,
  555 F. Supp. 3d 932 (N.D. Cal. 2021) .......................................................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

*Keicy Chung v. Vistana Vacation Ownership, Inc.*,
  No. CV1704803RGKJCX, 2017 WL 6886721 (C.D. Cal. Oct. 19, 2017), *aff'd*,
  719 F. App'x 698 (9th Cir. 2018) ...................................................................................... 3

*Lee v. Postmates Inc.*,
  No. 18-CV-03421-JCS, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) ........................... 10, 12

*Lee v. Tesla, Inc.*,
  No. SACV2000570JVSKESX, 2020 WL 10573281 (C.D. Cal. Oct. 1, 2020) ..................... 15

*MacClelland v. Cellco P'ship*,
  609 F. Supp. 3d 1024 (N.D. Cal. 2022) .............................................................................. 12

*Magill v. Wells Fargo Bank, N.A.*,
  No. 4:21-CV-01877-YGR, 2021 WL 6199649 (N.D. Cal. June 25, 2021) ........................... 8

*Maybaum v. Target Corp.*,
  No. 22-CV-00687-MCS-JEM, 2022 WL 1321246 (C.D. Cal. May 3, 2022)......................... 7

*McBurnie v. Acceptance Now, LLC*,
  643 F. Supp. 3d 1041 (N.D. Cal. 2022) .............................................................................. 15

*McGill v. Citibank N.A.*,
  2 Cal. 5th 945 (2017) .................................................................................................. *passim*

*McLellan v. Fitbit, Inc.*,
  No. 3:16-CV-00036-JD, 2017 WL 4551484 (N.D. Cal. Oct. 11, 2017).............................. 7

*Miracle-Pond v. Shutterfly, Inc.*,
  No. 19 CV 04722, 2020 WL 2513099 (N.D. Ill. May 15, 2020)....................................... 3, 4

*Nguyen v. Tesla, Inc.*,
  No. 819CV01422JLSJDE, 2020 WL 2114937 (C.D. Cal. Apr. 6, 2020).............................. 15

*Ortiz v. Volt Mgmt. Corp*,
  No. 16-CV-07096-YGR, 2017 WL 1957072 (N.D. Cal. May 11, 2017)
  (Gonzalez Rogers, J.) ........................................................................................................... 5

*PowerAgent, Inc. v. U.S. Dist. Ct. for N. Dist. of California*,
  210 F.3d 385 (9th Cir. 2000)................................................................................................ 9

*Regis Metro Assocs., Inc. v. NBR Co., LLC*,
  No. 20-CV-02309-DMR, 2022 WL 267443 (N.D. Cal. Jan. 28, 2022)............................... 11

*Roberts v. AT&T Mobility LLC*,
  No. 15-CV-03418-EMC, 2018 WL 1317346 (N.D. Cal. Mar. 14, 2018), *aff'd*
  801 F. App'x 492 (9th Cir. 2020) ...................................................................................... 3, 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii
DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

*Singh v. Payward, Inc.*,
 No. 23-CV-01435-CRB, 2023 WL 5420943 (N.D. Cal. Aug. 22, 2023) ................................. 7

*In re StubHub Refund Litig.*,
 No. 20-MD-02951-HSG, 2022 WL 1028711 (N.D. Cal. Apr. 6, 2022) ................................. 15

*In re Tesla ADASL*,
 2023 WL 6391477 ................................................................................................ 5, 6, 10

*Tompkins v. 23 and Me, Inc.*,
 No. 5:13-CV-05682-LHK, 2014 WL 2903752 (N.D. Cal. June 25, 2014) ............................. 8

*Viking River Cruises, Inc. v. Moriana*,
 596 U.S. 639, *reh'g denied*, 143 S. Ct. 60 (2022) ............................................................ 12, 13

*Yeh v. Tesla, Inc.*,
 No. 23-CV-01704-JCS, 2023 WL 6795414 (N.D. Cal. Oct. 12, 2023) ....................... 5, 6, 7, 8

**Statutes**

Cal. Civ. Code § 1641 ................................................................................................... 11

Cal. Civil Code § 1654 ................................................................................................. 14

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiffs' attempts to evade the arbitration clauses in their Order Agreements contradict the

4  plain terms of their agreements to arbitrate and governing law.  Plaintiffs do not dispute that they

5  voluntarily entered into these agreements.  They do not dispute that the arbitration clauses require

6  their contract, warranty, and tort claims to be arbitrated and waive their participation in any class

7  or representative action (*i.e.*, the type of action they seek to pursue in this lawsuit).  And Plaintiffs

8  do not dispute that counsel for Plaintiffs in *Van Diest* has threatened to file over 800 individual

9  arbitrations by invoking the same arbitration provisions at issue here.  Nonetheless, Plaintiffs argue

10  that this Court should not compel arbitration of their claims for public injunctive relief under

11  various California consumer protection statutes because the Order Agreements purportedly prohibit

12  such relief in any forum in violation of the *McGill* Rule.  Plaintiffs are wrong for several reasons.

13      *First*, as an initial matter, the non-California Plaintiffs (Romanez, Kuprietts, Kreuzer, Nadir,

14  and Brown) do not assert claims for public injunctive relief under California law and have no basis

15  to do so.  The *McGill* Rule is specific to California law.  It does not apply to out-of-state plaintiffs

16  involved in transactions under different laws.

17      *Second*, an arbitrator—not the Court—must decide whether any of the pre-June 2022 Order

18  Agreements (applicable to Plaintiffs Porter, Perez, Estepanian, Van Diest, Kruezer, Nadir, and

19  Romanez) violate the *McGill* Rule, because those Agreements contain a clear and unmistakable

20  delegation clause via the incorporation of the AAA rules.  Plaintiffs do not dispute that they are

21  sophisticated adults who knowingly entered contracts to purchase technologically-advanced

22  electric vehicles for over $50,000.  Plaintiffs present no evidence on this issue whatsoever and

23  provide no basis not to enforce the delegation clauses to which they agreed.

24      *Third*, the *McGill* Rule is inapplicable to all of the *Porter* Plaintiffs for the simple reason

25  that they do not assert a claim or request for public injunctive relief.  Their Amended Complaint

26  does not mention public injunctive relief even once.

27      *Fourth*, the *McGill* Rule is inapplicable to all Plaintiffs for yet another reason:  the plain

28  language of the Order Agreements does not bar public injunctive relief claims in arbitration.  The

1  arbitration clauses bar only class claims, representative claims, and claims brought "on behalf of"

2  other purchasers or lessors.  This does not preclude public injunctive relief, because, as the Ninth

3  Circuit has made clear, a "request for public injunctive relief 'does *not* constitute the pursuit of

4  representative claims or relief on behalf of others.'"  *Hodges v. Comcast Cable Commc'ns*, *LLC*,

5  21 F.4th 535, 542 (9th Cir. 2021) (citing *McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017)).

6       *Lastly*, even if the Order Agreements precluded public injunctive relief (and they do not),

7  everything must be sent to arbitration except any public injunctive relief remedy for the California

8  consumer protection claims.  Each Order Agreement contains a severance clause that explicitly

9  requires the severance of "remedies" where an aspect of the arbitration clause is unenforceable.

10  Thus, all other claims and requested remedies, including any claim for monetary damages, would

11  still be subject to arbitration on an individual basis.

12       For each of these reasons, and for the reasons set forth in Tesla's motion, Tesla's Motion to

13  Compel Arbitration should be granted.

14  **II.**     **ARGUMENT**

15       Plaintiffs' lone argument in response to Tesla's Motion to Compel Arbitration—that their

16  claims under the FAL, UCL, and CLRA should proceed in Court—relies on a strained application

17  of the *McGill* Rule.  Under California's *McGill* Rule, arbitration agreements cannot waive claims

18  for "public injunctive relief."  *McGill*, 2 Cal. 5th 945.  For several reasons, *McGill* provides no

19  support to Plaintiffs and their efforts to avoid their arbitration agreements.

20      **A.**     **The Non-California Plaintiffs Do Not Assert FAL, UCL, Or CLRA Claims And The *McGill* Rule Does Not Apply To Non-California Claims.**

21       The *McGill* Rule is inapplicable to the non-California Plaintiffs who entered into Order

22  Agreements not governed by California law.  As a result, Plaintiffs' sole argument opposing

23  arbitration does not apply to out-of-state Plaintiffs Romanez, Kuprietts, Kreuzer, Nadir, and Brown.

24       California's *McGill* Rule is a unique creature of California law.  No other state has held that

25  arbitration agreements that preclude public injunctive relief are unconscionable.  *See DiCarlo v.*

26  *MoneyLion, Inc.*, 988 F.3d 1148, 1158 (9th Cir. 2021) (noting that "*McGill's* reasoning—an

27  individual requesting relief for the entire public is suing only on her own behalf—is peculiar.").

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

Indeed, courts consistently refuse to apply the *McGill* Rule to claims brought under the consumer protection laws of states other than California. *See, e.g., Roberts v. AT&T Mobility LLC,* No. 15-CV-03418-EMC, 2018 WL 1317346, at \*9 (N.D. Cal. Mar. 14, 2018) (declining to apply *McGill* to claim governed by Alabama law), *aff'd* 801 F. App'x 492 (9th Cir. 2020); *Acaley v. Vimeo, Inc.*, 464 F. Supp. 3d 959, 965 (N.D. Ill. 2020) (*McGill* did not apply to claims brought under Illinois Biometric Information Privacy Act); *Miracle-Pond v. Shutterfly, Inc.*, No. 19 CV 04722, 2020 WL 2513099, at \*8 (N.D. Ill. May 15, 2020) (same); *Barnes v. StubHub, Inc.*, No. 19-80475-CIV, 2019 WL 11505575, at \*4 (S.D. Fla. Oct. 3, 2019) (finding that *McGill* did not apply to Florida Unfair Deceptive Trade Practices Act claim); *Helly v. Shutterfly Lifetouch, Inc.*, No. 22-61270-CIV, 2022 WL 18281745, at \*3 (S.D. Fla. Dec. 29, 2022) (holding the same regarding Florida Telephone Solicitation Act claims), *report and recommendation adopted*, No. 0:22-CV-61270-WPD, 2023 WL 185117 (S.D. Fla. Jan. 13, 2023).

Each Order Agreement contains a choice of law clause which states "the terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration." Ahluwalia Decl.¶¶ 4-13, Exs. 1-12. Plaintiffs Romanez, Kuprietts, Kreuzer, Nadir, and Brown reside in Florida, Illinois, Massachusetts, New York, and Washington respectively, as alleged in their Amended Complaint. Am. Compl. ¶¶ 15-19. These Plaintiffs, in fact, do not bring statutory claims under California law, nor could they. *Id.* ¶¶ 215-251 [at pp. 54-61] (alleging that the UCL, FAL, and CLRA claims are only brought by Plaintiffs Porter, Perez, and Estepanian). Accordingly, the laws of Florida, Illinois, Massachusetts, New York, and Washington govern the validity of the arbitration provisions in each of their respective Order Agreements. Ahluwalia Decl. ¶¶ 7-11, Exs. 4-10; *see Keicy Chung v. Vistana Vacation Ownership, Inc.*, No. CV1704803RGKJCX, 2017 WL 6886721, at \*3 (C.D. Cal. Oct. 19, 2017) (stating "California's choice-of-law rules 'reflect strong policy considerations favoring the enforcement of freely negotiated choice-of-law clauses'" and finding Hawaii law governed pursuant to choice of law provision and barred California statutory claim quoting *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3
DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

4th 459, 462 (1992)), *aff'd*, 719 F. App'x 698 (9th Cir. 2018); *Castro v. Cintas Corp. No. 3*, No. C 13-5330 CW, 2014 WL 1410524, at *5 (N.D. Cal. Apr. 11, 2014) (applying Ohio law to parties' dispute over plaintiff's unconscionability arguments); *Harris v. Pac. Gas & Elec. Co.*, No. 21-CV-04096-JCS, 2022 WL 16637987, at *8 (N.D. Cal. Nov. 2, 2022) (concluding plaintiff failed to meet burden to show California law applied to unconscionability issue given agreement's Texas choice of law provision); *Camp 1 Truckee LLC v. Daxko, LLC*, No. 221CV02064MCEJDP, 2022 WL 3215075, at *7 (E.D. Cal. Aug. 9, 2022) (applying rule).

The Non-California Plaintiffs assert, in a footnote, that their claims brought under other state's consumer protection statutes also seek relief on behalf of the public. *See Porter* Opp'n at 19-20, n.6. But Plaintiffs identify no statutory or case law support for their assertion that these state laws authorize public injunctive relief. Regardless, Plaintiffs make no showing that these state laws have adopted the *McGill* Rule or applied an equivalent rule to arbitration agreements. Because the *McGill* Rule does not apply to their non-California claims and they offer no other challenge to their arbitration agreements under applicable law, the non-California Plaintiffs' claims must be arbitrated. *See Roberts*, 2018 WL 1317346, at *9; *Acaley*, 464 F. Supp. 3d at 965; *Miracle-Pond*, 2020 WL 2513099, at *8; *Barnes*, 2019 WL 11505575, at *4; *Helly*, 2022 WL 18281745, at *3.

**B.     California Plaintiffs Porter, Estepanian, Perez, And Van Diest (And Other Plaintiffs) Agreed To Delegate Any Arbitrability Challenge To The Arbitrators.**

The Order Agreements entered into prior to June 2022[1] delegate arbitrability challenges to the arbitrator. Plaintiffs Porter, Estepanian, Perez, and Van Diest are California Plaintiffs who entered into Order Agreements prior to June 2022. Ahluwalia Decl. ¶¶ 4-6, 12, Exs. 1-3, 11. Plaintiffs Kruezer, Nadir, and Romanez did the same. Ahluwalia Decl. ¶¶ 7-11, Exs. 4-10.

Each of these Order Agreements states that "[Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules." *Id.* The Ninth Circuit and this Court

---

[1]     Tesla agrees that this Court must decide any arbitration challenges raised by Mr. Khalikilov, the lone California plaintiff who entered into his Order Agreement after June 2022.

4

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

have found that this constitutes a valid delegation clause that is clear and unmistakable.  Mot. at 20; *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Gerlach v. Tickmark Inc.*, No. 4:21-CV-02768-YGR, 2021 WL 3191692, at *4 (N.D. Cal. July 28, 2021) (Gonzalez Rogers, J.); *Ortiz v. Volt Mgmt. Corp*, No. 16-CV-07096-YGR, 2017 WL 1957072, at *2 (N.D. Cal. May 11, 2017) (Gonzalez Rogers, J.).  And two judges in this District have found this exact language delegates arbitrability issues. *See Yeh v. Tesla, Inc.*, No. 23-CV-01704-JCS, 2023 WL 6795414, at *7 (N.D. Cal. Oct. 12, 2023); Mot., Schrader Decl. ¶ 2, Ex A (*Lambrix* Order) at 11).  The result should be identical here.

Plaintiffs argue that the incorporation of the AAA rules does not clearly and unmistakably delegate issues of arbitration to the arbitrator because:  (1) doing so would conflict with the severance clause in each Order Agreement; and (2) this delegation rule only applies to sophisticated parties.  Plaintiffs are wrong.

### 1.    The Severance Clause Does Not Conflict With Delegation.

Plaintiffs argue that the Order Agreement contains a severance clause that "permits arbitrability issues to be decided by a 'court or arbitrator.'" *Porter* Opp'n at 6.  But this straightforward severance clause does not create any ambiguity or negate delegation.  It does not state that **only** a court will resolve arbitrability challenges, much less try to modify the AAA rules on delegation. Instead, it merely provides that regardless of who makes the determination, if the arbitration agreement is held unenforceable (for whatever reason) "as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated." *See* Ahluwalia Decl.¶¶ 4-13, Exs. 1-12.  This is wholly consistent with the delegation of arbitrability challenges to the arbitrator consistent with AAA rules.

Plaintiffs rely upon a single decision, *In re Tesla Advanced Driver Assistance Systems Litigation* ("*In re ADASL*"), No. 22-CV-05240, 2023 WL 6391477, at *6 (N.D. Cal. Sept. 30, 2023), that found this language permitted the court to overlook the inclusion of the AAA rules and to decide issues of arbitrability. *See Porter* Opp'n at 6; *Van Diest* Opp'n at 5.  No other court, however,

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

1    has reached that conclusion.  And the court still granted Tesla's motion to compel arbitration against

2    plaintiffs with identical arbitration agreements to those at issue here.  2023 WL 6391477, at *6.

3        Moreover, two weeks after this decision, the *Yeh* Court rejected that interpretation of the

4    Order Agreement because the language upon which *In re ADASL* focused, did not "undercut[] the

5    clear and unmistakable intention of the parties as to delegation of questions of arbitrability to the

6    arbitrator." *Yeh*, 2023 WL 6795414, at *7.  The *Yeh* Court explained that the language is consistent

7    with delegation because it "appears to be aimed at the eventuality that a court might conclude that

8    the agreement is invalid as to some claims due to a change in the law governing delegability or

9    despite the parties' clear intention that that issue be delegated to the arbitrator." *Id.*[2]  As a result,

10   the *Yeh* Court enforced the Order Agreement's delegation clause.  2023 WL 6795414 at *7; *see*

11   *also Lambrix* Order, Ex. A to Mot., at 11.

12       That same logic should govern here.  Plaintiffs do not even mention the *Yeh* decision or

13   address its reasoning.  Consistent with *Yeh* and *Lambrix*, the Court should find that the Order

14   Agreements for California Plaintiffs Porter, Estepanian, Perez, and Van Diest (and, if necessary,

15   non-California Plaintiffs Kruezer, Nadir, and Romanez) require the arbitrators to decide their

16   challenges under *McGill*.

17                    **2.    Plaintiffs' Level of "Sophistication" Is Irrelevant.**

18       Plaintiffs next argue that the incorporation of the AAA rules is only applicable where both

19   parties are "sophisticated." *Porter* Opp'n at 7-8; *Van Diest* Opp'n at 6.  But this Court has already

20   expressly rejected this argument:

21       In response, plaintiff argues that the rule laid out in Brennan is limited to situations
         where both parties are found to be "sophisticated." (Opposition at 7-8.) The Court
22       disagrees . . . In fact, courts regularly hold that incorporation of the AAA rules is
         evidence of a "clear and unmistakable" intent to delegate the question of arbitrability
23       to the arbitrator, with no discussion of, or attention to, the parties' level of
         sophistication.
24

25   _____

26   [2]    Plaintiffs' reliance on *Jack v. Ring LLC*, 91 Cal. App. 5th 1186 (2023), *review denied* (Sept.
     13, 2023) is equally mistaken. The arbitration clause there contained entirely different language,
27   which explicitly stated that "'a court may' decide the enforceability of the subsection of the
     arbitration provision" under certain circumstances.  Tesla's pre-June 2022 Order Agreement
28   contains no such language.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS**

*Gerlach*, 2021 WL 3191692, at *4.  And while the Ninth Circuit has not yet decided this question, it has explained that the "vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent [like this Circuit] do so without explicitly limiting that holding to sophisticated parties or to commercial contracts."  *Brennan*, 796 F.3d at 1130.

Contrary to Plaintiffs' arguments, the "majority of courts have concluded that *Brennan* applies equally to sophisticated and unsophisticated parties."  *Maybaum v. Target Corp.*, No. 22-CV-00687-MCS-JEM, 2022 WL 1321246, at *5 (C.D. Cal. May 3, 2022).  The Ninth Circuit itself has held in an unpublished decision that the incorporation of the AAA rules evidenced the parties' intent to arbitrate arbitrability, even where the plaintiffs were teenage children.  *G.G. v. Valve Corp.*, 799 F. App'x 557, 558 (9th Cir. 2020).  Indeed, "[t]he factors that might make someone 'sophisticated' are poorly suited to a standard definition that parties can rely upon to avoid uncertainty or surprise in the meaning of the instrument they signed."  *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017).  And "[a] party-by-party assessment of sophistication under some loose amalgam of personal education, line of work, professional knowledge, and so on would undermine contract expectations in potentially random and inconsistent ways."  *Id.*

For good reason, many courts in this District have declined to apply the incorporation rule differently to purported "unsophisticated" parties.  *Id.; see also Yeh*, 2023 WL 6795414, at *6 (applying *Brennan*); *Singh v. Payward, Inc.*, No. 23-CV-01435-CRB, 2023 WL 5420943, at *7-8 (N.D. Cal. Aug. 22, 2023) (siding with courts holding that incorporation of rules is adequate regardless of sophistication of parties and recognizing that "the alternative requires impractical line-drawing"); *Bazine v. Kelly Servs. Global, LLC*, No. 22-CV-07170-BLF, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023) (declining to consider sophistication of parties in case involving a temporary employee employed by a staffing agency).

In addition, even if there were an "unsophisticated party" exception to delegation, Plaintiffs do not actually allege or even argue that they are unsophisticated.  They present ***no*** declarations or

7

1    evidence to support such a claim.   They do not dispute that they are adults who purchased

2    technologically-advanced electric vehicles for over $50,000.  Mot. at 5-6.  As a result, they cannot

3    avoid delegation.  *See, e.g., Yeh*, 2023 WL 6795414, at *6.

4         Plaintiffs' cited cases are readily distinguishable.  In *Magill v. Wells Fargo Bank, N.A.*, No.

5    4:21-CV-01877-YGR, 2021 WL 6199649 (N.D. Cal. June 25, 2021), this Court found that

6    incorporation of the AAA rules did not delegte issues of arbitrability, in large part because there

7    were provisions that "directly contradict Wells Fargo's interpretation of the arbitration agreement

8    as delegating all questions regarding enforceability and validity to the arbitrator."  *Id.* at *4.  The

9    decision in *Tompkins v. 23 and Me, Inc.*, No. 5:13-CV-05682-LHK, 2014 WL 2903752 (N.D. Cal.

10   June 25, 2014), was reached before *Brennan* and, there, it was not clear from looking at the

11   delegation language: (1) what specific AAA rules were being incorporated and (2) whether other

12   rules would apply.   And both *Eiess* and *Ingalls* involved low-value commercial purchases –

13   nowhere near the purchase of sophisticated electric vehicles in excess of $50,000.  *Eiess v. USAA*

14   *Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1253 (N.D. Cal. 2019) (dispute against bank by customer

15   who was charged $87 in fees due to insufficient funds to make credit card payment); *Ingalls v.*

16   *Spotify USA, Inc.*, No. C 16-03533-WHA, 2016 WL 6679561, at *3-4 (N.D. Cal. Nov. 14, 2016)

17   (dispute involving automatic renewal of Spotify subscription for a fee after a free trial period).

18        In short, the Order Agreements of California Plaintiffs Porter, Estepanian, Perez, and Van

19   Diest incorporate the AAA consumer rules and therefore delegate issues of arbitrability, including

20   any challenge to the *McGill* Rule.  So, too, do the Order Agreements of non-California Plaintiffs

21   Kruezer, Nadir, and Romanez.  Thus, their claims should be compelled to arbitration.

22        **C.      The *Porter* Plaintiffs Have Not Pled A Claim For Public Injunctive Relief.**

23        The *McGill* Rule does not bar arbitration of the claims brought by the *Porter* Plaintiffs

24   (Porter, Espenanian, Perez, Kupriets, Kruezer, Nadir, Romanez, and Brown) because they have not

25   pled a claim for public injunctive relief.  Plaintiffs in the *Porter* Action do not seek a public

26   injunction or public injunctive relief.  (*See Porter* Am. Compl., ECF No. 35.)  They have amended

27   their complaint once already, yet they do not mention public injunctive relief.  Nor did they mention

28   a request for public injunctive relief in their joint case management statement (ECF No. 37) or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

assert that this would be the basis for opposing Tesla's Motion to Compel Arbitration at the case management conference.  While they do reference "injunctive relief" (*See* Dkt. No. 35 at ¶ 228(j) [at p. 46], ¶ 228 [at p. 57], and ("Prayer for Relief [at p. 80])), "[m]erely requesting relief which would generally enjoin a defendant from wrongdoing does not elevate requests for injunctive relief to requests for public injunctive relief."  *Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV172477JGBSPX, 2018 WL 4726042, at *6 (C.D. Cal. Sept. 18, 2018).[3]

The *Porter* Plaintiffs request that they be allowed to amend their complaint a second time, if the Court does not think they have alleged public injunctive relief.  *Porter* Opp'n at 18, n. 5.  But to properly raise such a request, Plaintiffs must file a motion for leave to amend their pleadings and establish good cause under Rule 15(b).  Civil L.R. 7-1(a) (written request for an order must be presented through motion or stipulation).  They have not done so and cannot do so, because their lawsuit never should have been filed in this forum to begin with.  Nor have Plaintiffs set forth the substance of any proposed amendment or attached a proposed pleading.  *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (affirming denial of motion for leave to amend because plaintiffs did not file formal motion or attached proposed pleading).  Plaintiffs should not be allowed to amend their complaint yet again to try to circumvent arbitration, based upon a statement located in a footnote in their brief.  *See PowerAgent, Inc. v. U.S. Dist. Ct. for N. Dist. of California*, 210 F.3d 385, at *2 (9th Cir. 2000) ("If a plaintiff could drop factual allegations in an amended complaint to circumvent a previously issued order compelling arbitration, every order compelling arbitration would become merely provisional, subject to a plaintiff's 'right' to amend to defeat the order"); *Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2017 WL 6611653, at *7

---

[3]     The cases that Plaintiffs cite in support of their suggestion that pleading "injunctive relief" constitutes a request for ***public*** injunctive relief (Opp'n at 18, n.5) simply do not support that proposition.  Neither *Freeman Investments, L.P. v. Pacific Life Insurance Co.,* 704 F.3d 1110, 1116 (9th Cir. 2013), nor *International Norcent Technology v. Koninklijke Philips Electronics N.V.*, 2007 WL 4976364, at *8 (C.D. Cal. Oct. 29, 2007), *aff'd*, 323 F. App'x 571 (9th Cir. 2009), involved a claim for public injunctive relief—merely the generic statement that courts are to view complaints as a whole.  Viewing Plaintiffs' complaint as a whole, there is no claim or request for public injunctive relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

(N.D. Cal. Dec. 27, 2017) (Gonzalez-Rogers, J.) (denying leave to amend complaint to add new plaintiff bound by arbitration agreement).

Because the *Porter* Plaintiffs don't seek public injunctive relief, their claims do not implicate the *McGill* Rule at all.  Their lone basis to preclude arbitration must be denied.

### D.     Plaintiffs' *McGill* Argument Fails Because The Order Agreements Do Not Preclude Seeking Public Injunctive Relief In Arbitration.

The *McGill* Rule only precludes the enforcement of arbitration agreements (or portions thereof) that prohibit claims for public injunctive relief.  Courts repeatedly have held that arbitration language that prohibits class, collective, or representative actions does not violate the *McGill* Rule. *See, e.g. In re Tesla ADASL*, 2023 WL 6391477, at *7 (finding no indication that agreement to arbitrate in Order Agreement waives right to pursue public injunctive relief); *Lee v. Postmates Inc.*, No. 18-CV-03421-JCS, 2018 WL 4961802, at *9 (N.D. Cal. Oct. 15, 2018) (compelling claims to arbitration and holding that class action waiver that "waive[d] their right to have any dispute or claim brought, heard or arbitrated as a class and/or collective action" or "representative action," did not preclude public injunctive relief); *DiCarlo*, 988 F.3d at 1150-51, 1153 (language which "authorize[d]' the arbitrator to 'award all [injunctive] remedies available in an individual lawsuit under [California] law'" did not run afoul the McGill rule); *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 956 (N.D. Cal. 2021) (compelling consumer claims to arbitration and noting that "public injunctive relief" is generally available in arbitration).

While the language of the Order Agreement precludes class and representative actions (*i.e.*, actions on behalf of others), it does not bar public injunctive relief.  *See* Ahluwalia Decl.¶¶ 4-13, Exs. 1-12.  The arbitration clause states that an arbitrator "cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles." *Id.*  This language says nothing about public injunctive relief or relief that will benefit the public.  This is particularly so, because a request for relief "on behalf of others" is ***not*** a request for public injunctive relief. *Hodges*, 21 F.4th at 542.  It is a representative action.  As a result, *McGill* is simply not implicated.

Plaintiffs' arguments to the contrary (*see Porter* Opp'n at 11-14; *Van Diest* Opp'n at 9-11) ignore controlling law and principles of contract interpretation.  The Ninth Circuit has made clear,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

in no uncertain terms, that a "request for public injunctive relief 'does not constitute the pursuit of representative claims or relief *on behalf of others*,' nor does it involve 'prosecut[ing] actions on behalf of the general public.'" *Hodges*, 21 F.4th at 542 (emphasis added) (quoting *McGill*, 2 Cal. 5th 945). As a result, the Order Agreement's prohibition of relief "on behalf of" others does not bar public injunctive relief. To the extent Plaintiffs explicitly contend that they seek relief "on behalf of" others, that is simply not public injunctive relief as matter of controlling law.

Moreover, Plaintiffs' interpretation of the agreement ignores the language of the arbitration clause as a whole, thereby violating a cardinal rule of contract construction. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *8-9 (N.D. Cal. Jan. 28, 2022) (court must construe contract "as a whole"); Cal. Civ. Code § 1641 (same). The very next sentence—after the clause which Plaintiffs focus on—clarifies what is being prohibited: "***In other words***, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action." Ahlwualia Decl., Ex. 1 at 3 , ECF No. 44 (emphasis added). This clarifying provision reiterates that the Order Agreement only prohibits Plaintiffs from bringing class or representative actions, such as an action brought on behalf of purchasers or lessors.

Plaintiffs also misleadingly omit other critical language in the Order Agreement. They claim that the provision at issue states "[t]he arbitrator cannot hear class or representative claims or requests for relief on behalf of others." *Van Diest* Opp'n at 10 (citing 2021 Order Agreement, p. 4; 2022 Order Agreement, p. 3). This is demonstrably false. The actual language of the Order Agreement says "the arbitrator cannot hear class or representative claims or requests for relief on behalf of others *purchasing or leasing Tesla vehicles*." Ahluwalia Decl.¶¶ 4-13, Exs. 1-12 (emphasis added). This is not a minor omission. It mischaracterizes the nature of what is being precluded. The Order Agreements' language prohibits bringing class or representative claims "on behalf of" a specific category of purchasers and lessors—not the general public, as Plaintiffs suggest. Only a prohibition on seeking relief to benefit the public may potentially violate *McGill*; the former is an appropriate limitation to preclude representative claims. *See Farr v. Acima Credit*

1   *LLC*, No. 4:20-CV-8619-YGR, 2021 WL 5161923, at *2 n.5 (N.D. Cal. Nov. 5, 2021) (Gonzalez-

2   Rogers, J.) (holding that arbitration agreement which barred representative actions did not preclude

3   plaintiff from seeking public injunctive relief in arbitration and noting that "a request for [public

4   injunctive] relief does not constitute the pursuit of representative claims or relief on behalf of

5   others" (quoting *McGill*, 2 Cal. 5th at 959–60)); *Lee*, 2018 WL 4961802, at *9 (same).

6          Plaintiffs primarily rely on decisions rendered prior to the Ninth Circuit's clarification of

7   the *McGill* rule (and what public injunctive relief truly is) in *Hodges*.[4]  While two of those decisions

8   involved Tesla agreements, those courts did not have the benefit of the Ninth Circuit's holding that

9   public injunctive relief is not "on behalf of" relief—so the Order Agreement does not prohibit it.

10  The only post-*Hodges* decision Plaintiffs cite (*MacClelland*) involved fundamentally different

11  contract language, which expressly restricted an arbitrator's ability to "award[ing] money or

12  injunctive relief only in favor of the individual party seeking relief and only to the extent necessary

13  to provide relief warranted by that party's individual claim."  *MacClelland v. Cellco P'ship*, 609 F.

14  Supp. 3d 1024, 1037 (N.D. Cal. 2022).  *Id.* at 1037.  In other words, that language precluded any

15  relief that would extend beyond the individual plaintiff.  The Order Agreements contain no such

16  restriction.  They prohibit class actions, representative actions, and private injunctive relief requests

17  on behalf of similarly situated Tesla purchasers and lessors.

18         Because none of the Order Agreements prohibit Plaintiffs from seeking public injunctive

19  relief in arbitration, all claims of all Plaintiffs must be compelled to arbitration.[5]

20

21

22  [4]      Opp'n at 13 (citing *Nguyen v. Tesla, Inc.*, No. 819CV01422JLSJDE, 2020 WL 2114937, at
    *5 (C.D. Cal. Apr. 6, 2020); *Lee v. Tesla, Inc.*, No. SACV2000570JVSKESX, 2020 WL 10573281,
23  at *8 (C.D. Cal. Oct. 1, 2020); *Blair v. Rent-A-Ctr.*, 928 F.3d 819 (9th Cir. 2019); *McArdle v. AT&T
    Mobility LLC*, 772 F. Appx. 575 (9th Cir. 2019)).

24

25  [5]      Plaintiffs argue that the Supreme Court's decision in *Viking River* does not invalidate the
    *Mcgill* Rule.  *Porter* Opp'n at 10-11; *Van Diest* Opp'n at 9 n.2.  The Court need not address this
26  issue to resolve Tesla's motion.  At a minimum, however, *Viking River* makes clear that California
    law, including the *McGill* Rule, cannot undermine the FAA and the right to agree to arbitrate
27  disputes on an individual basis.  *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 650–51
    ("Section 2's [of the FAA] mandate protects a right to enforce arbitration agreements"), *reh'g
28  denied*, 143 S. Ct. 60 (2022).

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E.     Even If The *McGill* Rule Were Applicable, The Order Agreements Require Severance Of Any Request For Public Injunctive Relief And The Arbitration Of All Other Claims And Relief.**

Even if the Court were to decline to delegate the issue of arbitrability and find that the Order Agreements do not comply with the *McGill* Rule (and it should not), each Order Agreement contains a severance clause requiring only the remedy of public injunctive relief to be resolved in this forum and that all other claims and remedies be resolved in arbitration.

Plaintiffs recognize that the Order Agreements have a valid, enforceable severance clause which requires a court or arbitrator to sever any "claim or remedy" if the arbitration agreement cannot be enforced as to that "claim or remedy."  Ahluwalia Decl.¶¶ 4-13, Exs. 1-12.  California law has a "very liberal" view of severability.  *Jeong v. Nexo Cap. Inc.*, No. 21-CV-02392-BLF, 2023 WL 2717255, at *10 (N.D. Cal. Mar. 29, 2023).  California courts regularly sever a component of an arbitration agreement that deviates from the *McGill* Rule, while enforcing the underlying agreement to arbitrate.  *Id.* at *9-10 (severing phrase that "any relief awarded cannot affect other clients" to cure *McGill* violation, compelling all other claims to arbitration, and staying public injunctive relief claim pending arbitration); *Broughton v. Cigna Healthplans of Calif.*, 21 Cal. 4th 1066, 1088 (1999) (severing CLRA injunctive relief action to be decided in judicial forum while "damages portion" of CLRA claim and malpractice claim proceed to arbitration, "assuming the damages portion of the CLRA claim is found to be arbitrable" under relevant arbitration agreement).

Plaintiffs seek to contort the severance clause language to permit the Court to retain jurisdiction of ***all aspects*** of the UCL, FAL and CLRA claims (not just a demand for public injunctive relief), including any requests for monetary relief under these statutes on behalf of a class.  *See Van Diest* Opp'n at 14-15.  By focusing solely on three words ("any other claim") of the severance clause to the exclusion of the clause as a whole, Plaintiffs seek to create a contractual ambiguity when there is none.  The severance clause refers to both claims ***and remedies*** – reflecting the parties' clear intent that the Court retain jurisdiction of non-arbitrable remedies (such as public injunctive relief, if that remedy was found to be non-arbitable).  *See Cty. of San Joaquin v. Workers'*

13

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

*Comp. Appeals Bd.*, 117 Cal.App.4th 1180, 1185 (2004) (stating that in divining the parties' mutual intent, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other" (quoting Cal. Civ. Code § 1641).)[6]  In other words, if a particular remedy is exempt from arbitration, only a request for that remedy stays with the Court—not all other remedies associated with that claim.  Plaintiffs' reading would render the phrase "or remedy" mere surplusage and violate the plain language and clear intent of the provision–which California law forbids.  *See Boghos v. Certain Underwriters at Lloyd's of London* 36 Cal.4th 495, 503 (2005) (interpretation of one contractual provision that would render another one surplusage is improper).[7]

Here, the *McGill* rule is concerned with making sure a specific type of remedy (public injunctive relief) can be brought.  It does not bar the arbitration of UCL, FAL, and CLRA claims as a whole.  As a result, if the Order Agreements are unenforceable as to this remedy, the proper result is to sever just that public injunctive relief remedy from arbitration.  Plaintiffs cannot be permitted to exploit *McGill* to improperly bootstrap their UCL, FAL, and CLRA claims for monetary relief in this Court, much less on behalf of a class of individuals.

Notably, even Plaintiffs' key authority makes this clear.  Plaintiffs cite two pre-*Hodges* decisions that found Tesla's Order Agreement to violate the *McGill* Rule.  In both cases, the courts severed only the plaintiffs' request for public injunctive relief and compelled all other claims and requests for relief to arbitration.  *See Nguyen*, 2020 WL 2114937, at *5 ("The Court therefore

---

[6]    Plaintiffs' contention that the use of the word "brought" in the Order Agreements supports their reading (*Porter* Opp'n at 21) is misguided.  Requests for remedies (such as a request for injunctive relief) may "be brought" in court just as claims may be.  Plaintiffs provide no case law, statutory law, or other support for their definition of what they contend "brought" means or why it cannot apply to remedies.

[7]    Plaintiffs make a fleeting reference to "the axiom that contracts are to be construed against the drafter" (*Van Diest* Opp'n at 15), but this "axiom" is inapplicable here.  It only applies if "contract language is ambiguous and unresolved by the more fundamental principles of interpretation." *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020); *see* Cal. Civil Code § 1654 (rule only applies if there is "uncertainly not removed by the preceding rules"); *DPR Constr. v. Shire Regenerative Med., Inc.*, 204 F. Supp. 3d 1118, 1130 (S.D. Cal. 2016) (applying rule).  There is no ambiguity here and, at any rate, the "surplusage rule" resolves any potential uncertainty.

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1   determines that Nguyen's public injunctive relief *requests* alone should be decided in a judicial

2   forum[,] (emphasis added)"; staying only that remedy pending arbitration of all other claims); *Lee*,

3   2020 WL 10573281, at *9-10 (same).   In *Nguyen* for example, the Court found that the Order

4   Agreement "contains a severability clause that applies to both inarbitrable claims *and remedies*."

5   2020 WL 2114937, at *5 (emphasis added).  Given the plain language of this severance clause, the

6   Court severed only the request for public injunctive relief since the only purportedly unenforceable

7   language related to that remedy.  If the remedy of public injunctive relief is found to be inarbitable

8   (which it is not), the result should be no different here.

9         Not surprisingly, the cases upon which Plaintiffs rely—*Blair, Jack, Stubhub,* and *McBurnie*

10   –involved fundamentally different contractual language that did ***not*** mention the word "remedy" at

11   all or did not require the severance of non-arbitrable remedies.  *Compare Blair v. Rent-A-Ctr., Inc.*,

12   928 F.3d 819, 823 (9th Cir. 2019) ("If there is a final judicial determination that applicable law

13   precludes enforcement of this Paragraph's limitations as to a particular claim for relief, then that

14   claim (and only that claim) must be severed from the arbitration and may be brought in court.")

15   *with* Ahluwalia Decl.¶¶ 4-13, Exs. 1-12 ("If a court or arbitrator decides that any part of this

16   agreement to arbitrate cannot be enforced as to a particular claim for relief *or remedy*, then that

17   claim or remedy (and only that claim *or remedy*) must be brought in court and any other claims

18   must be arbitrated."  (emphasis added).[8]   The Court should give full force and meaning to the

19   parties' use of the word "remedy."  If the Court finds that the Order Agreements violate the *McGill*

20   Rule, it should only sever the requests for public injunctive relief under the UCL, FAL, and CLRA

21   and refer all other claims and remedies to arbitration.

22

23

---

24   [8]      Each of these cases is distinguishable for other reasons as well.  *See Blair*, 928 F.3d at 823
25   (only one of three plaintiffs had arbitration agreement); *Jack*, 91 Cal. App. 5th at 1192-95
     (defendant submitted ten versions of arbitration agreements and failed to identify applicable terms
26   until shortly before hearing); *In re StubHub Refund Litig.*, No. 20-MD-02951-HSG, 2022 WL
     1028711 at *2 (N.D. Cal. Apr. 6, 2022) (arbitration agreement at issue contained language identical
27   to *Blair*); *McBurnie v. Acceptance Now, LLC*, 643 F. Supp. 3d 1041, 1044 (N.D. Cal. 2022) (parties
     engaged in discovery and settlement negotiations for 18 months before defendant sought to compel
28   arbitration and stay of litigation).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS

1

### III.    <u>CONCLUSION</u>

2          The Court should order all Plaintiffs in the *Porter* and *Van Diest* Actions to arbitrate all of

3   their claims against Tesla on an individual basis and dismiss Plaintiffs' claims without prejudice.

4   In the alternative, the Court should compel to arbitration all of Plaintiffs' claims and requests for

5   relief, except their request for public injunctive relief under the UCL, FAL, and CLRA.

6

7   Dated: January 8, 2024                      MORGAN, LEWIS & BOCKIUS LLP

8

9                                              By   */s/ David L. Schrader*
                                                   David L. Schrader
10                                                  Brian M. Ercole
                                                   Mark A. Feller
11                                                  Matthew M. Papkin

12                                                  Attorneys for Defendant
                                                   Tesla, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16
DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
ARBITRATION AND TO DISMISS CLASS ACTION COMPLAINTS