MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(admitted *pro hac vice*)
brian.ercole@morganlewis.com
Matthew M. Papkin
(admitted *pro hac vice*)
matthew.papkin@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, BRYAN PEREZ, DRO ESRAEILI ESTEPANIAN, DENNIS ROMANEZ, ARTEM KUPRIIETS, NEIL KREUZER, WAFAY NADIR, AND KENNETH BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TESLA, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:23-cv-03878-YGR<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[Related case: *Alejandro Corona et al. v. Tesla, Inc.*, Northern District of California, Case No. 4:24-cv-00926-DMR]<br><br>Compl. Filed:     August 2, 2023 |

Pursuant to Northern District Civil Local Rule 3-12 and 7-11, Defendant Tesla, Inc. ("Tesla") submits this administrative motion to deem this action related to a later-filed action – captioned *Alejandro Corona, Anita Jackson Newman, & Cabanillas & Assocs., on behalf of themselves and the general public v. Tesla, Inc. d/b/a in California as Tesla Motors, Inc. and Does 1 to 100*, 3:24-cv-00796-DMR (N.D. Cal.), removed from state court to the Northern District of California on February 9, 2024 ("the *Corona II* Action"). Attached as **Exhibit A** is a copy of the Complaint filed in the *Corona II* Action. Plaintiffs in the *Corona II* Action do not oppose relation of the cases.

The original *Corona* Action was filed in federal court ("*Corona I* Action").[1] It was deemed related to this case and *Van Diest v. Tesla, Inc.*, No. 4:23-cv-04098-YGR (N.D. Cal.), and was transferred to this Court. (*Corona I* Action, No. 23-cv-3902-YGR, at Dkt. No. 10.) The Court ordered the parties to file consolidated motion to dismiss briefing, with the *Porter* and *Van Diest* Plaintiffs submitting amicus briefs. (*Id.* at Dkt. No. 23.) After Tesla's motion to dismiss was fully briefed (but prior to the motion to dismiss hearing), Plaintiffs voluntarily dismissed the *Corona I* Action. (*Id.* at Dkt. No. 32.) That same day, Plaintiffs re-filed a nearly identical complaint in state court. Tesla removed the *Corona II* Action a week later.

Under Local Rule 3-12(a), an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Id.* Both requirements are met here.

***First***, this case (along with the *Van Diest* Action) and the *Corona II* Action concern substantially similar parties, factual allegations, vehicles, and claims:[2]

- The Court previously found that the *Corona I* Action is related to this case within the meaning of Local Rule 3-12. (*Corona I* Action, at Dkt. No. 10.) The *Corona II*

---

[1] The original case was captioned *Alejandro Corona et al. v. Tesla, Inc.*, No. 4:23-cv-03902-YGR.

[2] By filing this motion, Tesla does not waive any defenses to this action, the *Corona II* Action, or any other action.

Action is nearly identical to the *Corona I* Action.  (*Corona II* Action, ECF No. 1 (Notice of Removal), ¶¶ 3-4.)  Thus, it too is related to this case;

- Both this case and the *Corona II* Action are based upon the same theory of liability: that Tesla allegedly made inaccurate representations regarding its vehicles' driving ranges.  (Ex. A, ¶¶ 1-4, 25, 35-36 (pp. 9));

- Tesla is the sole defendant in both cases, and each case is brought, at least in part, by California and New York owners of Tesla vehicles.  (Am. Compl. in this Action, Dkt. No. 35, at ¶¶ 12-14 (Plaintiffs Porter, Perez and Estepanian are California residents), ¶ 18 (Plaintiff Nadir is a New York resident); Ex. A, ¶¶ 7-9 (two of the plaintiffs are California residents and another is a New York law firm));

- Both cases involve similar sets of alleged facts.  Plaintiffs in both cases allege that they purchased Tesla vehicles. (Am. Compl., Dkt. No. 35 ¶¶ 12-19; Ex. A, ¶¶ 1, 7-9.) Plaintiffs in both cases allege that Tesla made inaccurate representations regarding the driving range of its vehicles as their core claim.  (Am. Compl., Dkt. No. 35 ¶¶ 1, 10, 126; Ex. A, ¶¶ 1, 25, 35 (pp. 9).) And Plaintiffs in both cases seek injunctive relief based on Tesla's alleged practice of supposedly misrepresenting to consumers the mileage driving range of its electric vehicles. (Am. Compl., Dkt. No. 35 ¶¶ 228, 338; Ex. A, ¶¶ 1, 20, 35 (pp. 8), 39 (pp. 9-10));

- Both cases rely upon the same newspaper article regarding Tesla vehicle ranges, which was published shortly before these cases were filed.  (Am. Compl., Dkt. No. 35 ¶¶ 68-81, 86; Ex. A ¶¶ 2, 16); and

- The *Corona II* Action asserts claims for relief under California's Unfair Competition Law ("UCL") and New York's General Business Law § 349 ("GBL").  (Ex. A, ¶¶ 21-35 (pp. 7-8; UCL claim), ¶¶ 32-39 (pp. 9-10; GBL claim).)  Both of these statutory claims are asserted in this case, along with other consumer protection claims.  (Am. Compl., Dkt. No. 35 ¶¶ 232-241 (UCL claim), ¶¶ 301-338 (GBL claims).)

**Second**, given the substantial overlap between these matters, both judicial economy and party resources would be best served by assignment to this Court.  As this Court recognized through

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  its prior Related Case Order (ECF No. 27), it would be grossly inefficient and burdensome for two
2  judges to separately evaluate and address similar legal issues arising out of plaintiffs' similar factual
3  allegations against the same defendant.  In addition, Tesla's Motion to Dismiss the complaint in the
4  previously-filed *Corona I* Action was fully briefed prior to Plaintiffs' voluntary dismissal and the
5  Court has familiarity with the bases for dismissal and background of this case.  Transfer to this
6  Court will avoid the risk of potentially inconsistent rulings and results, too.

7  Accordingly, Tesla respectfully requests that the Court find that this Action and the
8  *Corona II* Action are related cases and have them presided over by this Court.

| | |
|---|---|
| Dated: February 12, 2024 | MORGAN, LEWIS & BOCKIUS LLP<br>David L. Schrader<br>Brian M. Ercole<br>Mark A. Feller<br>Matthew M. Papkin |
| | By  */s/ David L. Schrader*<br>　　　David L. Schrader |
| | *Attorneys for Defendant Tesla, Inc.* |