# Exhibit A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/02/2024 at 04:38:14 PM
By: Milagros Cortez,
Deputy Clerk

David R. Markham (SBN 071814)
dmarkham@markham-law.com
Lisa Brevard (SBN 323391)
lbrevard@markham-law.com
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995; Fax: 619.615.2067

Isam Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Maggie Realin (SBN 263639)
mrealin@ckslaw.com
**COHELAN KHOURY & SINGER**
605 C St, Suite 200
San Diego, CA 92101
Tel.: (619) 595-3001 Fax: (619) 595-3000

[*Additional Counsel Listed on Next Page*]

Attorneys for Plaintiffs on behalf of themselves and the general public

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

| | |
|---|---|
| ALEJANDRO CORONA, ANITA JACKSON NEWMAN, and CABANILLAS & ASSOCIATES, P.C., on behalf of themselves and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>Tesla, Inc., a Delaware Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.:** 24CV062515<br><br>**COMPLAINT FOR:**<br><br>1) **PUBLIC INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE § 17200, § 17203, AND**<br><br>2) **PUBLIC INJUNCTIVE RELIEF FOR VIOLATION OF NEW YORK'S GENERAL BUSINESS LAW, § 349** |

Catherine E. Anderson, Esq.
**GISKAN SOLOTAROFF & ANDERSON LLP**
90 Broad Street, 2nd Floor
New York, NY 10004
Tel: (212) 847-8315
Fax: (646) 964-9620
*canderson@gslawny.com*

Roosevelt N. Nesmith, Esq.
**LAW OFFICE OF ROOSEVELT N. NESMITH LLC**
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

*Pro Hac Vice Pending*

Plaintiffs Alejandro Corona, Anita Jackson Newman, and Cabanillas & Associates, P.C ("Plaintiffs"), by and through their attorneys of record, bring this Complaint seeking public injunctive relief against Tesla, Inc. and DOEs 1-10 ("Defendant" or "Tesla"). Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

**NATURE OF THE ACTION**

1. This is an action seeking public injunctive relief arising from Tesla's unlawful, unfair and deceptive business practice of misrepresenting to consumers the dashboard mileage driving range of its electric vehicles in violation of California's Unfair Competition Law ("UCL") and New York's General Business Law ("GBL").

2. On approximately July 27, 2023, public sources reported that Tesla has engaged in a practice of inflating projections on its vehicle dashboards for the driving range of its electric vehicles. Tesla dashboard range meters indicate to drivers that its vehicles will travel 350 to 400 – or more – miles on a full electric charge. However, as the battery is depleted, the dashboard range meters mileage projections drop at a rate faster than miles are actually driven, resulting in an overall mileage range significantly less than originally projected on the dashboard. Additionally, the public source reports included allegations that Tesla had orchestrated a practice to quash nationwide consumer complaints from this defect and service appointment requests related to this mileage range issue by creating an internal "Diversion Team" whose purpose was to unilaterally cancel the service appointments of customers complaining about the rate at which their car's driving range was being depeleted.

3. The inflated in-vehicle dashboard mileage projections resulted in consumers, including Plaintiffs, purchasing Tesla vehicles expecting a longer mileage driving range between charges than their vehicles provided. Plaintiffs continued to receive false and misleading projections from their Tesla vehicles dashboard range meters while using their Tesla vehicles. On or about December 20, 2023, public sources reported that a federal investigation was launched to investigate allegations that Tesla rigged an algorithm to inflate its cars' in-dash range estimates. Tesla's practice violates the UCL and GBL.

4. Pursuant to the UCL and GBL, Plaintiffs seek a public injunction compelling Defendant to fix the mileage readings displayed by Tesla's dashboard range meters from Tesla's software, hardware and/or firmware, as necessary and appropriate, so that the readings reflect more accurately the available mileage in its electric vehicles, rather than intentionally inflated and overestimated projections, which drop significantly while the vehicle is in use.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because this is a civil action where the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. Acts and omissions complained of in this action took place in the State of California.

6. Venue is proper because upon information and belief, Defendant conducts substantial business in this county, maintains retail stores, factories and offices in this county, and employs numerous employees in this county.

## PARTIES

7. Plaintiff ALEJANDRO CORONA is currently a resident of San Diego, California. Mr. Corona owns and has previously owned Tesla vehicles, including a 2023 Tesla Model Y, purchased on or about April 2023. Mr. Corona has frequently experienced that the available mileage meter is erratic and unstable. When he parks his car, it will show one reading, and then when he starts it the next time, the dashboard meter reading indicates a substantial and unexplained drop from the prior mileage reading.

8. Plaintiff ANITA JACKSON NEWMAN is currently a resident of San Diego, California. Ms. Jackson Newman owns and has previously owned Tesla vehicles, including a 2023 Tesla Model 3, purchased on or about June 2023. Ms. Jackson Newman has often experienced that the dashboard mileage reader is inaccurate. For example, on vacation in Utah in approximately June 2023, Plaintiff found the vehicle range to be unpredictable and unstable, with significant drops from the prior dashboard mileage readings without explanation.

9. Plaintiff CABANILLAS & ASSOCIATES, P.C. is a professional corporation (law firm) located in White Plains, New York. CHRISTOPHER CABANILLAS, a member of CABANILLAS &

ASSOCIATES, P.C, is currently a resident of Connecticut. CHRISTOPHER CABANILLAS, acting on behalf of Cabanillas & Associates, P.C., purchased a 2018 Tesla Model X 100D on or about December 10, 2018.

10. Defendant TESLA, INC. is a Delaware Corporation with its principal place of business in Austin, Texas. Plaintiffs are informed and believe, and on that basis, allege that Tesla, Inc. and at all relevant times was, a Delaware corporation authorized to do business in California, and manufactured its vehicles and had its Engineering Headquarters in the San Francisco Bay Area.

11. At all relevant times, Tesla was doing business in numerous counties throughout California. Tesla is a car manufacturer and dealer operating numerous offices, factories and facilities throughout California, including within the San Franciso Bay area.

12. Plaintiffs are currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein.

13. Plaintiffs are informed and believe and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

**FACTUAL ALLEGATIONS**

14. The mileage range Tesla has represented to its consumers and designed its software to reflect on the dashboard for its vehicles, intentionally does not match reality. Tesla programmed its dashboard mileage meter displays to show 300-350 miles, but also programmed those displays to

overstate the actual remining mileage as the cars were being used. As Plaintiffs and similarly situated consumers drove the vehicles and thereby discharged the battery, the projected mileage range would diverge from the projections, and drop, often significantly, resulting in an actual mileage range which was much less than Tesla's dashboard projections.

15. Plaintiffs and similarly situated consumers did not receive the dashboard full battery mileage range, and instead purchased vehicles with a lesser mileage range than projected in their vehicles. This negatively impacted Plaintiffs' and similarly situated consumers' ability to reliably drive their vehicles between charges, causing significant "range anxiety." Plaintiffs relied on the ability to travel between locations based on the mileage range displayed on Tesla's dashboard. The significant drop in mileage projections while driving affected Plaintiffs' ability to drive reliably between destinations and plan travel. Plaintiffs rely on the ability to drive their vehicles based on the battery mileage remaining as displayed on the car dashboard (similar to a gas tank meter reading in a non-electric vehicle) and the vehicle range was a significant factor for Plaintiffs in purchasing and enjoying use of their electric vehicles. Significant drops in vehicle mileage ranges while driving their vehicles limited Plaintiffs' ability to plan trips and enjoy travel between destinations, reducing the value of their vehicles. Tesla's mileage projections do not account for all relevant facts. Instead, Tesla has intentionally programmed its software to provide overly inflated and optimistic mileage range projections.

16. As reported by Reuters on July 27, 2023, Tesla created an internal "Diversion Team" to address Tesla's large number of consumer complaints concerning their vehicles' failure to achieve dashboard meter projected driving range. Tesla employees were instructed to blame the shortfalls in projected mileage on the consumers themselves for their driving habits and to unilaterally cancel scheduled service appointments related to this mileage driving range issue.

17. These unlawful, unfair and deceptive practices occurred systematically and were done with the full knowledge and consent of Defendant.

18. Upon information and belief, the above–mentioned unlawful, unfair and/or fraudulent practices by Defendant with respect its fraudulent dashboard mileage projections were imposed on all

1  consumers who purchased Tesla vehicles from Tesla dealerships in California and/or New York and
2  continues to the present day.

3        19.    Defendant's conduct, as alleged here, caused Plaintiffs, and other Tesla consumers public
4  harm because they were unable to use their vehicles safely and reliably to the projected driving ranges.
5  A vehicle's driving range is a significant factor in the consumer's purchasing decision, and vehicle
6  charging capacity must be reliable, particularly when taking longer trips and planning distance between
7  charging stations. Plaintiffs and other consumers are unable to reliably predict the amount of time
8  required to complete a trip due to more charging being required to reach their destinations.  Plaintiffs
9  and similarly situated consumers were – and continue to be – harmed by Tesla's failure to accurately
10 display the mileage range projections.

11       20.    Plaintiffs bring this suit on behalf of themselves and the general public who have
12 purchased a Tesla vehicle during the relevant time period. Plaintiffs bring this action for public
13 injunctive relief and do not assert a class action. *See McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 958.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
(Violation of California's Unfair Competition Law,
Bus. & Prof. Code § 17200 and § 17203)
**(By California Plaintiffs Corona and Jackson Newman Against Defendant)**

21.    Plaintiffs Corona and Jackson Newman re–allege and incorporate all preceding paragraphs as if fully set forth herein.

22.    Defendant is a "person" as that term is defined under Cal. Bus. and Prof. Code §17201.

23.    § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair and/or fraudulent business practices.

24.    Through the actions alleged herein, Defendant has engaged in unlawful, unfair and/or fraudulent conduct within the meaning of the UCL.

25.    Defendant has engaged in unlawful practices by intentionally inflating dashboard readings for the mileage its consumers would receive on their Tesla vehicles.  Under California law, Telsla gives an implied warranty that its vehicles are fit to be used as represented by its onboard performance instruments, including its in-dash range meters, and this warranty has been breached by

Tesla through the above-described conduct and omissions. The misrepresentation caused Plaintiffs and consumers harm in the form of range anxiety (fear of running out of electric charge), resulting in inability to plan trips and predict distances between charging stations, and Plaintiffs and consumers not obtaining full use, enjoyment and value for their vehicles. Tesla's conduct is also both deceptive and unfair.

26. Additionally, as reported, Defendant has worked to quash and divert consumer complaints and service appointment requests for this mileage driving range issue so as to cover up and conceal its conduct.

27. An unlawful business activity includes "anything that can properly be called a business practice and that at the same time is forbidden by law." *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972). To meet the "unlawful" prong, the person suing under Section 172000 "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994). "Virtually any statute or regulation (federal or state) can serve as a predicate for a UCL unlawful practice cause of action." *Guitierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1265 (2018).

28. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

29. Tesla's conduct is in addition immoral, unethical, oppressive, and unscrupulous, and thereby constitutes unfair and unlawful business practices in violation of California Business and Professions Code § 17200 et seq.

30. Plaintiffs and similarly situated members of the general public seek to prohibit Tesla from engaging in any of the above described unfair, unlawful and/or fraudulent business practices in the future.

31. Plaintiffs have standing to assert this claim because they have suffered and/or will suffer an injury in fact in use of their vehicles and have lost and/or will lose money and value of their vehicles as a result of Defendant's conduct.

32. Business and Professions Code Section 17203 states, in part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

33. Pursuant to Section 17203, Plaintiffs Corona and Jackson Newman seek a public injunction prohibiting Defendant from projecting on its in dash range meters intentionally inaccurate mileage readings for their vehicles and enjoining future violations.

34. Plaintiffs and other similarly situated members of the general public have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair, unlawful and/or fraudulent business practices of Tesla. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs and other similarly situated members of the general public have suffered and will continue to suffer irreparable harm unless Tesla is restrained from continuing to engage in these unfair and unlawful business practices.

35. Plaintiffs Corona and Jackson Newman have assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of themselves and other similarly situated members of the general public who purchased a Tesla vehicle from Defendant in California. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest, and an award of injunctive relief would confer a significant benefit on the public. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs Corona and Jackson Newman request that the court award them reasonable attorneys' fees and costs incurred by them in this action.

///

///

///

**SECOND CAUSE OF ACTION**
**Violation of New York General Business Law § 349**
**(GBL §349, et. seq.)**
**(New York Plaintiff Cabanillas & Associates, P.C. Against Defendant)**

32. Plaintiff Cabanillas & Associates, P.C. ("Cabanillas") repeats and realleges each preceding paragraph of the Complaint as if fully set forth herein.

33. Plaintiff Cabanillas and others similarly situated are "persons" and members of the consuming public within the meaning of GBL §349(h).

34. GBL §349(a) states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

35. Defendant's acts and practices alleged herein took place within New York and constitute acts, uses, or employment of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, and with the subsequent performance, of Defendant in violation of § 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

36. Defendant's conduct is deceptive because it is likely to mislead consumers and the public, including Plaintiff Cabanillas and other similarly situated members of the general public, by making them believe, falsely, that their vehicles would reach longer mileage ranges than were actually possible. Defendant's representations and omissions were materially false and misleading and likely to deceive the consuming public because Defendant knew, or reasonably should have known, and failed to disclose that the vehicles mileage projections were inaccurate.

37. The deceptive acts and practices of Defendant has directly, foreseeably, and proximately caused injury to Plaintiff Cabanillas and other similarly situated purchasers in New York.

38. Plaintiff Cabanillas and others similarly situated have no adequate remedy of law.

39. Plaintiff Cabanillas and other similarly situated members of the general public who purchased Tesla vehicles in New York state are entitled to pursue claims against Defendant for

injunctive relief, costs and attorney's fees pursuant to GBL §349(h) to redress Defendant's violations of GBL §349(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the general public, pray for judgment against Defendant as follows:

A. A judicial declaration that Tesla's conduct is unlawful, unfair and/or fraudulent and an order halting Tesla's further misrepresentation of inflated mileage range in its vehicles, and requiring Tesla to display the real-time mileage range remaining on its vehicles;

B. Costs of suit;

C. Pre- and post-judgment interest;

D. Attorneys' fees pursuant to Code of Civil Procedure §1021.5;

E. Attorneys' fees pursuant to GBL §349(h); and

F. Such other equitable relief as the Court may deem just and proper.

DATED: February 2, 2024					THE MARKHAM LAW FIRM

						By: _____
						David R. Markham
						Lisa Brevard
						*Attorneys for Plaintiffs*